# STATE OF NEW YORK
_____

                                  4970--A

                          2021-2022 Regular Sessions

# IN SENATE

                              February 19, 2021
                                _____

   Introduced by Sens. KAVANAGH, BIAGGI, KENNEDY, LIU, SEPULVEDA -- read
     twice and ordered printed, and when printed to be committed to the
     Committee on Finance -- recommitted to the Committee on Finance in
     accordance with Senate Rule 6, sec. 8 -- committee discharged, bill
     amended, ordered reprinted as amended and recommitted to said commit-
     tee

   AN ACT to amend the executive law, in relation to requiring reporting on
     a seized or recovered gun to the criminal gun clearinghouse; and to
     amend the general business law and the penal law, in relation to
     preventing the unlawful sale of firearms, rifles, and shotguns to
     individuals with a criminal record

     **The People of the State of New York, represented in Senate and Assem-
     bly, do enact as follows:**

 1     Section 1. Subdivisions 4 and 5 of section 230 of the executive law,
 2   as added by chapter 189 of the laws of 2000, are amended and three new
 3   subdivisions 7, 8 and 9 are added to read as follows:
 4     4. The superintendent of the division of state police shall establish
 5   and maintain within the division a criminal gun clearinghouse as a
 6   central repository of information regarding all guns seized, forfeited,
 7   found or otherwise coming into the possession of any state or local law
 8   enforcement agency which are believed to have been used in the commis-
 9   sion of a crime. The superintendent of the division of state police
10   shall adopt and promulgate regulations prescribing reporting procedures
11   for such state or local law enforcement agencies, including the form for
12   reporting such information. In addition to any other information which
13   the superintendent of the division of state police may require, the form
14   shall require (a) the serial number or other identifying information on
15   the gun, if available and (b) a brief description of the circumstances
16   under which the gun came into the possession of the law enforcement
17   agency, including the crime which was or may have been committed with
18   the gun. **Whenever a state or local law enforcement agency seizes or**

      EXPLANATION--Matter in **_italics_** (underscored) is new; matter in brackets
                           [-] is old law to be omitted.
                                                                 LBD02111-02-2

recovers a gun that was unlawfully possessed, recovered from a crime scene, or is reasonably believed to have been used in or associated with the commission of a crime or is otherwise recovered as an abandoned or discarded gun, the agency shall report such seized or recovered gun to the criminal gun clearinghouse as soon as practicable, but in no case more than twenty-four hours after the agency has taken possession of such gun. Every report made to the criminal gun clearinghouse will result in the prompt submission of a request to the national tracing center of the bureau of alcohol, tobacco, firearms and explosives to trace the movement of the subject gun and such federal agency will be requested to provide the results of such a trace to the superintendent of the division of state police and to the law enforcement agency that submitted the clearinghouse report.

  5. [In any case where a state or local law enforcement agency investi-gates the commission of a crime in this state and a specific gun is known to have been used in such crime, such agency shall submit a request to the national tracing center of the United States Department of Treasury, bureau of alcohol, tobacco and firearms to trace the movement of such gun and such federal agency shall be requested to provide the superintendent of the division of state police and the local law enforcement agency with the results of such a trace. This subdivision shall not apply where the source of a gun is already known to a local law enforcement agency.] All state and local law enforcement agencies shall participate in the bureau of alcohol, tobacco, firearms and explosives collective data sharing program for the purpose of sharing gun trace reports among all law enforcement agencies in the state on a reciprocal basis.

  7. (a) Whenever a state or local law enforcement agency seizes or recovers a gun that was unlawfully possessed, recovered from the scene of a crime, or is reasonably believed to have been used or associated with the commission of a crime, or is recovered by the agency as an abandoned or discarded gun, the agency shall arrange for every such gun that is determined to be suitable for test-firing and of a type that is eligible for national integrated ballistic information network data entry and correlation to be test-fired as soon as practicable, and the results of that test-firing shall be submitted forthwith to the national integrated ballistic information network to determine whether the gun is associated or related to a crime, criminal event, or any individual associated or related to a crime or criminal event or reasonably believed to be associated or related to a crime or criminal event.

  (b) Whenever a state or local law enforcement agency recovers any ammunition cartridge case that is of a type that is eligible for national integrated ballistic information network data entry and correlation at a crime scene, or has reason to believe that such recovered ammunition cartridge case is related to or associated with the commission of a crime or the unlawful discharge of a gun, the agency shall, as soon as practicable, arrange for the ballistics information to be submitted to the national integrated ballistic information network.

  8. Whenever a state or local law enforcement agency seizes or recovers any gun, the agency shall promptly enter the make, model, caliber, and serial number of the gun into the national crime information center (NCIC) system to determine whether the gun was reported stolen.

