IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

**Nadine Gazzola**, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**Seth Gazzola**, individually, and as co-owner, Vice President, and as BATFE FFL Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**John A. Hanusik**, individually, and as owner and as BATFE FFL Responsible Person for d/b/a "**AGA Sales**";

**Jim Ingerick**, individually, and as owner and as BATFE FFL Responsible Person for **Ingerick's, LLC,** d/b/a "**Avon Gun & Hunting Supply**";

**Christopher Martello**, individually, and as owner and as BATFE FFL Responsible Person for **Performance Paintball, Inc.**, d/b/a "**Ikkin Arms**,";

**Michael Mastrogiovanni**, individually, and as owner and as BATFE FFL Responsible Person for "**Spur Shooters Supply**";

**Robert Owens**, individually, and as owner and as BATFE FFL Responsible Person for "**Thousand Islands Armory**";

**Craig Serafini**, individually, and as owner and as BATFE FFL Responsible Person for **Upstate Guns and Ammo, LLC**; and,

**Nick Affronti**, individually, and as BATFE FFL Responsible Person for "East Side Traders LLC"; and,

**Empire State Arms Collectors, Inc.**;

    **Plaintiffs**

   *v.*

**KATHLEEN HOCHUL**, in her Official Capacity as Governor of the State of New York;

Civ. No.:  1:22-cv-1134 (GTS/CFH)

Hon. _____

Notice of Related Cases – 1
*Zero Tolerance v. Hochul*

**STEVEN A. NIGRELLI**, in his Official Capacity as the Acting Superintendent of the New York State Police;

**ROSSANA ROSADO**, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and,

**LETICIA JAMES**, in her Official Capacity as the Attorney General of the State of New York,

    **Defendants**

## NOTICE OF RELATED CASES

1. Application is made to the District Court requesting that the case of *Zero Tolerance Manufacturing v. Hochul* be assigned to the Hon. Glenn T. Suddaby because it is related to the sequential civil cases of *Antonyuk v. Bruen*, N.D.N.Y., case 21-cv-734 *("Antonyuk I") (closed)* and *Antonyuk v. Nigrelli,* N.D.N.Y., case 22-cv-986 *("Antonyuk II,"* also pending to the Second Circuit Court of Appeals under case 22-2379), for the following reasons:

   - the similarity of Defendants, of Bills and new statutes challenged;

   - the factual allegations of the process through which the Bills were passed;

   - how the Defendants have and have not fulfilled their legal responsibilities under those new laws in a timely and substantive manner;

   - who is impacted by those statutes;

   - inter-connected and related statutes and interpretations of the same within the same Bills;

- the theories of law to defeat these new laws, including 18 U.S.C. 1983 and 1988, the Second Amendment, Fifth Amendment, and Fourteenth Amendment, as well as the Pre-Emption Clause and Void-for-Vagueness Claims under the Due Process Clause; and,

- the jurisdiction of the United States Supreme Court under *NYSRPA v. Bruen,* 597 U.S. \_\_\_\_\_ (June 23, 2022) for the determination of the Civil Rights of State citizens and for the limitations of State authority to defeat duly-conferred Federal Civil Rights.

2. Some of the questions posed by Judge Suddaby during oral argument, hearing, and ruling in these cases may be answered by this new filing. Judge Suddaby's Decision of August 31, 2022 was the terminal ruling in the case, leaving unanswered questions.

3. For example, see Decision and Order (Suddaby, J., August 31, 2022), pp. 66-67 case doc. no. 48], "Although Plaintiffs could certainly prevail on their excessive-training-hours claim at trial, they have not persuaded the Court that they possess a strong likelihood of success on it based on (1) the sparse evidence adduced on the subject…" The same is true with regard to Plaintiffs' excessive-fees claim…"

4. See, also, Judge Suddaby's foreshadowing of numerous of the claims presented in *Zero Tolerance Manufacturing v. Hochul,* through his reliance on *NYSRPA,* n. 9 (cited to on the same page of his Decision) that "…any permitting scheme can be put toward abusive ends…for example, lengthy wait times in processing license applications or exorbitant fees [that] deny ordinary citizens their right to public carry."

