IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

**Nadine Gazzola**, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**Seth Gazzola**, individually, and as co-owner, Vice President, and as BATFE FFL Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**John A. Hanusik**, individually, and as owner and as BATFE FFL Responsible Person for d/b/a "**AGA Sales**";

**Jim Ingerick**, individually, and as owner and as BATFE FFL Responsible Person for **Ingerick's, LLC,** d/b/a "**Avon Gun & Hunting Supply**";

**Christopher Martello**, individually, and as owner and as BATFE FFL Responsible Person for **Performance Paintball, Inc.**, d/b/a "**Ikkin Arms**,";

**Michael Mastrogiovanni**, individually, and as owner and as BATFE FFL Responsible Person for "**Spur Shooters Supply**";

**Robert Owens**, individually, and as owner and as BATFE FFL Responsible Person for "**Thousand Islands Armory**";

**Craig Serafini**, individually, and as owner and as BATFE FFL Responsible Person for **Upstate Guns and Ammo, LLC**; and,

**Nick Affronti**, individually, and as BATFE FFL Responsible Person for "East Side Traders LLC"; and,

**Empire State Arms Collectors, Inc.**;

    Plaintiffs

   *v.*

**KATHLEEN HOCHUL**, in her Official Capacity as Governor of the State of New York;

Civ. No.:  1:22-cv-1134 (BKS/DJS)

**STEVEN A. NIGRELLI**, in his Official Capacity as the Acting Superintendent of the New York State Police;

**ROSSANA ROSADO**, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and,

**LETICIA JAMES**, in her Official Capacity as the Attorney General of the State of New York,

    **Defendants**

---

## PLAINTIFFS' MOTION FOR TEMPORARY RELIEF

**PLEASE TAKE NOTICE** that upon the Plaintiffs' Complaint, Declarations, Exhibits, and Memorandum of Law and upon all prior proceedings, the Plaintiffs, through their Counsel, will move this Court before the Hon. Brenda K. Sannes at a date, time, and manner to be established by the Court at the United States District Court, Northern District of New York (Syracuse, New York), for an Order, as follows:

I.    Pursuant to FRCP Rule 6(c) and Local Rule 7.1(b)(1) and (2), granting an expedited hearing on Plaintiffs' Motion for a Temporary Restraining Order and/or a Preliminary Injunction; *AND,*

II.    Pursuant to FRCP Rule 65(a), for a Temporary Restraining Order and/or Preliminary Injunction enjoining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the temporary restraining order and/or preliminary injunction, be enjoined, effective immediately, from

enforcing all of the following laws (herein "new laws – Group A" as pre-empted by federal law), and any regulations, policies, or practices implementing it, specifically:

1. **NY Gen Bus §875-b** – allowing NY-licensed dealers in firearms to establish individual shipping protocols; *and,*

2. **NY Gen Bus §875-b(2)** – a "security alarm system" to be installed and maintained by a "licensed" third party vendor; *and,*

3. **NY Gen Bus §875-f** – mandatory submission semi-annually of the Book of Acquisitions and Dispositions (herein "A&D Book") to the Defendant NYS Police; *and,*

4. **NY Gen Bus §§875-f(1), (2), (3), and (4)** – records storage requirements with electronic record back-up; *and,*

5. **NY Gen Gus §875-f(2)** – mandatory monthly creation of firearms inventory reconciliation reports for the Defendant NYS Police; *and,*

6. **NY Gen Bus §875-f(3)** – forced access to inventory records "at any time" by "law enforcement agencies and to the manufacturer of the weapon or its designee;" *and,*

7. **NY Gen Bus §875-g(b)(1)** – mandatory submission by NY firearms dealers of an annual certification of compliance to the Defendant NYS Police; *and,*

8. **NY Pen §400.02(2)** – ammunition background checks using the NICS system; *and,*

9. **NY Exec §228** – the transfer of the federal NICS background check to the Defendant NYS Police as the "Point of Contact," creation of a new division within the NYS Police to perform background checks, as a forced intermediary between the FFL and the current, federal NICS background check system; *AND,*

III. Pursuant to FRCP Rule 65(a), for a Temporary Restraining Order and/or Preliminary Injunction enjoining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the temporary restraining order and/or preliminary injunction, be enjoined, effective immediately, from enforcing all of the following laws (herein "new laws – Group B" as unconstitutional under the Second, Fifth, and Fourteenth Amendments), and any regulations, policies, or practices implementing it, specifically:

1. **NY Gen Bus §875-g(b)(1)** – mandatory submission by firearms dealers of an annual certification of compliance to the Defendant NYS Police; *and,*

2. **NY Pen §400.00(1) and §400.00(19), read with NY Exec §837(23)(a) and NY Pen §265.20(3-a)** – requiring standardized, classroom and live-fire course and test for concealed carry handgun permits, using a curriculum from the Defendant NYS Police and DCJS; *and,*

