# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

---

**Nadine Gazzola**, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**Seth Gazzola**, individually, and as co-owner, Vice President, and as BATFE FFL Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**John A. Hanusik**, individually, and as owner and as BATFE FFL Responsible Person for d/b/a "**AGA Sales**";

**Jim Ingerick**, individually, and as owner and as BATFE FFL Responsible Person for **Ingerick's, LLC,** d/b/a "**Avon Gun & Hunting Supply**";

**Christopher Martello**, individually, and as owner and as BATFE FFL Responsible Person for **Performance Paintball, Inc.**, d/b/a "**Ikkin Arms**,";

**Michael Mastrogiovanni**, individually, and as owner and as BATFE FFL Responsible Person for "**Spur Shooters Supply**";

**Robert Owens**, individually, and as owner and as BATFE FFL Responsible Person for "**Thousand Islands Armory**";

**Craig Serafini**, individually, and as owner and as BATFE FFL Responsible Person for **Upstate Guns and Ammo, LLC**; and,

**Nick Affronti**, individually, and as BATFE FFL Responsible Person for "East Side Traders LLC"; and,

**Empire State Arms Collectors, Inc.**;

    Plaintiffs

   *v.*

**KATHLEEN HOCHUL**, in her Official Capacity as Governor of the State of New York;

**STEVEN A. NIGRELLI**, in his Official Capacity as the Acting Superintendent of the New York State Police;

**Civ. No.: 1:22-cv-1134 (BKS/DJS)**

**ORDER**

**ROSSANA ROSADO**, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and,

**LETICIA JAMES**, in her Official Capacity as the Attorney General of the State of New York,

    **Defendants**

---

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR A PRELIMINARY INJUNCTION

Before the Court is a Motion for Temporary Restraining Order and/or Preliminary Injunction, and for other, alternative relief.

Upon consideration of the Motion, the documents in support and opposition, and all other parts of the record, Plaintiffs' motion for a Temporary Restraining Order is GRANTED.  The Court holds that Plaintiffs are likely to succeed on the merits; Plaintiffs will likely suffer irreparable harm without preliminary injunctive relief; the balance of equities favors the Plaintiffs; and granting a preliminary injunction is in the public interest.  *See, Winter v. NRDC,* 555 U.S. 7, 20 (2008).

It is therefore ORDERED that Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this preliminary injunction, are enjoined, effective immediately, from enforcing any or all of the following laws:

1. **NY Gen Bus §875-b** – allowing NY-licensed dealers in firearms to establish individual shipping protocols; *and,*

2. **NY Gen Bus §875-b(2)** – a "security alarm system" to be installed and maintained by a "licensed" third party vendor; *and,*

3. **NY Gen Bus §875-f** – mandatory submission semi-annually of the Book of Acquisitions and Dispositions (herein "A&D Book") to the Defendant NYS Police; *and,*

4. **NY Gen Bus §§875-f(1), (2), (3), and (4)** – records storage requirements with electronic record back-up; *and,*

5. **NY Gen Gus §875-f(2)** – mandatory monthly creation of firearms inventory reconciliation reports for the Defendant NYS Police; *and,*

6. **NY Gen Bus §875-f(3)** – forced access to inventory records "at any time" by "law enforcement agencies and to the manufacturer of the weapon or its designee;" *and,*

7. **NY Gen Bus §875-g(b)(1)** – mandatory submission by NY firearms dealers of an annual certification of compliance to the Defendant NYS Police; *and,*

8. **NY Pen §400.02(2)** – ammunition background checks using the NICS system; *and,*

9. **NY Exec §228** – the transfer of the federal NICS background check to the Defendant NYS Police as the "Point of Contact," creation of a new division within the NYS Police to perform background checks, as a forced intermediary between the FFL and the current, federal NICS background check system; and,

10. **NY Gen Bus §875-g(b)(1)** – mandatory submission by firearms dealers of an annual certification of compliance to the Defendant NYS Police; *and,*

11. **NY Pen §400.00(1) and §400.00(19), read with NY Exec §837(23)(a) and NY Pen §265.20(3-a)** – requiring standardized, classroom and live-fire course and test for concealed carry handgun permits, using a curriculum from the Defendant NYS Police and DCJS; *and,*

12. **NY Pen §§§400.00(2), 400.00(3) 400.00(6), 400.00(7), 400.00(8), 400.00(9), and 400.00(14), read with NY Pen §§265.65 and 265.66** – restricting the purchase of a semi-automatic rifle without a license (not valid within the city of New York

with certain exceptions), in a form approved by the Defendant NYS Police and issued and amended by the county licensing officer; *and,*

13. **NY Pen §§400.02(2)** – requirement of an ammunition background check; and,

14. **NY Gen Bus §875-b(1)** – the "security plan," including a "safe," "vault," or "secured and locked area on the dealer's business premises" and the separate storage of ammunition; *and,*

15. **NY Gen Bus §875-b(2)** – a "security alarm system," including installation and maintenance by a third party vendor, as well as specified placement of cameras with video recording devices with feed storage; *and,*

16. **NY Gen Bus §875-c** – the prohibition of entry of persons under eighteen years of age without a parent or legal guardian; *and,*

17. **NY Gen Bus §875-e** – mandatory annual employee training and records demonstrating such training; *and,*

18. **NY Gen Bus §875-e(3)** – restriction against employees under the age of twenty-one years; *and,*

19. **NY Gen Bus §875-f(2)** – mandatory monthly creation of firearms inventory reconciliation reports by firearms dealers to the Defendant NYS Police; *and,*

20. **NY Gen Bus §875-g(2)** – periodic inspections with "full access" to dealer premises no less than once every three years; *and,*

21. **NY Pen §270.22, to be read with NY Exec §144-a** – restriction against the sale of body vests, with exempted professions and persons upon declaration by the NYS Police; *and,*

22. **NY Pen §400.03(2)** – mandatory record-keeping requirements for ammunition sales; *AND,*

It is further **ORDERED** that Counsel are to appear before the Court on November _____, 2022 at _____ o'clock in the _____ noon for purposes of _____; *and,*

It is further **ORDERED** that Defendants' opposition papers on the preliminary injunction application, if any, are due November _____, 2022 at 12:00 p.m.  Reply papers of the Plaintiffs, if any are due by November _____, 2022, at 12:00 p.m.  The Parties shall appear for a hearing on the Plaintiffs' request for a preliminary injunction on November _____, 2022, at _____ a.m./p.m. in the James M. Hanley Federal Building & U.S. Courthouse, 100 South Clinton Street, Syracuse, New York; *and,*

It is further **ORDERED** that no bond shall be required.

Dated: November _____, 2022
Syracuse, New York

_____
Hon. Brenda K. Sannes