G:\M\17\TENNEY\TENNEY_118.XML

..................................................................
(Original Signature of Member)

117TH CONGRESS
2D SESSION

# H. RES. ____

Expressing the sense of the House of Representatives that New York State's Concealed Carry Improvement Act is unconstitutional.

## IN THE HOUSE OF REPRESENTATIVES

Ms. TENNEY submitted the following resolution; which was referred to the Committee on _____

# RESOLUTION

Expressing the sense of the House of Representatives that New York State's Concealed Carry Improvement Act is unconstitutional.

Whereas the Second Amendment to the Constitution of the United States guarantees the right of Americans to keep and bear arms;

Whereas the Supreme Court of the United States ruled in *McDonald* v. *City of Chicago* that "the right to keep and bear arms [is] among those fundamental rights necessary to our system of ordered liberty";

Whereas the Supreme Court of the United States ruled in *NYSRPA* v. *Bruen* that New York State's Sullivan law is

G:\M\17\TENNEY\TENNEY_118.XML

2

unconstitutional and the Second Amendment cannot be subject to a balancing test;

Whereas the Supreme Court of the United States ruled that the Second Amendment does not distinguish between the right to keep and bear arms in one's home and in public;

Whereas the Supreme Court of the United States in *District of Columbia* v. *Heller* ruled that the Government cannot declare somewhere a "sensitive place" simply because it is crowded and generally protected by the police;

Whereas New York State has passed the Concealed Carry Improvement Act (CCIA) to unconstitutionally restrict the ability to keep and bear arms;

Whereas the CCIA abuses the ability of the State to declare certain locations as "sensitive places" where concealed carry is not permitted;

Whereas the CCIA declares "Times Square", all demonstrations and gatherings, and public sidewalks during "special event[s]" to be "sensitive places", contradicting the precedent of the Supreme Court of the United States;

Whereas the CCIA violates private property rights by automatically declaring all private property to be a "sensitive place";

Whereas the CCIA requires concealed carry license applicants to provide 3 years of social media posts to licensing officers to review their "character and conduct";

Whereas this social media review uses overly broad language that could violate concealed carry license applicants' First and Fourth Amendment rights and be used to target individuals based on their political opinions;

G:\M\17\TENNEY\TENNEY_118.XML

3

Whereas the CCIA fails to comply with the doctrine of *NYSRPA* v. *Bruen* that gun laws must be rooted in the "history, text, and tradition" of the country;

Whereas Judge Glenn Suddaby, a judge for the United States District Court for the Northern District of New York, ruled in *Antonyuk* v. *Bruen* that the key provisions of the CCIA are unconstitutional;

Whereas plaintiffs in *Antonyuk* v. *Bruen* found that to feign compliance with the *NYSRPA* v. *Bruen* ruling, New York State used laws that demonstrate an invidiously discriminatory animus towards religion, national origin, and race, including slave codes, as historical analogues;

Whereas Judge Glenn Suddaby also granted a Temporary Restraining Order in the subsequent case *Antonyuk* v. *Hochul* to protect New Yorkers from a wide swath of the State's unconstitutionally enacted Second Amendment infringement; and

Whereas there have now been multiple New Yorkers suing the State of New York over the CCIA to protect their constitutional rights: Now, therefore, be it

1  *Resolved,* That it is the sense of the House of Rep-
2  resentatives that—
3      (1) New York State's Concealed Carry Improve-
4  ment Act violates the rights of New Yorkers under
5  the Second Amendment to the Constitution of the
6  United States and is unconstitutional;
7      (2) the courts should immediately strike down
8  the Concealed Carry Improvement Act as unconsti-
9  tutional; and

G:\M\17\TENNEY\TENNEY_118.XML

4

(3) all States should pass legislation supporting Second Amendment rights instead of trying to restrict or undermine Americans' constitutional rights.