*Paloma A. Capanna*

*Attorney & Policy Analyst*

106-B Professional Park Drive                                          P. O. Box 95
Beaufort, North Carolina 28516                       Keene Valley, New York 12943
(585) 377-7260
(315) 584-2929 mobile

*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,*
*2d & 4th Cir., U.S. Supreme Court*

November 16, 2022


Hon. Brenda K. Sannes
United States District Court
Northern District of New York
100 South Clinton Street                          *via CM/ECF*
Syracuse, New York 13261

Re:   *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
       Case No. 1:22-cv-1134 (BKS/DJS)


To the Hon. Brenda K. Sannes:

This letter communicates my preference to use an enlarged chart during oral arguments, as enclosed.  I communicated the same to Ms. Cowan and Mr. Mulvaney on November 28, 2022 with a copy of the chart, but received an objection that it would add to the Record.  I did communicate my perspective that it summarized our case.  I do a fair amount of public speaking and find, including in courtrooms, that a simple visual aid assists comprehension once there are more than a handful of variables.  The schemata is a reflection of the Record, nothing more.

As I also wrote to Counsel, I reviewed slowly over the weekend and concur with Ms. Cowan's answering document that (1.) I had a persistent typographical error in one statute provision (that my NY Gen Bus §875-g(b)(1) should be §875-g(1)(b)).  I also concur that (2.) there is a duplicate listing of that statute in the Motion Group B (need only be Group A).  The additional housekeeping are: (3.) Complaint [Dkt. 1, start at p. 15] should include Group A's NY Gen Bus §875-b against changes in shipping protocols; and, (4.) Motion [Dkt. 13, start at p. 2] should include Group C's NY Gen Bus §875-h against such additional rules and regulations.  The substance of all documents consistently speaks to the entirety of the statutes challenged.

Does the Court wish to advise or inform on the question of using a chart during oral arguments?

Respectfully submitted,

*Paloma A. Capanna*

Paloma A. Capanna


c.:  Aimee Cowan, Esq., NYS Office of the Attorney General (**via CM/ECF**)
     Timothy Mulvaney, Esq., NYS Office of the Attorney General (**via CM/ECF**)

**Schemata of Case – Gazzola v. Hochul**

| Defendants §1983 §1985(3) | |
|---|---|
| Bill S.9407-B (eff. June 30, 2022) | |
| Bill S.458 (eff. August 30, 2022) | |
| Bill S.4970-A (eff., generally June 30, 2022) | |
| Bill S.51001 (eff., generally, September 1, 2022) | |

| | Lead as FFL — GROUP A | Lead as individuals, as business owners, as FFLs — GROUP B | Lead as business owner, as FFL, as individual — GROUP C | "To Keep" - only civil right dependent upon an object - essential industry to fundamental right |
|---|---|---|---|---|
| | Gen Bus §875-b – shipping | Pen §400.00(1) and §400.00(19), read with Exec §837(23)(a) and Pen §265.20(3-a) – standardized curriculum, testing by NYSP/DCJS* | Gen Bus §875-b(1) – "security plan" | |
| | Gen Bus §875-b(2) – third party vendor for "security alarm system" | | Gen Bus §875-b(2) – "security alarm system" with third party vendor, camera placement, video recording with feed storage | |
| | Gen Bus §875-f – A&D record transfer | Pen §400.00(2), (3), (6), (7)-(9), (14), read with Pen §265.65 and §265.66 – SAR license* | Gen Bus §875-c – prohibition entry persons under 18 w/o parent/legal guardian* | |
| | Gen Bus §875-f(1)-(4) – record storage | Pen §400.02(2) – ammunition background check* | Gen Bus §875-e – employee training by NYSP + records | |
| | Gen Bus §875-f(3) – forced access to inventory records by NYSP/3P/Manu | | Gen Bus §875-e(3) – no employees under 21 years* | |
| | Gen Bus §875-g(1)(b) – annual compliance certificate** | | Gen Bus §875-f(2) – monthly reports to NYSP | |
| | Pen §400.02(2) – ammunition background check using NICS | | Gen Bus §875-g(2) – "full access" to dealer premises by NYSP | |
| | Exec §228 – transfer NICS to NYSP | | Gen Bus §875-h – such additional | |
| | | | Pen §270.22, read with Exec §144-a – body vest sale restriction (exemptions) | |
| | | | Pen §400.03(2) – ammunition sale records | |
| **Defendants §1983 §1985(3)** | • Federal pre-emption (black letter) | • *2A & 14A, *NYSRPA v. Bruen* | • 5A & 14A Void-for-Vagueness | |
| | • Federal pre-emption (spirit of) | • 5A & 14A Void-for-Vagueness | • Constitutional regulatory overburden, 2A & 14A | |
| | • Else, analyze with Group C | | • *2A & 14A, *NYSRPA v. Bruen* | |
| | • **5A | | | |