# Paloma A. Capanna
## Attorney & Policy Analyst

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 95 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (585) 377-7260 | |
| (315) 584-2929 mobile | |

*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,
2d & 4th Cir., U.S. Supreme Court*

---

February 27, 2023

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
100 South Clinton Street                         *via CM/ECF*
Syracuse, New York 13261


Re:     *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
        Case No. 1:22-cv-1134 (BKS/DJS)
        2d Cir Case No. 22-3068
        SCOTUS Case No. 22-622


To the Hon. Brenda K. Sannes:

      Please accept this letter motion to stay proceedings at the District Court level in the above-referenced case and to transfer it to Judge Suddaby. It is submitted following e-mail notification this afternoon from Ms. Cowan of her intention tomorrow to file a motion to dismiss this case. Her e-mail responded to my e-mail to her asking if she had time for a phone call in advance of us reporting in to the Court on the updated status of the case. It appears that Ms. Cowan and I have differing opinions of the Court's expectation of us at this time. I was unable to call Ms. Cowan when her e-mail arrived as I was in a public place for the balance of the afternoon. This letter motion follows on two procedural items.

      The most recent docket entry of this Court was a text order on December 28, 2022 [CM/ECF 48], which appears to have been made only upon awareness of the emergency motion filed to the Second Circuit on December 6, 2022 [Doc 12]. A considerable amount of litigation has transpired since then. The Second Circuit denial of that motion on December 21, 2022 [Doc 29] was not the terminal point of our appellate efforts.

      **Status of *Gazzola v. Hochul*.** This case is pending, concurrently, before the U.S. Supreme Court and the Second Circuit Court of Appeals. It is before the U.S. Supreme Court (No. 22-622) on Plaintiffs' Rule 11 Petition for Writ of Certiorari Before Judgment (docketed January 4, 2023). SCOTUS ordered the State to respond to that Petition by February 8, 2023, but the State requested and received a thirty-day extension to March 10, 2023.

My SCOTUS reply will thus have to be submitted by March 17, 2023 in order for me to timely travel to New York City for the Second Circuit Court of Appeals arguments scheduled for March 20, 2023.

This case is concurrently pending before the Second Circuit (Case No. 22-3068) for oral arguments on March 20, 2023, as ordered by that Court. [Doc 49] By Order of the Second Circuit on January 13, 2023, *Gazzola v. Hochul* is being heard "in tandem" with four (4) additional lawsuits against the State. [Doc 48] The additional cases are *Antonyuk II v. Nigrelli*, *Christian v. Nigrelli*, *Hardaway v. Nigrelli*, and *Spencer v. Nigrelli*. Every case, including *Gazzola,* is on a court-ordered, expedited briefing schedule. [For *Gazzola,* Docs 37, 48, 49] The State response to my full Brief with Appendix is due March 1, 2023. My reply is due March 10, 2023.

I previously requested the Second Circuit, *inter alia,* stay itself of further proceedings, while awaiting my completion of the Rule 11 Petition to SCOTUS. [Docs 56; see also 42] It denied that motion. [Doc 60]

I previously requested of SCOTUS, *inter alia,* an administrative stay of all lower court proceedings while the Rule 11 Petition is determined. It denied that motion. [See separate SCOTUS Docket 22A591]

Each of the appellate courts was notified by me of proceedings in the other court, and both courts said I am to be in two places at once, the first twenty days of March.

**The outcome of the appeals will impact analysis – for both Parties – of the causes of action.** It is illogical for the State to now file a motion to dismiss. What is pending before both the Second Circuit and SCOTUS in large part pivots on "the likelihood of success" of the causes of action. The State chose not to cross-motion this District Court to dismiss in response to my motion for preliminary injunctive relief, an element of which behaves like a motion to dismiss, namely, the element "the likelihood of success."

This District Court will potentially be bound by either and/or both of those decisions, depending on the content. For this Court to entertain, now, a motion to dismiss from the State will be the trifecta of chaos. It would make it possible to end up with three conflicting decisions.

Ms. Cowan, in her e-mail, stated she would have no objection to me requesting an extension of time to respond to her in-bound motion to dismiss. That is not the solution. It is likely that one side or the other will appeal the Second Circuit Court ruling to SCOTUS; at which point, that appeal will potentially collide with my already pending Rule 11 Petition or will otherwise provide a second opportunity to discuss the *Winter* factors. Once this avenue is exhausted, one or both courts will have written decisions of relevance to a future motion to dismiss. These decisions will have to be considered by both Parties and this District Court on any future motion concerning the pleading.

**Six of the other seven cases are stayed below, pending the Second Circuit decision.** *Gazzola* is the only case to file a Rule 11 Petition for *Cert*. There is a reason all of the other seven cases are stayed at the District Court level, either on judicial initiative or on request of the State. Stays were granted by every other District Court Judge and the State requested a stay in every other case.

