*Paloma A. Capanna*
*Attorney & Policy Analyst*

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 95 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (585) 377-7260 | |
| (315) 584-2929 mobile | |

*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,
2d & 4th Cir., U.S. Supreme Court*

August 3, 2023

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
100 South Clinton Street               *via CM/ECF*
Syracuse, New York 13261

Re:   *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
      Case No. 1:22-cv-1134 (BKS/DJS)
      2d Cir Case No. 22-3068

To the Hon. Brenda K. Sannes:

This letter offers question whether there isn't some unintended confusion over the nature of the "request for extension" in this case? The continuing request arises as a result of the earlier denial of a stay by this court, to allow for the Second Circuit to issue its ruling in this case (plus four related cases) deemed fully submitted on March 20, 2023. In the interests of judicial economy, I submit this letter for clarification and with offer to participate in a teleconference, if that would assist the court.

**Procedural Recapitulation.** The Complaint was filed November 1, 2022. [1] The original date for submission of the responsive pleading or motion in lieu of was November 25, 2022. The text minute entry for teleconference December 10, 2022 confirmed "The answer deadline for defendants is STAYED pending briefing on the injunctive relief."

The Emergency Motion for TRO/PI was filed November 8, 2022. [13] It was denied by this court, in full, without testimony, on December 1, 2022 via text order. [37; see, also, 42] This Court initially granted a stay, but limited it to the ruling on the Second Circuit Court of Appeals on the Plaintiffs' emergency TRO. [45] That stay of deadlines was lifted on December 28, 2022 and the new deadline for responsive pleading or motion in lieu became February 28, 2023. [48] The State then filed the FRCP 12(b)(6) motion, now at issue. [51]

The appeal of the Court's ruling on the TRO/PI was for *both* the TRO and the PI. Yes, the emergency TRO motion request [2d Cir 12, case 22-3068] was denied on December 21, 2022 [2d Cir 29], but that same order directed an expedited briefing schedule of the preliminary injunction portion of the motion appeal. The case was set onto the expedited calendar.

[2d Cir 37] *Gazzola v. Hochul* was directed to be heard in tandem at the Second Circuit with four other cases, as of January 13, 2023 [2d Cir 46]. Our full Briefs with Special Appendix and our Appendices were filed January 30-31, 2023. [2d Cir 63, 64, 65, 68] Oral arguments were conducted March 20, 2023. [88]

The Second Circuit denial of the emergency TRO motion on December 21, 2022 was immediately appealed by Plaintiffs to SCOTUS on December 29, 2022 (Case 22A591). The State answered; Plaintiffs replied. The emergency TRO motion was denied by SCOTUS on January 18, 2023.

Also filed by Plaintiffs, with all speed, on January 10, 2023, to SCOTUS was a Rule 11 Petition for Writ of Certiorari Before Judgment (Case 22-622). [2d Cir 42, notice] After multiple extensions were granted to the State over objection, their response to the Rule 11 Petition was submitted March 29, 2023 (following oral arguments at the Second Circuit). Our reply was immediately submitted on April 3, 2023. The SCOTUS Rule 11 Petition was denied on April 24, 2023. [2d Cir 89, notice]

**SCOTUS position.** In the related case of *Antonyuk v. Nigrelli,* SCOTUS (Case 22A557), on denial on January 11, 2023 of the plaintiffs' motion for emergency intervention on the TRO/PI, Justice Alito, joined by Justice Thomas, expressly commented:

> "I understand the Court's denial today <u>to reflect respect for the Second Circuit's procedures in managing its own docket</u>, rather than expressing any view on the merits of the case. Applicants should not be deterred by today's order from again seeking relief if the Second Circuit does not, within a reasonable time, provide an explanation for its stay order or expedite consideration of the appeal." 558 U.S. \_\_\_\_\_ (2023) (emphasis added).

This commentary upon denial of the *Antonyuk II* emergency TRO motion was issued the week before the denial of the *Gazzola* emergency TRO motion (and while it was already pending).

Five cases, including *Gazzola v. Hochul,* are thus fully briefed to the Second Circuit and all plaintiffs' attorneys participated in oral arguments on March 20, 2023. The other four cases are stayed. We continue to request this Court – as SCOTUS commented – "respect" the process and allow the Plaintiffs to progress through to a terminal order on its motion for preliminary injunctive relief.

I have not sought extensions for my work product. In fact, I well exceeded filing deadlines for the appellate emergency motions, as well as the SCOTUS Rule 11 Petition and its corresponding Reply. The situation on the ground for my clients and other FFLs based in New York is, as you know is our analysis, an emergency and I have treated it as such.

