*Paloma A. Capanna*
*Attorney & Policy Analyst*

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 495 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (585) 377-7260 | |
| (315) 584-2929 mobile | |

*\*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,*
*2d & 4th Cir., U.S. Supreme Court*

February 28, 2024

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
100 South Clinton Street           *via CM/ECF*
Syracuse, New York 13261

Re:   Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.
      Case No. 1:22-cv-1134 (BKS/DJS)

To the Hon. Brenda K. Sannes:

This letter responds to the correspondence just received through ECF from Ms. Cowan. [ECF-73] Counsel puts me in an uncomfortable position. Three hours ago, and for the first time since the consent schedule issued, I received an e-mail from Ms. Cowen that read, in total: "The answer for Gazzola is due tomorrow – and time has truly gotten away from me. Would you be willing to consent to a three week extension?" Ms. Cowan did not say anything about "State Defendants are still in the process of gathering data that they intend to include with their Answer," which she now includes in her letter to the Court. The two comments leave me in between questions of simple time management and *how is the responsive pleading going to include data*? I'm not interested in making an odd spot worse, but either way it is phrased gives noting of substance or specificity, for me, as opposing counsel, representing my clients, to weigh or consider as against where we are in the absence of an extension.

Because of the content of Ms. Cowan's letter, I find it important to state that I responded via e-mail to Ms. Cowan's e-mail of 10:15 this morning by 12:30 p.m. to articulate my several thoughts concerning scheduling, including in relationship to a March 7, 2024 SCOTUS filing deadline. I add herein the draft must be to the printers this coming Monday, and I have navigated the draft Brief anticipating the possibility that the responsive pleading could impact Brief content. I also mentioned my interest in getting through the jog into discovery and the need to see the responsive pleading so that I can start to dimension discovery across the next several months. I also now review our court-ordered schedule and our deadlines include March 29, 2024 and April 9, 2024. [72, Text order February 5, 2024.] To complete the work needed for such deadlines, I anticipate several communications by telephone and in writing during this period.

  Also in my responsive e-mail, I also inquired into an outstanding response to a letter about Respondent NYS Police that I sent via direct e-mail to Mr. Kiernan and Ms. Cowan on February 12, 2024, to which I received a preliminary e-mail response on February 16, 2024. I had calendared it for this week, and so tucked it into the e-mail. My letter had questioned whether Ms. Cowan or Mr. Kiernan was on lead for such a question, and Mr. Kiernan's preliminary response hadn't indicated one way or the other.

  I do not wish to take judicial time on a review of prior requests for scheduling adjustments in which I have engaged with Ms. Cowan, Mr. Kiernan, and Ms. Underwood, since November 1, 2022. My overall impression is positive and I want those attorney lines of communication to remain open. The list from memory is multiple requests on both sides. There has been multiple courtrooms to juggle for all concerned. Unfortunately, again, because of the content of Ms. Cowan's letter to the court, I remind Ms. Cowan that we arrived at the current extension to the February 29, 2024 date because she requested it to accommodate a trial she represented was in front of Your Honor. [69, Text order, January 31, 2024.]

  This occasion is out of character to that context of the attorney collegiality in this case, including the two different communications from Ms. Cowan and no phone call. The irregular content of the letter by Ms. Cowan to the Court is what occasions my response. I did not dismiss out-of-hand what appeared to be a casual request that came across more as a personal, last-minute favor, in case I was receptive.

  I would still prefer to receive the responsive pleading. I refrain from other options of counsel. I leave to the Court to provide direction.

Respectfully submitted,

*Paloma A. Capanna*
Paloma A. Capanna

c.: Aimee Cowan, Esq., NYS Office of the Attorney General (via CM/ECF)