## Paloma A. Capanna
### Attorney & Policy Analyst

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 495 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (585) 377-7260 | |
| (315) 584-2929 mobile | |

*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,
2d & 4th Cir., U.S. Supreme Court*

March 13, 2024

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
100 South Clinton Street                            *via CM/ECF*
Syracuse, New York 13261


Re:   *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
      Case No. 1:22-cv-1134 (BKS/DJS)


To the Hon. Brenda K. Sannes:

This letter responds to Ms. Cowan's letter of this date. [ECF 76]

The pending Petition to the U.S. Supreme Court (Case 23-995) appeals the Second Circuit decision issued December 8, 2023 (Case No. 22-3068). Ms. Cowan misstates it to be an appeal Your Honor's District Court decision of December 7, 2022. [ECF 42.] The content presented is substantially the same since the motion for preliminary injunctive relief was filed November 8, 2022. [ECF 13.] The question presented by the Second Circuit ruling turns on the scrutiny standard they applied to this post-*Bruen* case and on our novel theory of "to keep," and how each should be analyzed under *Winter*.

A responsive pleading, now that the Second Circuit has ruled, is divorced from the motion. [ECF 62 extensions tied to the Second Circuit ruling; prior ECF 45.]

Ms. Cowan sent me an e-mail on Sunday, March 10, 2024, asking for another extension. The responsive pleading is due March 21, 2024. [ECF 73] Indeed, as I responded to Ms. Cowan's second e-mail on point yesterday, the defendants have yet to say anything in this case since commencement. They have neither answered, nor submitted any affidavit in support of the opposition to the request for preliminary injunctive relief, nor has either Ms. Cowan or Mr. Kiernan (appellate counsel) responded to any one of several letters in which I have attempted to engage them on matters relating to this case and actions taken by their clients, both generally, and in specific relation to my clients.

At best, if the Supreme Court takes up the question it may influence the standard to be applied at trial on the merits. The facts of the matter (e.g., whether Governor Hochul will

acknowledge making statements alleged as part of a news conference on television, or not) are relevant to the causes of action, whether *Bruen,* scrutiny, or something novel is the standard.

Counsel of Record to SCOTUS for the State is Barbara Underwood. She did not submit any responsive paper to our September 2023 emergency sub-motion to SCOTUS. I am unaware whether she will file anything this time. The "April 11, 2024" date on the SCOTUS website docket page is auto-generated. "A brief in opposition to a petition for writ of certiorari may be filed by the respondent in any case, but is not mandatory except in a capital case, see Rule 14.1(a), or when ordered by the Court." Sup. Ct. R. 15.1.

In the meantime, the statutes sought ultimately to be struck down remain in full force and effect against the plaintiffs and every other federally-licensed dealer across the state. It appears that the New York State Police "Joint Terrorism Task Force" went on a second round of dispatching officers in plain clothes, without identification, in unmarked cars to federally-licensed dealers in firearms with a 31-point "Questionnaire" on plain white paper. Such persons appeared more than once to plaintiff Mr. Craig Serafini, once to plaintiff Mr. Jim Ingerick, and also at two of our planned witnesses.

I cannot get response even to a detailed letter on point of February 16, 2024, articulating considerable concern over these unidentified persons showing up asking questions about security cameras and video recording equipment at such business premises. I recounted also that one person claiming to be "NYSP-JTTF" said that it wasn't an "inspection," but, rather, a "survey for the NYS Attorney General." Opposing Counsel leaves me baffled at how to advise. I cannot call NYSP directly to seek confirmation – it's the opposing party. I cannot ask my clients or witnesses to call NYSP to try to obtain independent confirmation – it's the opposing party. A refusal to submit to an "inspection" is a class A misdemeanor. NY Gen Bus L §875-i. My correspondence, naturally, asked whether dealers could opt-out of any "survey," and whether such unidentified persons were mere third-party contractors. I have followed-up several times to Mr. Kiernan and Ms. Cowan, including yesterday, but am stonewalled.

Consistently every month since September 2022, to now an aggregate in excess of 150, federally-licensed dealers in firearms have either prematurely terminated their licenses or not renewed them since this case started. As of February 28, 2024, there is an 8.9% decrease of the industry in New York. After ten stable years of licensed dealers, this is a significant impact. One of the plaintiffs, Mr. Robert Owens, is among those who were forced to close. He completed his formal ATF close-out after our September 2023 request was denied by SCOTUS.

I ask the Court direct the responsive pleading be served on March 21, 2024, in accordance with the current schedule. We would appreciate the opportunity to assess the formal position of the defendants and cannot do so without a responsive pleading.

Respectfully submitted,

*Paloma A. Capanna*

Paloma A. Capanna

c.: Aimee Cowan, Esq., NYS Office of the Attorney General (via CM/ECF)