CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Nadine Gazzola, et al.

    vs                              **Case No.**        1:22-cv-1134 (BKS/DJS)

Kathleen Hochul, et al.

---

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Daniel J. Stewart, United States Magistrate Judge, on <u>July 2, 2024, at 11:00 AM via telephone</u>.

Counsel for all parties or individuals appearing <u>pro se</u> in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before **<u>60 days following the Court's decision as to Defendants' Rule 12(c) motion</u>**.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before **<u>60 days following the Court's decision as to Defendants' Rule 12(c) motion</u>**.

3. **DISCOVERY**: All discovery in this action shall be completed on or before **<u>Ten Months following the Court's decision as to Defendants' Rule 12(c) motion</u>. (Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before **<u>Twelve Months following the Court's decision as to Defendants' Rule 12(c) motion</u>. (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before **a date to be determined. The parties agree the deadline will be 90 days before the close of discovery** (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before **a date to be determined. The parties agree the deadline will be 45 days before the close of discovery** (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before **a date to be determined. The parties agree the deadline will be 30 days before the close of discovery** (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before _____. Mediation must be completed on or before _____.

   **Defendants respectfully request that the mediation requirement be waived for this matter. If not waived, Defendants respectfully request that mediation be deferred until after completion of depositions, as it is not anticipated that Defendants will have any authority in this matter at least until completion of significant discovery.**

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before **90 days from any decision on motions for summary judgement**. It is anticipated that the trial will take approximately **two-weeks** to complete. The parties request that the trial be held in **Syracuse,** N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?** _____ (YES) X (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

   **28 U.S.C. §§1331 and 1343**_____
   _____
   _____

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

    **Yes, all parties have been served.**_____
    _____
    _____

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

    Plaintiffs are nine individuals and one business organization who are challenging thirty-one New York statutory firearms provisions (ECF No. 1, ¶¶ 28, 32). Plaintiffs contend that

pursuant to 42 U.S.C. § 1983, the challenged statutes violate their Second Amendment and Fifth Amendment rights; that the challenged statutes are preempted by federal law; that the statutes are unconstitutionally vague in violation of the Fourteenth Amendment; that pursuant to 42 U.S.C. § 1985(2), Defendants conspired to violate their constitutional rights; and that the statutes create a constitutional-regulatory overburden.

Defendants contend that Plaintiffs' claims against Governor Hochul and Attorney General James are barred by the Eleventh Amendment; Plaintiffs lack standing to pursue their claims against Governor Hochul and Attorney General James; and Defendants further deny that any of their actions, omissions, or conduct violated any law and/or Plaintiffs' constitutional rights. Defendants assert several affirmative defenses in their answer, including qualified immunity.

12.  What factual and legal issues are genuinely in dispute?

   All factual and legal issues mentioned in paragraph 11. However, the parties may agree on stipulations of fact as this litigation progresses through discovery.

13.  Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

   Defendants intend to file a dispositive motion pursuant to Fed. R. Civ. P. 12(c). The parties have agreed (and respectfully request that the Court grant) the following: Defendants to file their Rule 12(c) motion within 45 days of the Rule 16 conference; Plaintiffs to respond within 45 days, which may include a cross-motion; Defendants to reply/oppose Plaintiffs' cross-motion; Plaintiffs to reply to Defendants' opposition to their motion.
   In the event that the Court denies both of the aforementioned motions, Defendants anticipate filing a dispositive motion at the conclusion of discovery.

14.  What specific relief do the parties seek?  What are the damages sought?
   Plaintiffs seek a declaratory judgment, injunctive relief, compensatory and punitive damages, and attorneys' fees. Defendants seek dismissal of this action.

15.  **DISCOVERY PLAN**

   A. **Mandatory Disclosures**
   The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

**Since Defendants intend to file a motion pursuant to Rule 12(c), and Plaintiffs may cross-move for summary judgment, the parties agree to exchange Rule 26 disclosures 60 days following the resolution of those motions, if necessary, in accordance with the Court's direction**.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

**All remaining factual and legal issues alleged in the pleadings, following resolution of the aforementioned dispositive motions, if necessary.**

C. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

**Following the resolution of the aforementioned dispositive motions, if necessary, it is anticipated that the parties will exchange written demands, followed by depositions, and possibly expert disclosures. However, the parties may agree on proceeding with discovery in a two-phase approach, in which interrogatories and depositions are initially completed that encompass specific issues/defendants, and then further discovery would follow thereafter, to the extent necessary.**

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

**Following the resolution of the aforementioned dispositive motions, if necessary, the parties may serve interrogatories and document demands. The parties do not anticipate exceeding the limits of Rule 33.**

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

**Following the resolution of the aforementioned dispositive motions, if necessary**, **Defendants intend to depose Plaintiffs. Plaintiffs intend to depose Defendants and other non-party witnesses, such as prior NYSP Superintendents and custodians of relevant documents. Additionally, Plaintiffs may request specific third-party depositions as relevant to the claim(s) against Governor Hochul.**

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

**The parties reserve the right to retain expert(s) within the deadlines established by the Court.**

_____
_____

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

_____
_____

**All non-privileged electronic records, including e-mails, that are likely to lead to discoverable evidence, are subject to disclosure and should be maintained throughout the litigation of this matter. Any electronic discovery that is demanded will be provided in hard copy unless otherwise agreed by the parties.**

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

_____
_____
_____

**The parties have discussed the potential need for a protective order depending on the nature of the documents or personnel records requested in discovery and have agreed to discuss the need for a protective order as discovery progresses. Plaintiffs may request protective orders to prohibit publication of proprietary and security-related business information and data that Plaintiffs intend to disclose.**

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

_____
**None at this time.**
_____

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

**The parties may be able to reduce the length of trial via the methods listed above.**

_____
_____
_____

**17.   Are there any related cases pending before the Judges of this Court?**

_____
_____
_____
_____

**Although not deemed by this Court as related, the following actions may have some bearing on the issues raised in this case:  See, Antonyuk et al. v. Hochul, et al., 1:22-cv-96 (NDNY Suddaby); Spencer v. Nigrelli, et al., 6:22-cv-6486 (WDNY Sinatra); Christian v. Nigrelli, et al., 1:22-cv-695 (WDNY Sinatra); Hardaway v. Nigrelli, et al., 1:22-cv-771 (WDNY Sinatra); NYSRPA v. James, et al., 1:22-cv-907 (NDNY D'Agostino); Srour v. City of NY, et al., 1:22-cv-3 (SDNY Cronan).**

**18.   In Class Actions, when and how will the class be certified?**

N/A _____
_____
_____
_____

**19.   What are the prospects for settlement?  Please check below the prospect for settlement:**

1 ____ 2 ____ **3** ____ 4 ____ 5 ____ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____
(Very unlikely →     →     →     →     →     →     Likely)

A.  Settlement cannot be evaluated prior to <u>the end of discovery</u> (Date).
B.  How can settlement efforts be assisted?

_____
_____
_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case –** *Subject to Mandatory Mediation under General Order #47.*

**20.   If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A.  Reviewed General Order #47                           Yes ____ No __x__

B.  Reviewed the List of Court Approved                  Yes ____ No ____

      Mediators available on the NDNY website?

C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?    Yes x  No ___

D. Discussed the time frame needed to complete Mandatory Mediation?    Yes ___ No ___

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on  June 25, 2024, and was attended by:
                                                               (Date)

<u>Paloma Capanna, Esq.          </u>  for plaintiff(s)

<u>Aimee Cowan, Esq.            </u>  for defendant(s) _____

_____  for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***