# *Paloma A. Capanna*
## *Attorney & Policy Analyst*

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 95 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (252) 515-6737 | |
| (315) 584-2929 mobile | |

*\*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,*
 *2d & 4th Cir., U.S. Supreme Court*

---

August 6, 2024

U.S. Magistrate Judge Daniel J. Stewart
United States District Court
Northern District of New York
445 Broadway, Room 409                    *via CM/ECF*
Albany, New York 12207

Re:   *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
      Case No. 1:22-cv-1134 (BKS/DJS)

To the Hon. Daniel J. Stewart:

This letter is a joint counsel request for modification to one item in the CMP [ECF-83], specifically the Rule 26(a)(1)(A) initial disclosure. Counsel request this be changed from the date of Friday, August 9, 2024 to the date of Friday, August 16, 2024.

Counsel have identified a need and an opportunity for a potential written stipulation restricting the use of Plaintiffs' discovery materials and responses to the immediate litigation consistent with CMP response 15(H). I presented earlier today the essential elements for stipulation in correspondence to Ms. Cowan, and she has indicated a receptivity to consider it if placed into draft format. It is my understanding Ms. Cowan can then review such a proposal in accordance with the protocols of her office.

Two things make this development timely. First, Plaintiffs' assembly with me of their discovery materials production has gone well and smoothly. We (the Plaintiffs and myself) want to create a workspace where we can be forthcoming with materials and data to support the claims, especially the "constitutional regulatory overburden." This will allow us to move our case from estimates and forecasts (Complaint/Declarations) to admissible evidence, including through third party vendors. The tension, as we discussed with Your Honor, is such disclosure may indicate a deficiency in the performance of new state mandates that are challenged within this litigation.

Second, there was a development of actions taken by the NYS Attorney General's Office (unrelated to Ms. Cowan) against three local FFLs (unrelated to the Plaintiffs), which has only

August 6, 2024
Page 2

recently come to my attention, the most concerning of which reaching me only July 26, 2024. Those three FFLs have now formally retained my office.

The timing of this new information, vis-à-vis the *Gazzola* CMP schedule, caused a jolt. We appreciate Ms. Cowan's quick responsiveness to our concerns.

As stated, we would all like to take the opportunity to look at a proposed written stipulation on paper, given a few days to do so by this Court.

This letter is submitted with pre-filing review and approval as to form of Ms. Cowan.


Respectfully submitted,

*Paloma A. Capanna*
Paloma A. Capanna


c.:  Aimee Cowan, Esq., NYS Office of the Attorney General (via CM/ECF)