IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

**Nadine Gazzola**, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**Seth Gazzola**, individually, and as co-owner, Vice President, and as BATFE FFL Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**John A. Hanusik**, individually, and as owner and as BATFE FFL Responsible Person for d/b/a "**AGA Sales**";

**Jim Ingerick**, individually, and as owner and as BATFE FFL Responsible Person for **Ingerick's, LLC**, d/b/a "**Avon Gun & Hunting Supply**";

**Christopher Martello**, individually, and as owner and as BATFE FFL Responsible Person for **Performance Paintball, Inc.**, d/b/a "**Ikkin Arms**,";

**Michael Mastrogiovanni**, individually, and as owner and as BATFE FFL Responsible Person for "**Spur Shooters Supply**";

**Robert Owens**, individually, and as owner and as BATFE FFL Responsible Person for "**Thousand Islands Armory**";

**Craig Serafini**, individually, and as owner and as BATFE FFL Responsible Person for **Upstate Guns and Ammo, LLC**; and,

**Nick Affronti**, individually, and as BATFE FFL Responsible Person for "East Side Traders LLC"; and,

**Empire State Arms Collectors, Inc.**;

    **Plaintiffs**

v.

KATHLEEN HOCHUL, in her Official Capacity as Governor of the State of New York;

<u>Civ. No.: 1:22-cv-1134 (BKS/DJS)</u>

Discovery Stipulation
Page 1 of 11

**STEVEN A. NIGRELLI**, in his Official Capacity as the Acting Superintendent of the New York State Police;

**ROSSANA ROSADO**, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and,

**LETICIA JAMES**, in her Official Capacity as the Attorney General of the State of New York,

    **Defendants**

---

## DISCOVERY STIPULATION

This Discovery Stipulation is entered into this 23rd day of August 2024 by and between the Parties, as signed on their behalf by their Counsel, in the above-captioned case. In reliance upon this Discovery Stipulation, the Parties will exchange certain "Confidential Material" (as defined below) through Counsel, the purpose of which is to support the Plaintiffs' claims and requests for judicial relief in the above-captioned case and the Defendants' defense, thereof. It is the intention of the Parties and Counsel for such Confidential Materials to remain within the immediate litigation for its intended purposes.

This Discovery Stipulation addresses documents to be exchanged. It is designed to be amended, as needed, including ahead of examination before trial and/or trial. Any amendment shall only be in effect if in writing, and signed by Counsel to the Parties.

The Parties enter voluntarily into this Discovery Stipulation, the terms of which are set forth, as follows:

## DEFINITIONS & ASSOCIATED REPRESENTATIONS

1. The "**Plaintiffs**" are those persons and businesses named in the caption and Complaint of the above-captioned case.

2. The "**Defendants**" are those persons, divisions, agencies, and/or offices named in the caption and Complaint of the above-captioned case.

3. Unless otherwise specified, a **"Federally-Licensed Dealer in Firearms"** ("FFL," Type "01") and a "Federally-Licensed Pawnbroker" (herein, also "FFL," Type "02") is defined at federal law, and is licensed by the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (herein both as "BATFE" and "ATF," as used inter-changeably by the Agency). The Plaintiffs represent for purposes of the litigation and this Discovery Stipulation that they hold such licenses, both currently and since varying times preceding the commencement of this litigation. One or more Plaintiffs hold such additional federal licenses (e.g., manufacturer) as are specified in the Complaint.

4. Unless otherwise noted, a **"NY Dealer in Firearms"** is defined at NY state law, and is licensed through the county in which the "business premises" (as the term is defined at federal law) is located. The Plaintiffs represent for purposes of the litigation and this Discovery Stipulation that they hold such licenses, both currently and since varying times preceding the commencement of this litigation. One or more Plaintiffs hold such additional state licenses (e.g., gunsmith) as are specified in the Complaint.