  9. The superintendent may adopt rules and regulations to effectuate the provisions of this section.

  § 2. The general business law is amended by adding a new article 39-BB to read as follows:

                        ARTICLE 39-BB
             PREVENTING THE UNLAWFUL SALE OF FIREARMS,
       RIFLES, AND SHOTGUNS TO INDIVIDUALS WITH A CRIMINAL RECORD
Section 875-a. Definitions.
        875-b. Security.
        875-c. Access to firearms, rifles, and shotguns.
        875-d. Location of firearm, rifle, and shotgun sales.
        875-e. Employee training.
        875-f. Maintenance of records.
        875-g. Internal compliance, certification, and reporting.
        875-h. Rules and regulations.
        875-i. Violations.
  § 875-a. Definitions. For the purposes of this article:
  1. "Dealer" means a gunsmith or dealers in firearms licensed pursuant to section 400.00 of the penal law.
  2. "Dispose of" or "disposition of" means to give, give away, lease, lend, keep for sale, offer, offer for sale, sell, or transfer.
  3. "Firearm" has the same meaning as that term is defined in subdivision three of section 265.00 of the penal law.
  4. "Rifle" has the same meaning as that term is defined in subdivision eleven of section 265.00 of the penal law.
  5. "Shotgun" has the same meaning as that term is defined in subdivision twelve of section 265.00 of the penal law.
  6. "Straw purchase" means the purchase, or attempt to purchase, by a person of a firearm, rifle, shotgun or ammunition for, on behalf of, or for the use of another person known or unknown. The term shall not include a bona fide gift to a person who is not prohibited from possessing or receiving such a firearm. For purposes of this subdivision, a gift to a person shall not be a bona fide gift if the person has offered or given the purchaser a service or thing of value to acquire the firearm for the person.
  7. "Superintendent" means the superintendent of state police.
  § 875-b. Security. 1. Every dealer shall implement a security plan for securing firearms, rifles and shotguns, including firearms, rifles and shotguns in shipment. The plan shall satisfy at least the following requirements:
  (a) all firearms, rifles and shotguns shall be secured, other than during business hours, in a locked fireproof safe or vault on the dealer's business premises or in a secured and locked area on the dealer's business premises; and
  (b) ammunition shall be stored separately from firearms, rifles and shotguns and out of reach of customers.
  2. The dealer's business premises shall be secured by a security alarm system that is installed and maintained by a security alarm operator properly licensed pursuant to article six-D of this chapter. Standards for such security alarm systems shall be established by the superintendent in regulation. Such security alarm systems may be developed by a federal or state agency, a not-for-profit organization, or another entity specializing in security alarm standards approved by the superintendent for the purposes of this act. The security alarm system shall be capable of being monitored by a central station, and shall provide, at a minimum, complete protection and monitoring for all accessible openings, and partial motion and sound detection at certain other areas of the premises. The dealer location shall additionally be equipped with a video recording device at each point of sale and each entrance and exit to the premises, which shall be recorded from both the indoor

and outdoor vantage point and shall maintain such recordings for a period of not less than two years.

§ 875-c. Access to firearms, rifles, and shotguns. Every retail dealer shall exclude all persons under eighteen years of age from those portions of its premises where firearms, rifles, shotguns, or ammunition are stocked or sold, unless such person is accompanied by a parent or guardian.

§ 875-d. Location of firearm, rifle, and shotgun sales. Every dealer shall sell or otherwise dispose of firearms, rifles, and shotguns only at the location listed on the dealer's federal firearms license or at gun shows.

§ 875-e. Employee training. 1. Every dealer shall provide the training developed by the superintendent pursuant to subdivision two of this section to all new employees within thirty days of employment, to all existing employees within ninety days of the effective date of this section, and to all employees annually thereafter.

2. The superintendent shall develop and make available to each dealer, a training course in the conduct of firearm, rifle, and shotgun transfers including at a minimum the following:

(a) Federal and state laws governing firearm, rifle, and shotgun transfers.

(b) How to recognize, identify, respond, and report straw purchases, illegal purchases, and fraudulent activity.

(c) How to recognize, identify, respond, and report an individual who intends to use a firearm, rifle, or shotgun for unlawful purposes, including self-harm.

(d) How to prevent, respond, and report theft or burglary of firearms, rifles, shotguns, and ammunition.

(e) How to educate customers on rules of gun safety, including but not limited to the safe handling and storage of firearms, rifles, shotguns and ammunition.

(f) Such other topics the superintendent deems necessary and appropriate.