5. Likewise, *Zero Tolerance Manufacturing v. Hochul* demonstrates, for example, the "…logical impossibility for the *entire* population of new license applicants to carry a firearm, as New York State has done," (*Id.,* p. 61) in the context of the non-existent new mandatory

semi-automatic rifle license, and the training non-availability for new concealed carry permits and renewal of such permits, alike, such claims also involving the down-stream impact that the firearms dealer is now unable to sell a semi-automatic rifle after September 1, 2022 and is suspect to sell a semi-automatic rifle or handgun to any customer presenting a licensed dated on or after September 1, 2022.

6. Counsel is familiar with the proceedings of *Antonyuk I* and *Antonyuk II,* having contemporaneously read most of the record of the cases, both at the District Court and Second Circuit levels, excepting transcripts as yet not made public on PACER. Counsel attended (in the audience) the oral arguments in *Antonyuk II* for the September 29, 2022 appearance, anticipating this filing. Counsel continues to follow the pending case and appeal via PACER.

7. This new filing will immediately request a Temporary Restraining Order, sensitive to multiple of the new laws which take effect December 5, 2022. Plaintiffs are requesting immediate relief because of the substantial and possibly irreparable impact of the new laws. Plaintiffs and Counsel believe there would be a judicial efficiency for Judge Suddaby to review this submission, manage the scheduling of and oral arguments and/or hearing concerning, and issue a timely decision.

8. Plaintiffs Michael Mastrogiovanni and Robert Owens submit as residents of and business owners in Onondaga and Jefferson Counties, which are in the Syracuse Civil Filing Division.

9. Another case under one of the new laws is also pending in the Northern District before Judge Mae D'Agostino, namely, *NYSRPA v. Nigrelli,* 22-cv-907 ("*NYSRPA II*"). Counsel

distinguishes the *Antonyuk I* case is the earliest numbered related case and both the *Antonyuk I* and *Antonyuk II* cases have progressed further. Counsel has also contemporaneously reviewed the record in this case, and continues to follow it via PACER.

10. The *NYSRPA II* case being assigned to Judge Mae D'Agostino, Counsel notes that Judge D'Agostino previously ruled in *National Shooting Sports Foundation v. James,* 21-cv-1348. Counsel is familiar with the Complaint and the Memorandum-Decision and Order [doc. no. 46]. *Zero Tolerance Manufacturing,* while involving Federal Firearms Licensees who conduct lawful commerce in firearms, none of the claims made or ruled upon in *NSSF v. James* are related to the claims being presented.

11. A third, pending case is also on-going in the Northern District, Syracuse Division, before Judge Thomas J. McAvoy, namely, *Bleuer v. Nigrelli,* case 22-cv-1037. This case is, likewise, at an earlier stage than *Antonyuk II*, and concerns claims challenging the "sensitive places" concealed carry restrictions in places of worship. The case of *Zero Tolerance Manufacturing* does not concern this specific claim. I am familiar with this record and continue to monitor it via PACER.

12. There are additional cases of limited, unrelated claims in S.D.N.Y. and W.D.N.Y. In one such case, *Hardaway v. Nigrelli,* case 22-cv-771 (W.D.N.Y., Buffalo Division), a Temporary Restraining Order was issued through Decision and Order by Judge John L. Sinatra, Jr. on October 20, 2022 [doc. no. 35] enjoining Defendants from enforcing all of NY Pen L §265.01e(2)(c) (places of worship or religious observation) and all regulations, policies, and practices implementing it. This case is focused on this one provision, which is

not at issue in *Zero Tolerance Manufacturing v. Hochul*.  I continue to monitor this case through PACER.

13. I have reviewed N.D.N.Y. General Order 12 (dated October 8, 2020) prior to filing this Notice.

14. I am not yet aware of any attorney yet appearing for the Plaintiffs.  As such, I have not been able to confer with any such attorney.

*Respectfully submitted this 1st day of November 2022.*

                          Attorney for the Plaintiffs

                          *Paloma A. Capanna*

                          Paloma A. Capanna, Attorney

                          Bar Roll No.:  2483469
                          106-B Professional Park Drive
                          Beaufort, North Carolina 28516
                          (315) 584-2929 mobile
                          (585) 377-7260
                          pcapanna@yahoo.com