3. **NY Pen §§§400.00(2), 400.00(3) 400.00(6), 400.00(7), 400.00(8), 400.00(9), and 400.00(14), read with NY Pen §§265.65 and 265.66** – restricting the purchase of a semi-automatic rifle without a license (not valid within the city of New York with certain exceptions), in a form approved by the Defendant NYS Police and issued and amended by the county licensing officer; *and,*

4. **NY Pen §§400.02(2)** – requirement of an ammunition background check; *AND,*

IV. Pursuant to FRCP Rule 65(a), for a Temporary Restraining Order and/or Preliminary Injunction enjoining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the temporary restraining order and/or preliminary injunction, be enjoined, effective immediately, from enforcing all of the following laws (herein "new laws – Group C" as unconstitutional

regulatory overburden in violation of the Second and Fourteenth Amendments), and any regulations, policies, or practices implementing it, specifically:

1. **NY Gen Bus §875-b(1)** – the "security plan," including a "safe," "vault," or "secured and locked area on the dealer's business premises" and the separate storage of ammunition; *and,*

2. **NY Gen Bus §875-b(2)** – a "security alarm system," including installation and maintenance by a third party vendor, as well as specified placement of cameras with video recording devices with feed storage; *and,*

3. **NY Gen Bus §875-c** – the prohibition of entry of persons under eighteen years of age without a parent or legal guardian; *and,*

4. **NY Gen Bus §875-e** – mandatory annual employee training and records demonstrating such training; *and,*

5. **NY Gen Bus §875-e(3)** – restriction against employees under the age of twenty-one years; *and,*

6. **NY Gen Bus §875-f(2)** – mandatory monthly creation of firearms inventory reconciliation reports by firearms dealers to the Defendant NYS Police; *and,*

7. **NY Gen Bus §875-g(2)** – periodic inspections with "full access" to dealer premises no less than once every three years; *and,*

8. **NY Pen §270.22, to be read with NY Exec §144-a** – restriction against the sale of body vests, with exempted professions and persons upon declaration by the NYS Police; *and,*

9. **NY Pen §400.03(2)** – mandatory record-keeping requirements for ammunition sales; *AND,*

V. For an order that such Preliminary Injunction remain in effect pending disposition of the case on the merits and that no bond be required from Plaintiffs; *AND,*

VI. *In the event the Court awards a Temporary Restraining Order against all such new laws,* for an order that the Defendants be restrained from issuing any website page, "FAQ" flyer, hand-out/memo, "curriculum," "test," rules, regulations, or other written materials pertaining to said new laws; *OR,*

    A. *In the event the Court is not inclined to grant immediate temporary relief above in whole or in part,* for an order that the Defendants, within ten days (10-days) of an Order of this Court, be compelled to produce all required written materials under the laws complained of herein, on submission to a Special Master, through such process is set forth in the next item for relief; *AND,*

    B. *In the event the Court is not inclined to grant immediate temporary relief above in whole or in part,* pursuant to FRCP Rule 53 an order appointing a Master and for such Master to be paid exclusively by the Defendants, said Master to have specific and limited power to receive all documents claimed by the Defendants to make attempt to fulfill one or more of their statutory obligations under the new laws, which submissions shall not be submitted under seal for review by Counsel and the Parties as a restricted access document into the cm/ecf filing system with 30-day notice to the Plaintiffs for comment and object, a 15-day period for Defendant response, and a 15-day period for Plaintiff Reply, including that the Master may hear from the Attorneys and/or the Parties and receive any such

    documentary evidence as may be appropriate, for the Master to then hear and report to the presiding Judge of whether such materials should be published, all such publications to be done through a single website with written notification to all New York Penal Law §400.00 Licensees; AND,

VII. Such other, further, and different relief as to the Court may be just under the immediate circumstances of this emergency request.

*Respectfully submitted this 8th day of November 2022,*

              Attorney for the Plaintiffs

              *Paloma A. Capanna*
              Paloma A. Capanna, Attorney

              N.D.N.Y. Bar Roll No.: 703996
              106-B Professional Park Drive
              Beaufort, North Carolina 28516
              (315) 584-2929 mobile
              (585) 377-7260
              pcapanna@yahoo.com

## CERTIFICATE OF SERVICE

    In accordance with FRCP 5(b)(1) and FRCP 5(d)(1)(B), I hereby certify that a true and correct copy of the foregoing was served electronically upon Counsel to the Defendants through the court's electronic filing system filing system, upon receipt of the Notices of Appearance of said Counsel.

*Respectfully submitted this _____ day of November 2022,*

                                                                 Attorney for the Plaintiffs

                                                                 _____

                                                                  Paloma A. Capanna, Attorney