In addition to the four cases to be heard in tandem at the Second Circuit, the additional three cases are *NYSRPA II v. Nigrelli*, *Bleuer v. Nigrelli*, and *Goldstein v. Nigrelli*. *NYSRPA II* and *Bleuer* are stayed. (The status of *Goldstein* became unclear to me basis the docket entries. I will check on that with plaintiffs' counsel in the morning.)

- *Antonyuk II v. Nigrelli,* stayed November 17, 2022 [22-cv-986 (N.D.N.Y.), Dkts 101 and 102] upon request of the State [Dkt. 90]
- *Hardaway v. Nigrelli,* stayed January 30, 2023 [22-cv-695 (W.D.N.Y.), Dkt 69] upon request of the State [Dkt. 66];
- *Christian v. Nigrelli,* stayed December 14, 2022 [22-cv-771 (W.D.N.Y.), Dkt 58] upon request of the State [Dkt. 55];
- *Spencer v. Nigrelli,* stayed January 4, 2023 [22-cv-6486 (W.D.N.Y.), Dkt. 61] upon request of Chemung County [Dkt 59];
- *NYSRPA II v. Nigrelli,* stayed December 1, 2022 [22-cv-907 (N.D.N.Y.), Dkt 32] upon request of the State [Dkt. 31];
- *Bleuer v. Nigrelli,* stayed December 2, 2022 [22-cv-1037 (N.D.N.Y.), Dkt 100] upon request of the State [Dkt. 84].

The *Gazzola* case, too, should be stayed. This Court previously denied the letter request of Ms. Cowan made December 19, 2022. [CM/ECF 44, through text order 45] It then granted an extension of time to answer the complaint [CM/ECF 47, through text order 48]. Ms. Cowan is correct that the emergency motion to the Second Circuit was denied two months ago, but, as detailed, herein, our appellate efforts to achieve preliminary injunctive relief have not concluded.

A stay should be granted to bring this case into accordance with the State's requested position in six other related cases. I reference Judge Sinatra's text order of December 21, 2022 in the *Christian* case. He cited to *McCracken v. Verisma Sys., Inc.,* quoting "It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." [Case 6:14-cv-6248, Dkt 138-4, p. 7] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In this instance, the rulings to be awaited are both in the immediate and in multiple related cases being heard "in tandem."

**The case is related to the *Antonyuk II* case and should be reassigned.** When I originally filed this case on November 1, 2022, I filed a request for related cases to *Antonyuk I v. Bruen* and *Antonyuk II v. Nigrelli*. It was denied by Judge Suddaby. [CM/ECF 7]

However, when I recently filed a motion to the Second Circuit, requesting to be uncoupled from the other three (now four) cases scheduled for March 20, 2023 [Doc 54], that motion was denied [Doc 56]. I referenced Judge Suddaby denying the *Gazzola* case as not related. Although not a direct appeal of that decision by him, the Second Circuit ruling acts as an appellate finding that the cases are related.

*Gazzola v. Hochul* is being treated by the Second Circuit, in all respects, as a case related to the other N.D.N.Y. case of *Antonyuk II v. Nigrelli* and to the other three W.D.N.Y. cases. The three W.D.N.Y. cases were all assigned to Judge Sinatra, from inception.

- *Hardaway v. Nigrelli,* assigned first to Judge Sinatra on October 14, 2022 [Case 22-cv-695, entry 11/14/2022].

- *Christian v. Nigrelli,* case transferred to Judge Sinatra as a related case two days after commencement filing and a different judicial assignment [Case 22-cv-771, Doc 5].

- *Spencer v. Nigrelli,* case assigned to Judge Sinatra the day after commencement filing [Case 22-cv-6486, entry 11/04/2022]

The Second Circuit – even with notification of a pending U.S. Supreme Court Petition – considers the relativity of *Gazzola v. Hochul* to be so strong as to order me to perform submissions, concurrently, in two appellate courts and to participate in same-day oral arguments.

I originally put forth the related case request in accordance with N.D.N.Y. general Order 12, Section G(2). According to GO12, §G(5) that original application went to Judge Suddaby. In sum, the cases arise from the same "package" of laws signed June 6, 2022 and July 1, 2022, overlap Defendants, concern similar causes of action anchored to the Second and Fourteenth Amendments, and will involve a substantial saving of judicial resources if assigned to the same judge. Since then, both *Antonyuk II* and *Gazzola* have been the two cases on the most similar tracking, including that *Antonyuk II* also filed a motion to SCOTUS and was also denied. [SCOTUS No. 22A557]

The Second Circuit recognizes the related nature of the cases. In accordance with GO12, §G(6), this case should be reassigned to Judge Suddaby. The *Antonyuk II v. Nigrelli* case is the lowest docket number in these related cases.

Respectfully submitted,

*Paloma A. Capanna*

Paloma A. Capanna

c.:  Aimee Cowan, Esq., NYS Office of the Attorney General (via CM/ECF)
   Timothy Mulvaney, Esq., NYS Office of the Attorney General (via CM/ECF)