While I do not pretend to speak for the Second Circuit Panel of Justices Lee, Jacobs, and Lynch, I believe even the State's group of defense counsel would agree that the appellate court has before it a lengthy set of issues to decide. We collective plaintiffs' attorneys do not even

know whether one decision will issue or multiple, and whether all case decisions will issue concurrently or across one or more dates. The cases were neither consolidated or joined, but were deemed "related" and heard in tandem. Plaintiffs' request to split *Gazzola* off the other four cases was denied by the Circuit Court [2d Cir 60]; Plaintiffs' resultant request to transfer *Gazzola* to Judge Suddaby as a related case was denied by Your Honor [53].

**The Need for a Stay.** In response to a court-imposed deadline [48], the State filed their FRCP 12(b)(6) motion [51], which, consequentially, put upon me a role of having to request "extensions." I have not been taking time to work on the motion, which I am concerned perhaps Your Honor misunderstands?

Simply stated: I am repeatedly trying to stop the State's FRCP 12(b)(6) motion because it will make a mess out of this case. Pending at the Second Circuit, as part of the TRO/PI motion is an analysis that includes the "likelihood of success on the merits" as part of a standing evaluation. This Court already made clear its position, but that position is pending on appeal. Once the Second Circuit rules in *Gazzola,* the Plaintiffs will have a right to consider whether to appeal, again, to SCOTUS, in whole or in part, as will the State. This Court's ruling was not the terminal ruling.

The FRCP 12(b)(6) motion involves the merits of the causes of action.

Please consider the following probabilities if Your Honor forces the FRCP 12(b)(6) motion.

Scenario 1. District Court rules to dismiss cause of action #1 against defendants A and C. Inside of 30 days of that ruling, the Appellate Division issues its ruling and analyzes that cause of action #1 has a likelihood of success on the merits against defendants A and C, but not on the cause of action #2 against defendant A. *This would result in concurrent appeals at two different appellate courts on the same causes of action and parties with conflicting rulings.*

Scenario 2. District Court rules to dismiss cause of action #1 against defendants A and C. In this hypothetical, the State rushes the lower court ruling to the attention of Appellate Division through letter notification of development material to matter before the court. *This could have a serious, unintended consequence an impact akin to an ex parte communication. The appeal is deemed fully submitted and we do not know at what point in the drafting process the panel is at, nor would we know what influence such ruling from the lower court would have on the appellate court. We will also not know what potential impact such communication could have on the four related cases, particularly considering that those attorneys could arguably have cause to protest.*

Scenario 3. District Court rules on the FRCP 12(b)(6) motion and, after further consideration of the pleading and arguments, it is not identical to the commentary in its own TRO/PI motion or it directs filing of an amended pleading. The Circuit Court rules in a third manner the next day and without note of this lower court activity. *Who then appeals what to where – a question that applies equally to the State as to the Plaintiffs.*

Scenario 4. District Court rules to dismiss one cause of action against one defendant. Plaintiffs decide not to appeal, as does the State. At some point (undefined) the Appellate

Division will rule, the Plaintiffs or State may appeal. *Is discovery to prior to also move forward prior to the terminal ruling on the pending TRO/PI motions? Will one party or the other have to reshape discovery demands, reopen depositions, or otherwise be foreclosed on a viable cause of action?*

**Conclusion.** There is neither reason to advance the FRCP 12(b)(6) motion, nor benefit to the Court to do so. On a practical level, it is likely to result in additional rounds of motion practice and interrupted discovery, which will result in this case not only taking longer in the end, but raising access to justice questions due to cost. On the metric of justice, it creates confusion where there does not need to be, and that can absolutely lead to incorrect outcomes.

The Plaintiffs are trying to get a critical legal issue through the judicial system in a respectful and logical manner. Forcing the FRCP 12(b)(6) motion unnecessarily risks upending all the work done to date in this and four related cases by attorneys for all parties. I would urge Your Honor to institute a stay pending the terminal ruling on the Plaintiffs' TRO/PI motion, or to otherwise extend the answer to the State's FRCP 12(b)(6) motion until 30-days after the terminal ruling on the Plaintiffs' TRO/PI motion enters. Either of these options is both judicially efficient and mindful to avoid conflicting rulings.

This Court's initial denial of a request for a stay was rendered "without prejudice." [53]

Ms. Cowan and I did speak via telephone on this date. I let her know I had reviewed her letter and do not oppose her request, although I urge Your Honor to engage in deeper reflection on the status of the case. I provided Ms. Cowan a brief, verbal outline of my intended approach to this letter. This final version of this correspondence is consistent with that conversation.

Thank you for your time and consideration. I trust it will provide a comprehensive and logical communication. I remain, as always, available to the Court and Counsel in this matter.

Respectfully submitted,

*Paloma A. Capanna*
Paloma A. Capanna

c.: Aimee Cowan, Esq., NYS Office of the Attorney General (via CM/ECF)
    Timothy Mulvaney, Esq., NYS Office of the Attorney General (via CM/EC