5. **Counsel of Record**, herein, as this term is generally understood, including, in this case, as of this date, Counsel of Record since date of commencement in the Northern District Court, the Second Circuit Court of Appeals, and the U.S. Supreme Court.

    a. "Counsel of Record," regarding Plaintiffs, may include external counsel, concerning whom Counsel will take affirmative duty to notify of the terms and spirit of this Disclosure Stipulation and its terms.

    b. "Counsel of Record," regarding Defendants, shall include any immediate staff associated with work in this matter, concerning whom Counsel will take affirmative duty to notify of the terms and spirit of this Disclosure Stipulation and its terms. "Counsel of Record" may also include such colleagues within the NYS Attorney General's Office as may also be working on Second Amendment issues, for example. The term "Counsel of Record" excludes such attorneys and staff within the NYS Attorney General's Office as work on compliance with or enforcement of NY Gen Bus L §875.

    c. Each Counsel to a Party reserve the right to make challenge in the event of a change of counsel on a claim of conflict or other ethical consideration.

6. **"Confidential Material."** This term is intended to refer to information which, in ordinary terms of business and industry, can be considered "proprietary." In this instance, because of the highly-regulated nature of commerce in firearms and ammunition and the Parties' collective concerns for public safety, the understanding of the term "proprietary" becomes even more so. The term "Confidential Material" is intended to include, without limitation:

    a. Plaintiffs' records of business operations, documents, business plans, financial information, customer information, research notes, manuals, notebooks, and documentation, including, as expressed herein, compliance with government mandates;

    b. Plaintiffs' records, documents, contracts, schemata, blueprints, proof of payment, and other materials relating to the security systems employed by, contemplated by, and estimated by Plaintiffs and/or third-party vendors in unaffiliated businesses, for purposes of security, such as alarm systems, cameras, video recordings, camera and video storage;

    c. Plaintiffs' records, documents, contracts, schemata, blueprints, proof of payment, and other materials relating to the security of the physical business premises, whether constructed for or by, contemplated by, or estimated by Plaintiffs and/or third-party vendors in unaffiliated businesses, whether for purposes of the building itself or any internal components, whether affixed to or otherwise within the building itself such as display cases and firearms locking devices;

    d. Plaintiffs' records, documents, contracts, databases, inventory reports, sales reports, or other records of Plaintiffs relating to the purchase, consignment, or intake of firearms for purposes of disposition through retail sale, inter-personal transfer, FFL-to-FFL transfer, or other lawful form of disposition;

  e. Plaintiffs' records, documents, contracts, databases, inventory reports, sales reports, or other records of Plaintiffs relating to the purchase or intake of ammunition for purposes of retail sale, inter-personal transfer, or other lawful form of disposition;

  f. Plaintiffs' federal firearms compliance records, if any, potentially in a "sample" format created by Plaintiffs, such as the ATF Form 4473, the ATF Book of Acquisitions & Dispositions ("A&D Book"), ATF and FBI trace requests, ATF reports of loss/theft, and ATF shipping requirements;

  g. Plaintiffs' NY-mandated compliance records, whether electronic or manual (e.g., ammunition purchaser data predating release of the on-line system), NYSP point of sale transactions records, and NYSP records that may have been created at and/or with one or more Plaintiffs, including on NYSP-provided forms (in one or more versions) labeled "Compliance Checklist;"

  h. Plaintiffs' business records of financial compensation and income, as well as expenses, some of which may also be classified as "individual" financial records;

  i. Plaintiffs' business records of financial compensation to employees and independent contractors, as well as family members of business owners, which may also be classified as "individual" financial records; and,

  j. Documents produced from the records of the New York State Police, the New York Division of Criminal Justice Services, and the State of New York and the information contained therein, the disclosure of which Defendants reasonably believe would jeopardize institutional safety or which contains information that is confidential under state or federal law.

7. **Witness(es).** A Party may also designate documents produced by a witness as Confidential Material.

## RESTRICTIONS ON DISCLOSURE & USE OF CONFIDENTIAL MATERIAL

8. **Confidential Material, Generally.** Confidential Material produced pursuant to the terms of this Discovery Stipulation shall be utilized by the receiving Counsel and Parties solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

9. **Designation and Use of Confidential Material.** Confidential Material produced in accordance with the terms of this Discovery Stipulation may be designated by the transmitting party, as follows:

    a. **Tier 1** – exclusively for Counsel of Record due to the highly-proprietary or sensitive nature of the documents, which could, e.g., add risk to public safety if such document(s) becomes available outside the litigation, such as those documents that could enhance the ability of a third party to commit a crime(s) against a Plaintiff(s) or a member(s) of law enforcement in the performance of their duties;

    b. **Tier 2** – for Counsel of Record and Parties, which may be considered "proprietary," "confidential," or "privileged," as those terms are generally understood, such as business or individual income tax records or business sales data, and concerning which such Confidential Materials will be shared between Counsel and the Parties in as limited a manner as recognizes the rights and responsibilities of these particular parties and counsel engaged in this litigation; and,

    c. **Tier 3** – non-confidential, including documents that originate in or may through Freedom of Information Act be brought into the public domain, such as documents published by government offices and agencies, whether through print or on the Internet.