3. No employee or agent of any retail dealer shall participate in the sale or disposition of firearms, rifles, or shotguns unless such person is at least twenty-one years of age and has first received the training required by this section. The superintendent shall promulgate regulations setting forth minimum requirements for the maintenance of records of such training.

§ 875-f. Maintenance of records. Every dealer shall establish and maintain a book, or if the dealer should choose, an electronic-based record of purchase, sale, inventory, and other records at the dealer's place of business in such form and for such period as the superintendent shall require, and shall submit a copy of such records to the New York state police every April and October. Such records shall at a minimum include the following:

1. the make, model, caliber or gauge, manufacturer's name, and serial number of all firearms, rifles and shotguns that are acquired or disposed of not later than one business day after their acquisition or disposition. Monthly backups of these records kept in a book shall be maintained in a secure container designed to prevent loss by fire, theft, or flood. If the dealer chooses to maintain an electronic-based record system, those records shall be backed up on an external server or over the internet at the close of each business day;

 1  **2. all firearms, rifles and shotguns acquired but not yet disposed of**
 2  **shall be accounted for through an inventory check prepared once each**
 3  **month and maintained in a secure location;**
 4  **3. firearm, rifle and shotgun disposition information, including the**
 5  **serial numbers of firearms, rifles and shotguns sold, dates of sale, and**
 6  **identity of purchasers, shall be maintained and made available at any**
 7  **time to government law enforcement agencies and to the manufacturer of**
 8  **the weapon or its designee; and**
 9  **4. every dealer shall maintain records of criminal firearm, rifle and**
10  **shotgun traces initiated by the federal bureau of alcohol, tobacco,**
11  **firearms and explosives ("ATF"). All ATF Form 4473 transaction records**
12  **shall be retained on the dealer's business premises in a secure contain-**
13  **er designed to prevent loss by fire, theft, or flood.**
14  **§ 875-g. Internal compliance, certification, and reporting. 1. Every**
15  **dealer shall:**
16  **(a) implement and maintain sufficient internal compliance procedures**
17  **to ensure compliance with the requirements of this article; and**
18  **(b) annually certify to the superintendent that such dealer has**
19  **complied with all of the requirements of this article. The superinten-**
20  **dent shall by regulation determine the form and content of such annual**
21  **certification.**
22  **2. (a) The superintendent shall promulgate regulations requiring peri-**
23  **odic inspections of not less than one inspection of every dealer every**
24  **three years, during regular and usual business hours, by the division of**
25  **state police of the premises of every dealer to determine compliance by**
26  **such dealer with the requirements of this article. Every dealer shall**
27  **provide the division of state police with full access to such dealer's**
28  **premises for such inspections.**
29  **(b) The superintendent shall prepare an annual report providing infor-**
30  **mation on the number of dealers inspected annually, the number of deal-**
31  **ers in compliance with the requirements of this article, the number of**
32  **dealers failing to comply with the requirements of this article, and**
33  **other information that the superintendent deems necessary and appropri-**
34  **ate. The first report shall be delivered to the governor, the majority**
35  **leader of the senate and the speaker of the assembly, and shall be made**
36  **available to the public on the division of state police website, on or**
37  **before January first, two thousand twenty-four and annually thereafter.**
38  **§ 875-h. Rules and regulations. The superintendent may promulgate such**
39  **additional rules and regulations as the superintendent shall deem neces-**
40  **sary to prevent firearms, rifles, and shotguns from being diverted from**
41  **the legal stream of commerce.**
42  **§ 875-i. Violations. Any person, firm, or corporation who knowingly**
43  **violates any provision of this article shall be guilty of a class A**
44  **misdemeanor punishable as provided for in the penal law.**
45    § 3. Subdivisions 11 and 12 of section 400.00 of the penal law, subdi-
46  vision 11 as amended by chapter 1 of the laws of 2013 and subdivision 12
47  as amended by chapter 129 of the laws of 2019, are amended to read as
48  follows:
49    11. License: revocation and suspension. (a) The conviction of a licen-
50  see anywhere of a felony or serious offense or a licensee at any time
51  becoming ineligible to obtain a license under this section shall operate
52  as a revocation of the license. A license may be revoked or suspended as
53  provided for in section 530.14 of the criminal procedure law or section
54  eight hundred forty-two-a of the family court act. Except for a license
55  issued pursuant to section 400.01 of this article, a license may be
56  revoked and cancelled at any time in the city of New York, and in the

counties of Nassau and Suffolk, by the licensing officer, and elsewhere than in the city of New York by any judge or justice of a court of record; a license issued pursuant to section 400.01 of this article may be revoked and cancelled at any time by the licensing officer or any judge or justice of a court of record. **A license to engage in the business of dealer may be revoked or suspended for any violation of the provisions of article thirty-nine-BB of the general business law.** The official revoking a license shall give written notice thereof without unnecessary delay to the executive department, division of state police, Albany, and shall also notify immediately the duly constituted police authorities of the locality.