        i. "Non-Confidential Material" in Tier 3 may also include as this term is generally understood in commercial and government litigation to include such information as a party may establish as is (a.) generally available to the public

or through the public domain; (b.) have become publicly known, without the fault of a party, subsequent to transmission of such information by the transmitting party; (c.) have been received by the receiving party at any time from someone other than the disclosing party and which third party was in lawful possession of such information; (d.) have been independently developed by the receiving party without use of the Confidential Material.

ii. Confidential Material will not be deemed to have been publicly available merely because individual portions of the information have been separately published, but only if all material features comprising such information have been published in combination.

10. **Disclosure to Defendant Employees.** Counsel of Record may disclose Confidential Material to their/its employees who are reasonably necessary to the evaluation of the specific Confidential Material and who will also maintain the Confidential Material in accordance with this Discovery Stipulation, specifically, and the NY Code of Professional Responsibility, generally.

11. **Third-Party Disclosure.** In the routine course of litigation, Counsel may engage or otherwise encounter third parties. For such third parties, such as an expert, consultant, witness, stenographer, or their staff, who may or is retained in anticipation of litigation or for preparation for this action, Counsel shall (a.) provide such person with a copy of this Discovery Stipulation and (b.) obtain consent, in writing, using the Non-Disclosure Agreement (at Appendix A) not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The NDA shall be retained by Counsel for production to the Court and Opposing Counsel in the event of a violation of the NDA or the Discovery Stipulation. If Counsel becomes aware a breach of this Discovery Stipulation has or may have occurred, Counsel shall be under an affirmative duty to so notify Opposing Counsel and the Court.

12. **Objections to Designation.** In the event a party challenges a party or non-party designation of Confidential Material, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging party may seek judicial intervention. Challenge shall be made as soon as reasonably practicable upon identification of the challenge, and Counsel shall include the approximate date or occasion of identification of the challenge. It is noted, e.g., that, due to the technical nature of some of the anticipated discovery materials that identification of an objection may not be made until examination before trial or consultation with third-party expert witness(es). Material designated as Confidential Material shall be treated as such until either Counsel and the Party(ies) agree or the Court rules otherwise.

13. **Objections Preserved.** Nothing about this Stipulation or its terms or processes waives any objection a party may have to the admissibility of the Confidential Material within the litigation, itself. Each Party reserves the right to any evidence-based objections it may have against the admissibility or use of the Confidential Material.

14. **Court Proceedings.** If Confidential Material is pertinent to a pre-trial motion or other judicial involvement, Counsel agree to notify each other sufficiently ahead of filing in order to reach a stipulation to such redactions, seal, and/or *in camera* review as circumstances warrant for the particular item in the context of the judicial event. If the Court requests such an item, Counsel agree to work together towards such redactions, seal, and/or *in camera* review as is possible.

15. **Examinations Before Trial/Trial.** It is anticipated Confidential Material may be used during examinations before trial of Parties and Witnesses, and may be used during Trial, and Counsel agree to work together towards such stipulated facts, aggregated data, non-identifying data, redactions, and/or *in camera* review as is possible to balance in-common, and opposing, interests, some of which are set forth within this Discovery Stipulation. Amendments, in writing, may be made to this document as circumstances warrant.

16. **Return of Confidential Material.** Defendants agree to promptly return all items of Confidential Material to Counsel to the Plaintiffs within sixty days (60-days) of the terminal

order of this litigation or such earlier settlement agreement with entry of order as may be reached. In the event of a breach of this Discovery Stipulation, Plaintiffs reserve the right to request the return of specified and/or all discovery materials covered by this agreement. Counsel may retain attorney work product that refers to or relates to Confidential Material and copies of such documents filed with the Court, including documents filed under seal. Any retained Confidential Material will continue to be governed by this Discovery Stipulation.

17. **No License Granted.** This Discovery Stipulation grants no license under any copyrights, patents, trademarks, trade secrets or other proprietary rights to use or reproduce Confidential Material.