 (b) Whenever the director of community services or his or her designee makes a report pursuant to section 9.46 of the mental hygiene law, the division of criminal justice services shall convey such information, whenever it determines that the person named in the report possesses a license issued pursuant to this section, to the appropriate licensing official, who shall issue an order suspending or revoking such license.

 (c) In any instance in which a person's license is suspended or revoked under paragraph (a) or (b) of this subdivision, such person shall surrender such license to the appropriate licensing official and any and all firearms, rifles, or shotguns owned or possessed by such person shall be surrendered to an appropriate law enforcement agency as provided in subparagraph (f) of paragraph one of subdivision a of section 265.20 of this chapter. In the event such license, firearm, shotgun, or rifle is not surrendered, such items shall be removed and declared a nuisance and any police officer or peace officer acting pursuant to his or her special duties is authorized to remove any and all such weapons.

 12. Records required of gunsmiths and dealers in firearms. [~~Any~~] **In addition to the requirements set forth in article thirty-nine-BB of the general business law, any** person licensed as gunsmith or dealer in firearms shall keep a record book approved as to form, except in the city of New York, by the superintendent of state police. In the record book shall be entered at the time of every transaction involving a firearm the date, name, age, occupation and residence of any person from whom a firearm is received or to whom a firearm is delivered, and the calibre, make, model, manufacturer's name and serial number, or if none, any other distinguishing number or identification mark on such firearm. Before delivering a firearm to any person, the licensee shall require him to produce either a license valid under this section to carry or possess the same, or proof of lawful authority as an exempt person pursuant to section 265.20 of this chapter and either (a) the National Instant Criminal Background Check System (NICS) or its successor has issued a "proceed" response to the licensee, or (b) thirty calendar days have elapsed since the date the licensee contacted NICS to initiate a national instant criminal background check and NICS has not notified the licensee that the transfer of the firearm to such person should be denied. In addition, before delivering a firearm to a peace officer, the licensee shall verify that person's status as a peace officer with the division of state police. After completing the foregoing, the licensee shall remove and retain the attached coupon and enter in the record book the date of such license, number, if any, and name of the licensing officer, in the case of the holder of a license to carry or possess, or the shield or other number, if any, assignment and department, unit or agency, in the case of an exempt person. The original transaction report shall be forwarded to the division of state police within ten days of

```
 1  delivering a firearm to any person, and a duplicate copy shall  be  kept
 2  by  the  licensee. The superintendent of state police may designate that
 3  such record shall be completed and transmitted  in  electronic  form.  A
 4  dealer  may  be granted a waiver from transmitting such records in elec-
 5  tronic form if the superintendent determines that such dealer is incapa-
 6  ble of such transmission due to technological limitations that  are  not
 7  reasonably  within  the  control  of  the  dealer,  or other exceptional
 8  circumstances demonstrated by the dealer, pursuant to a  process  estab-
 9  lished  in  regulation,  and  at  the  discretion of the superintendent.
10  Records assembled or collected for purposes of inclusion in the database
11  created pursuant to section 400.02 of this article shall not be  subject
12  to  disclosure  pursuant  to article six of the public officers law. The
13  record book shall be maintained on the premises mentioned and  described
14  in  the license and shall be open at all reasonable hours for inspection
15  by any peace officer, acting pursuant to his special duties,  or  police
16  officer.  In  the event of cancellation or revocation of the license for
17  gunsmith or dealer in firearms,  or  discontinuance  of  business  by  a
18  licensee,  such  record  book  shall  be  immediately surrendered to the
19  licensing officer in the city of New York, and in the counties of Nassau
20  and Suffolk, and elsewhere in the state  to  the  executive  department,
21  division of state police.
22    § 4. Severability. If any clause, sentence, paragraph, section or part
23  of  this act shall be adjudged by any court of competent jurisdiction to
24  be invalid, such judgment shall not affect,  impair  or  invalidate  the
25  remainder thereof, but shall be confined in its operation to the clause,
26  sentence,  paragraph,  section  or part thereof directly involved in the
27  controversy in which such judgment shall have been rendered.
28    § 5. This act shall take effect on the one hundred eightieth day after
29  it shall have become a law. Effective immediately, the addition,  amend-
30  ment and/or repeal of any rule or regulation necessary for the implemen-
31  tation  of  this act on its effective date are authorized to be made and
32  completed on or before such effective date.
```