18. **Modification or Waiver.** No amendment, modification or waiver of this Agreement shall be binding or effective for any purpose unless it is made in writing signed by the Party against whom enforcement of such amendment, modification, or waiver may be sought. No course of dealing between the Parties shall be deemed to affect, modify, amend, or discharge any provision or term of this Agreement. No delay on the part of either Party in the exercise of any of its rights or remedies shall operate as a waiver thereof.

19. **Filing.** This Discovery Stipulation is to be executed and filed. This Discovery Stipulation, itself, is a non-confidential document.

**ACCEPTED AND AGREED TO:**

By and on behalf of the Plaintiffs:

*/s Paloma A. Capanna*

Paloma A. Capanna, Attorney
Counsel to the Plaintiffs
Dated: August 23, 2024

By and on behalf of the Defendants:

*/s Aimee Cowan*

Aimee Cowan, Attorney
NYS Attorney General's Office
Counsel to the Defendants
Dated: August 23, 2024

SO ORDERED:

## APPENDIX A-1

### Third-Party Non-Disclosure Agreement Through Counsel to the Plaintiffs

This form is to be signed by any third-party who Counsel to the Parties may consult with and/or retain within the course of this litigation.

The third-party has reviewed the terms of the Discovery Stipulation, including, but not limited to, the scope of the "Confidential Material," as that term is used to illustrate and describe the types of evidentiary materials to which the third party may be invited to review, analyze, and provide written or other opinion.

The third-party hereby agrees to such restrictions on the use of any Confidential Material to which he/she/company may be provided access, and hereby agrees not to disclose such Confidential Material.

The third-party hereby also agrees to return such Confidential Material to Counsel within thirty-days (30-days) after completion of the use of such materials within the defined scope of work.

The third-party further agrees and understand that such Confidential Material is to be used only in the context of the litigation of *Gazzola v. Hochul* and that no permission or license is granted for the use of the Confidential Material in any other context or proceeding.

The third-party understands that Counsel will retain this NDA, but that it may, in the event of breach or suspected breach, provide the NDA to the Court and/or Opposing Counsel. The third-party adopts the affirmative obligation to notify the NYS AGO of a breach or potential breach by themselves or within their own organization, and to take such additional steps as may be directed by Counsel and/or a Court of competent jurisdiction. The third-party may be subject to injunctive or other relief.

**ACCEPTED AND AGREED TO:**

By and on behalf of the third party:                    By and on behalf Counsel:

_____                              _____

Name: _____                                Paloma A. Capanna, Attorney
Company: _____                             Counsel to the Plaintiffs
Company address: _____

_____
Company telephone: _____

## APPENDIX A-2

### Third-Party Non-Disclosure Agreement Through the Office of the NYS Attorney General

This form is to be signed by any third-party who Counsel to the Parties may consult with and/or retain within the course of this litigation.

The third-party has reviewed the terms of the Discovery Stipulation, including, but not limited to, the scope of the "Confidential Material," as that term is used to illustrate and describe the types of evidentiary materials to which the third party may be invited to review, analyze, and provide written or other opinion.

The third-party hereby agrees to such restrictions on the use of any Confidential Material to which he/she/company may be provided access, and hereby agrees not to disclose such Confidential Material.

The third-party hereby also agrees to return such Confidential Material to Counsel within thirty-days (30-days) after completion of the use of such materials within the defined scope of work.

The third-party further agrees and understand that such Confidential Material is to be used only in the context of the litigation of *Gazzola v. Hochul* and that no permission or license is granted for the use of the Confidential Material in any other context or proceeding.

The third-party understands that Counsel will retain this NDA, but that it may, in the event of breach or suspected breach, provide the NDA to the Court and/or Opposing Counsel. The third-party adopts the affirmative obligation to notify the NYS AGO of a breach or potential breach by themselves or within their own organization, and to take such additional steps as may be directed by Counsel and/or a Court of competent jurisdiction. The third-party may be subject to injunctive or other relief.

**ACCEPTED AND AGREED TO:**

By and on behalf of the third party:           By and on behalf Counsel:

_____                 _____

Name: _____                     Aimee Cowan, Attorney
Company: _____                     NYS Attorney General's Office
Company address: _____                    Counsel to the Defendants

Company telephone: _____