# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

_____

**Nadine Gazzola**, individually, and as co-owner,
President, and as BATFE Federal Firearms Licensee
Responsible Person for **Zero Tolerance
Manufacturing, Inc.**;

**Seth Gazzola**, individually, and as co-owner, Vice
President, and as BATFE FFL Responsible Person for
**Zero Tolerance Manufacturing, Inc.**;

**John A. Hanusik**, individually, and as owner and as
BATFE FFL Responsible Person for d/b/a
"**AGA Sales**";

**Jim Ingerick**, individually, and as owner and as
BATFE FFL Responsible Person for **Ingerick's, LLC,**
d/b/a "**Avon Gun & Hunting Supply**";          Civ. No.:  1:22-cv-1134 (BKS/DJS)

**Christopher Martello**, individually, and as owner and
as BATFE FFL Responsible Person for **Performance
Paintball, Inc.**, d/b/a "**Ikkin Arms**,";

**Michael Mastrogiovanni**, individually, and as owner
and as BATFE FFL Responsible Person for "**Spur
Shooters Supply**";

**Robert Owens**, individually, and as owner and as
BATFE FFL Responsible Person for "**Thousand
Islands Armory**";

**Craig Serafini**, individually, and as owner and as
BATFE FFL Responsible Person for **Upstate Guns and
Ammo, LLC**; and,

**Nick Affronti**, individually, and as BATFE FFL
Responsible Person for "East Side Traders LLC"; and,

**Empire State Arms Collectors, Inc.**;

     **Plaintiffs**

   _v._

**KATHLEEN HOCHUL**, in her Official Capacity as
Governor of the State of New York;

**STEVEN A. NIGRELLI**, in his Official Capacity as the
Acting Superintendent of the New York State Police;

**ROSSANA ROSADO**, in her Official Capacity as the
Commissioner of the Department of Criminal Justice
Services of the New York State Police; and,

**LETICIA JAMES**, in her Official Capacity as the
Attorney General of the State of New York,

      **Defendants**

_____

## FIRST DEMAND FOR RECORDS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34:
## TO THE DEFENDANT NY GOVERNOR HOCHUL

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby request

that Defendant NY Governor Kathleen Hochul respond to the following demand for documents

on or before thirty days (30-days) from the date of service of this Demand.

## INSTRUCTIONS

(A.) The records demanded are requested to be produced in hard copy on paper. Where a
record has need to be electronically produced to support legibility, particularly due to
colored ink in professionally-produced materials, such record shall be produced in
Adobe PDF format.

(B.) The records demanded are requested by preference to be organized and labeled to
correspond to the categories of this request, or, in the alternative, as such records are kept
in the usual course of business.

(C.) Plaintiffs request Defendants make a good faith effort to produce the requested records.

(D.)  The answers to these demands should be promptly supplemented and amended as required by Fed R Civ P 26(e).

(E.)  If claim is made against providing a record due to privilege, the privilege claimed and in relationship to what record should be stated with sufficiency to allow analysis of the claimed privilege and a discussion whether an accommodation can be agreed.

(F.)  If objection is made to any demand (in whole or part), the reason for the objection shall be stated with sufficiency to allow analysis of the objection and a discussion whether an accommodation can be agreed.  Please be welcomed to contact the undersigned, on-going, for any clarification or response to question with these demands.

(G.)  If a demand cannot be complied with in full, please answer the demand to the extent possible and provide a written explanation of why full compliance cannot be achieved.

(H.)  If claim is made for a record that was destroyed, disposed of, or is otherwise incapable of being located, identify that record as completely as possible, including its author, persons with whom the record was or may have been shared, date, subject matter, date of disposal, reason for disposal, person authorizing or requesting the disposal, and the person disposing of the document.  Please also state whether the record may be obtainable from a different source.

## DEFINITIONS

(A.)  "Any" and "all" shall be read in the conjunctive and not in the disjunctive.  Neither word should be interpreted to limit the scope of a request.  Further, the use of a verb in any tense shall be construed as the use of the verb in all other tenses.  Similarly, the singular form of a noun shall be construed in the plural and vice-versa.

(B.)  "Communication" means communication across all formats, whether oral or written, whether in-person or across devises such as telephones, conversations, discussions, conferences, negotiations, agreements, meetings, interviews, letters, correspondence, notes,

telegrams, facsimiles, electronic mail, texting, social media or application messaging, memoranda, documents, writings, or other forms of communications.

(C.) "Governor Hochul" refers to NY Governor Kathleen Hochul and the personnel of the Governor's Office, as well as any third-parties working at, under, or for the Governor.

      i.   At times, there is use of "Ms. Hochul," where a response may concern her in her individual capacity, such as when, as an individual, seeking an endorsement during the political campaign for office, or in asking whether she has a concealed carry permit. This is intended to allow her to distinguish among roles. No disrespect should be inferred from this minor use of language used to distinguish roles or capacities to achieve an appropriate response to the demand.

     ii.   It may also refer to her in a prior office, such as NY Lieutenant Governor. Effort has been made to distinguish between offices held.

(D.) "Including" and "including, but not limited to" should be read interchangeably, and should serve a signaling function, in the manner of giving an example. These words should in no way limit the response to the example provided, to the reference in the pleading provided, and/or to the BATES document referenced.

(E.) "Laws complained of" and "2022 laws complained of" are those statutes and provisions thereof challenged within this pending lawsuit and which are requested to be struck down by permanent injunction or otherwise.

(F.) "Personnel," "employees," and "staff" may be used inter-changeably, herein, and should be read in the broadest sense of the common, English language use of these words, including persons who are directly employed by, whether full-time or lesser hours, whether independently contracted, whether out-sourced, and whether under contract. If a record request is housed with or otherwise under the dominant record retention policy of a third-party contractor, please respond with the documents within defendants' control and indicate who or what entity it is believed is the primary source of a given record(s).

(G.)  "Records" and "documents" are intended to convey broad, common, English language use of the words, including papers, notes, writings, transcriptions, drawings, diagrams, audio and digital recordings of oral communications by whatever means, all drafts prepared in connection with a writing; minutes; diaries; calendars; desk pads; notes; notebooks; telegrams; correspondence; letters; memoranda; bulletins; electronic mail, whether contained within single or related or networked servers as "intra-office" or "inter-office" or exchanged through external or supported platforms or applications; microfilm; facsimiles; publications; circulars; forms; pamphlets; notices; statements; journals; maps; drawings; diagrams; sketches; and Electronically Stored Information ("ESI").

  i.  "Electronically Stored Information," in relation to "records" or "documents," means any information reasonably expected to be housed, stored, or found on operational systems, such as accounting or financial data in Microsoft Excel; internal office messaging; website pages and downloadable data; government or business phone cellular data and text messages.

## DEMANDS

### NY and NYS Governor's Office Standard Operating Procedures ("SOP")

1.  Records of the Standard Operating Procedure used within or otherwise governing the NY Governor's Office in its production process of creating, drafting, retaining, and publishing written documents and other written materials such as websites, including the use of version dates and numbering.

2.  Records of the Standard Operating Procedure used within or otherwise governing the NY Governor's Office for document creation, retention, and destruction, generally.

### Background Information

1.  Records of any federal disqualification from ownership, use, or possession of a firearm of Ms. Hochul.

2. Records of any application for and concealed carry permit granted to, suspended, terminated by, or otherwise revoked from Ms. Hochul.

3. Records of any application for and semi-automatic rifle license granted to, suspended, terminated, or otherwise revoked from by Ms. Hochul.

4. Records of any registration made by Ms. Hochul for an "assault weapon," as the term is defined at NY law.

5. Records of any training or use by Ms. Hochul with a musket.

6. Records of any training by Gov. Hochul, in her personal or professional capacity, in the use of firearms.

7. Records of any membership in any rod and gun club, shooting range, gun club, or other, similar business or association of Gov. Hochul, in her personal or professional capacity. (If such membership is honorary, please so state.)

8. During her tenure of employment at the Erie County Clerk's Office, records of Ms. Hochul's "streamlining" the Erie County concealed carry permit application process. [PL BATES – HOCHUL – 000757 through 000760.]

9. During her tenure of employment at the Erie County Clerk's Office, records of Ms. Hochul "providing gun shows with the staff and technology needed to ensure that sales went through quickly and safely." [PL BATES – HOCHUL – 000757 through 000760.]

10. During her tenure of employment at the Erie County Clerk's Office, records of training received by Ms. Hochul concerning concealed carry permit application process, concealed carry permit modification request process, concealed carry permit amendment request process, and concealed carry permit violation and/or revocation process.

11. Records of co-sponsorship of and a vote cast in the 117th U.S. Congress (2011-2012) for H.R.4269, "To amend chapter 44 of title 18, United States Code, to more comprehensively

address the interstate transportation of firearms or ammunition." [PL BATES: HOCHUL – 000640 through 000645.]

12. Records of any training received by Ms. Hochul concerning federally-licensed dealers in firearms, federally-licensed pawnbrokers, or other type of relevant federal license required for business participation in the lawful stream of inter-state commerce in firearms.

13. Records forming or contributing to that Gov. Hochul is an attorney licensed by the State of New York as of November 1, 2022 (Complaint, ¶97) and March 21, 2024 (Answer, ¶97). [*C.f.,* Plaintiffs' BATES – HOCHUL – 000635 through 000636.]

14. Records of admissions to practice law in any jurisdiction of Ms. Hochul.

15. Records of any training for admission to and/or practice to the U.S. Supreme Court by Ms. Hochul.

16. Records of any judicial internships or clerkship positions of Ms. Hochul.

## 2022 Bills Signed Into Law

17. Records of written materials to and from Gov. Hochul and the Governor's Office staff and personnel that became the Bills and Bill amendments, as underlying the 2022 laws challenged, including primarily what became S.4970-A (signed by Gov. Hochul on June 6, 2022) and S.51001 (signed by Gov. Hochul on July 1, 2022).

18. Records of communication to and from Gov. Hochul and the Governor's Office staff and personnel concerning what became the Bills underlying the 2022 laws challenged, including, primarily, what became S.4970-A and S.51001.

## Persons Associated with the Process; Public Representations

19. Records of communication and documents received and/or exchanged between Gov. Hochul and the Governor's Office personnel with persons from and/or associated with "Everytown

for Gun Safety," "Everytown for Gun Safety Action Fund, Inc.," "Everytown for Gun Safety Support Fund, Inc.," "Moms Demand Action," "Giffords Law Center," "New Yorkers Against Gun Violence," and any entity affiliates, derivatives, former, or related groups, concerning the laws challenged, including, but not limited to, letters, e-mails, drafts and other communications on the topics contained within the challenged laws, schedules of meetings, lobbying disclosures, and notes from such contacts. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶91.]

20. Records of communication and documents with persons and/or entities referenced by Gov. Hochul at the podium **on June 23, 2022** at her press conference as "a team of experts, legal experts from all over this country and organizations like Everytown, true leaders." [For example, 1:22-cv-1134, doc. 1, Complaint, ¶91 and n.54; statement as made admitted in doc. 79, Answer ¶91; also, PL BATES: HOCHUL – 000655 through 000658.]

21. Records of communication and documents received and/or exchanged between Gov. Hochul and the Governor's Office personnel with Samuel Levy, Attorney, including, but not limited to, drafts and other communications on the topics contained within such challenged laws, schedules of meetings, lobbying disclosures, and notes from such contacts. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶91 and n.54; PL BATES: HOCHUL – 000730.]

22. Records of communication and documents received and/or exchanged between Gov. Hochul and the Governor's Office personnel with Dave Pucino, Attorney including, but not limited to, drafts and other communications on the topics contained within such challenged laws, schedules of meetings, lobbying disclosures, and notes from such contacts. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶91 and n.54; PL BATES: HOCHUL – 000730.]

23. Records forming or contributing to Gov. Hochul's public statements on June 23, 2022 at a press conference in response to the issuance of the *NYSRPA v. Bruen* opinion from the U.S. Supreme Court that the criminal defendant in the Tops (Buffalo, NY) murders committed was a concealed carry permittee as of May 14, 2022. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶94 and n.57 and ¶98; statement as made ¶94 admitted in doc. 79, Answer ¶94; also, PL BATES: HOCHUL – 000655 through 000658.]

24. Records forming or contributing to Gov. Hochul's public statements on June 23, 2022 at a press conference that the criminal defendant in the Parkland Elementary School (FL) murders committed was a concealed carry permittee as of February 14, 2018. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶94 and n.58 and ¶98; statement as made ¶94 admitted in doc. 79, Answer ¶94; also, PL BATES: HOCHUL – 000655 through 000658.]

25. Records forming or contributing to Gov. Hochul's public statements on June 23, 2022 at a press conference that the criminal defendant in the Uvalde Elementary School (TX) murders committed was a concealed carry permittee as of May 24, 2022. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶94 and n.59 and ¶98; statement as made ¶94 admitted in doc. 79, Answer ¶94; also, PL BATES: HOCHUL – 000655 through 000658.]

26. Records in the hands of Gov. Hochul and held up to the press and the public while at the podium on June 23, 2022 during her press conference in response to the issuance of the *NYSRPA v. Bruen* opinion from the U.S. Supreme Court. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶94, 95; statement as made admitted in doc. 79, Answer ¶94, 95; also, PL BATES: HOCHUL – 000655 through 000658.]

27. Records forming or contributing to the statements made by Gov. Hochul at the podium on June 23, 2022 at her press conference that "…somehow there's no restrictions allowed on the second amendment," including as considered to be or thought to have been based upon the text of the opinion in *NYSRPA v. Bruen*. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶96 and ¶98, 99, 100; statement as made ¶96 admitted in doc. 79, Answer ¶96; also, PL BATES: HOCHUL – 000655 through 000658.]

28. Records forming or contributing to the statements made by Gov. Hochul at the podium on June 23, 2022 at her press conference that she was anticipating issuance of *NYSRPA v. Bruen,* including taking "every possible action" explored with her "team," which response should include, wherever possible the names and dates of such persons and entities. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶103; statement as made admitted in doc. 79, Answer ¶103; also, PL BATES: HOCHUL – 000660 through 000662.]

29. Records forming or contributing to the statements made by Gov. Hochul at the podium on June 23, 2022 at her press conference that she was anticipating issuance of *NYSRPA v. Bruen,* including "with the legislature," which response should include, wherever possible the names and dates of such persons and entities. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶103; statement as made admitted in doc. 79, Answer ¶103; also, PL BATES: HOCHUL – 000660 through 000662.]

30. Records forming or contributing to the statements made by Gov. Hochul at the podium on June 23, 2022 at her press conference that she was "…<u>prepared</u> to go back to muskets…," which response should include, wherever possible the names and dates of such persons and entities. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶127, which, please note, contained an error in the pleading, Answer ¶127 thus being correct; also, PL BATES: HOCHUL – 000655 through 0006588.]

31. Records forming or contributing to the statements made by Gov. Hochul at the podium on June 29, 2022 at her press conference that "They removed our limitation on who can carry concealed weapons in our state," including as considered to be or thought to have been based upon the text of the opinion in *NYSRPA v. Bruen*. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶106; statement as made admitted in doc. 79, Answer ¶106; also, PL BATES: HOCHUL – 000673 through 000680.]

32. Records forming or contributing to the statements made by Gov. Hochul at the podium **on June 29, 2022** at her press conference that "…we have the Supreme Court of the United States of America tells us that we now have to repeal, repeal a law …," including as considered to be or thought to have been based upon the text of the opinion in *NYSRPA v. Bruen* as considered to be or thought to have been based upon the text of the opinion in *NYSRPA v. Bruen*. [For example, 1:22-cv-1134, doc. 1, Complaint, ¶107; statement as made admitted in doc. 79, Answer ¶107; also, PL BATES: HOCHUL – 000673 through 000680.]

33. Records forming or contributing to the statements made by Gov. Hochul at the podium on June 29, 2022 at her press conference that "…we are going to marshal the resources, the intellect, we've been talking to leaders in this industry, and academics and people in think

tanks…,” which response should include, wherever possible the names and dates of such persons and entities, along with third-party letters of engagement, retainer agreements, contracts, invoices, and proof of payments remitted.  [For example, 1:22-cv-1134, doc. 1, Complaint, ¶108; statement as made admitted in doc. 79, Answer ¶108; also, PL BATES: HOCHUL – 000673 through 000680.]

34. Records of communication and documents of preparation of Gov. Hochul and the Governor’s Office personnel forming or contributing to the statements made by Gov. Hochul at the podium **on July 1, 2022** that she and her personnel worked “round-the-clock” including “extraordinary team…my team has been working with our partners…  As a result of our quick work and collaboration with my partners…,” which response should include, wherever possible the names and dates of such persons and entities.  [For example, 1:22-cv-1134, doc. 1, Complaint, ¶111; statement as made admitted in doc. 79, Answer ¶111; also, PL BATES:  HOCHUL – 000684 through 000690.]

35. Records of communication and documents of preparation of Gov. Hochul and the Governor’s Office personnel forming or contributing to the statements made by Gov. Hochul at the podium on July 1, 2022 that she and her personnel worked with “outside consultants,” which response should include, wherever possible the names and dates of such persons and entities, letters of engagement, retainer agreements, contracts, and billing statements with proof of funds remitted.  [For example, 1:22-cv-1134, doc. 1, Complaint, ¶111; statement as made admitted in doc. 79, Answer ¶111; also, PL BATES:  HOCHUL – 000684 through 000690.]

36. Records of communication and documents of preparation of Gov. Hochul and the Governor’s Office personnel forming or contributing to the statements made by Gov. Hochul at the podium on July 1, 2022 that she and her personnel worked with “with constitutional and policy experts, advocates, and legislative partners,” which response should include, wherever possible the names and dates of such persons and entities, letters of engagement, retainer agreements, contracts, and billing statements with proof of funds remitted.  [For example, 1:22-cv-1134, doc. 1, Complaint, ¶113; statement as made admitted in doc. 79, Answer ¶113; also, PL BATES:  HOCHUL – 000684 through 000690.]

37. Records of communication and documents of preparation of Gov. Hochul and the Governor's Office personnel forming or contributing to the statements made by Gov. Hochul at the podium **on August 31, 2022** that she and her personnel "have advocates who are helpful in the whole process of writing legislation…," which response should include, wherever possible the names and dates of such persons and entities, letters of engagement, retainer agreements, contracts, and billing statements with proof of funds remitted. [PL BATES: HOCHUL – 000730.]

38. Records of communication and documents of preparation of Gov. Hochul and the Governor's Office personnel forming or contributing to the statements made by Gov. Hochul at the podium **on August 31, 2022** that she and her personnel "…work with legal experts from all over the country…," which response should include, wherever possible the names and dates of such persons and entities, letters of engagement, retainer agreements, contracts, and billing statements with proof of funds remitted. [PL BATES: HOCHUL – 000730.]

39. Records of communication and documents of preparation of Gov. Hochul and the Governor's Office personnel forming or contributing to the statements made by Gov. Hochul at the podium **on August 31, 2022** that she and her personnel "…went to academic institutions…," which response should include, wherever possible the names and dates of such persons and entities, letters of engagement, retainer agreements, contracts, and billing statements with proof of funds remitted. [PL BATES: HOCHUL – 000730.]

40. Records of communication and documents of preparation of Gov. Hochul and the Governor's Office personnel forming or contributing to the statements made by Gov. Hochul at the podium **on August 31, 2022** that she and her personnel "…went to thought leaders…," which response should include, wherever possible the names and dates of such persons and entities, letters of engagement, retainer agreements, contracts, and billing statements with proof of funds remitted. [PL BATES: HOCHUL – 000730.]

41. Records of communication and documents of preparation of Gov. Hochul and the Governor's Office personnel forming or contributing to the statements made by Gov. Hochul at the podium **on August 31, 2022** that she and her personnel worked with "…County Clerks,

County Executives, Sheriffs, local law enforcement, firearms dealers, and instructors…,"
which response should include, wherever possible the names and dates of such persons and
entities, letters of engagement, retainer agreements, contracts, and billing statements with
proof of funds remitted. [PL BATES: HOCHUL – 000730.]

42. Records of communication and documents of preparation of Gov. Hochul and the Governor's
Office personnel forming or contributing to the statements made by Gov. Hochul at the
podium **on August 31, 2022** that she and her personnel "…had regular meetings, had
benchmarks, and spreadsheets…," which response should include, wherever possible the
names and dates of such persons and entities, "spreadsheets," letters of engagement, retainer
agreements, contracts, and billing statements with proof of funds remitted. [PL BATES:
HOCHUL – 000730.]

43. Records of communication and documents of preparation of Gov. Hochul and the Governor's
Office personnel forming or contributing to the statements made by Gov. Hochul at the
podium **on August 31, 2022** that concealed carry permit applicants "…They would also
undergo a 16-hour classroom training…we will be the first state to require training for
firearm permits. Under the old laws some counties required but many did not. So it's time to
standardize this across the State of New York…," which response should include, wherever
possible the names and dates of such persons and entities, letters of engagement, retainer
agreements, contracts, and billing statements with proof of funds remitted. [PL BATES:
HOCHUL – 000730.]

44. Records of communication and documents of preparation of Gov. Hochul and the Governor's
Office personnel forming or contributing to the statements made by Gov. Hochul at the
podium **on August 31, 2022** that with respect to concealed carry "…So, there was a time in
our state before the effective date of this Supreme Court decision where it was clear: you
weren't allowed to carry them anywhere…," which response should include, wherever
possible the names and dates of such persons and entities, letters of engagement, retainer
agreements, contracts, and billing statements with proof of funds remitted. [PL BATES:
HOCHUL – 000730.]

45. Records of meetings, conference calls, and telephone calls of Gov. Hochul and the Governor's Office staff and personnel with any non-governmental entities or individuals from May 1, 2022 through December 31, 2022 concerning the issues and matters of the demands made herein, including, but not limited to, calendars, schedules, reminders, and lobbying notifications and disclosures.

## Press, Press Coverage

46. Records of the official social media account posts from the official accounts of Gov. Hochul concerning "NYSRPA v. Bruen," "NYSRPA," "New York State Rifle and Pistol Association," "NRA," "National Rifle Association," "U.S. Supreme Court," "Supreme Court," "Justice Thomas," "Justice Alito" from May 1, 2022 to present. The response should reasonably include typical or familiar variations used by Gov. Hochul, her staff and personnel, and the social media staff, such as "Clarence Thomas" or "Justice Clarence Thomas" or "Mr. Justice Thomas."

47. Records forming or contributing to the statements made by Gov. Hochul at the podium **on July 14, 2022** at her press conference that firearms "…they're not being sold on our streets. Legally in a store, I mean. There's no gun stores here. They're coming from other states." [For example, 1:22-cv-1134, doc. 1, Complaint, ¶124; statement as made admitted in doc. 79, Answer ¶124; also, PL BATES: HOCHUL – 000703 through 000710.]

48. Records forming or contributing to the statement made by Gov. Hochul at the podium **on September 26, 2023** following a cabinet meeting, including on Facebook live "…we just learned in the last hour that Justice Clarence Thomas – yes, the one and only – granted a request for an emergency conference in a case that is designed to dismantle New York's Concealed Carry Improvement Act." [PL BATES: HOCHUL – 000746 through 000751; also, PL BATES: HOCHUL – 000806 through 000810.]

49. Records forming or contributing to the official statement released by Gov. Hochul at the podium **on October 10, 2023**, including "…The United States Supreme Court has sided with common sense, denying the application for emergency relief that would have temporarily

dismantled New York's nation-leading gun safety laws. This news comes following the plaintiffs' last-ditch effort to get Justice Clarence Thomas to grant the same application that Justice Sonia Sotomayor had already denied, to attempt to block the law on firearms checks that we passed last year..." [PL BATES: HOCHUL – 000746 through 000751; also, PL BATES: HOCHUL – 000752.]

## County Executives and Legislatures

50. Records of communication to or from County Executives concerning NYS S.4970-A and/or S.51001 ("CCIA"), broken down as (a.) prior to enactment on July 1, 2022; (b.) in the period between enactment and the effective date; and, (c.) after the effective date.

51. Records of communication to or from County Legislatures concerning NYS S.4970-A and/or S.51001 ("CCIA"), broken down as (a.) prior to enactment on July 1, 2022; (b.) in the period between enactment and the effective date; and, (c.) after the effective date. [For example: PL BATES: COUNTY – NYSAC – 000496; PL BATES: COUNTY – ICA-WNY – 000497 through 000498; PL BATES: Counties ALLEGHANY through YATES – 000499 through 000547.]

## County Clerks

52. Records of communication from and to the NYS Association of County Clerks concerning NYS S.51001, including, but not limited to, a "Memorandum Regarding New Gun Control Legislation." [PL BATES: COUNTY – NYSACC – 000548.]

   a. Records, if any, that demonstrate communication from, to, and/or with Gov. Hochul and the NYS Association of County Clerks and/or President of that Association who is also Putnam County Clerk, Michael Bartolotti, who stated *on camera,* "From our perspective, in the very least, I would like to say from the perspective of the -- certainly the county clerks throughout the state, I think we would have really appreciated and really needed the opportunity to speak to the legislature and to the governor's office and voice our concerns, and we would be willing to give our advice and expertise to try to make the process work smoothly." [PL BATES: COUNTY – NYSACC – 000549-000550.]

53. Records of any communication to Gov. Hochul by or between the NYS Association of County Clerks, or individual county clerk's offices, concerning NYS S.4970-A and/or S.51001 broken down as (a.) prior to enactment on July 1, 2022; (b.) in the period between enactment and the effective date; and, (c.) after the effective date.

54. Records of training for NYS county clerks concerning NYS S.4970-A, including, but not limited to NYS Gen Bus L, art. 39-BB.

55. Records of training for NYS county clerks concerning NYS S.51001 (CCIA), including, but not limited to the semi-automatic rifle license, the concealed carry permit individual training requirement (whether for application and/or for recertification and/or for renewal), and the firearms and/or ammunition background check.

## County Sheriffs

56. Records of communication from Gov. Hochul and Governor's Office personnel to and between NYS Sheriff's Association, including a "Statement Concerning New York's Firearm Licensing Laws" (July 6, 2022), broken down as (a.) prior to enactment on July 1, 2022; (b.) in the period between enactment and the effective date; and, (c.) after the effective date. [PL BATES: COUNTY – NYS Sheriffs – 000551.]

## Third-Parties

57. During her tenure of office as NYS Lieutenant Governor and as NYS Governor, records of Ms. Hochul's application for endorsement and endorsement by "Everytown for Gun Safety Action Fund." [For example, PL BATES: HOCHUL – 000832 through 000833.]

58. Records of receipt and/or review by Ms. Hochul, individually, and/or Gov. Hochul and the Governor's Office personnel, of a "Global Strategy Group" Memorandum from January 2021, titled "New Survey Shows Persuadable Voters Want Urgent Action from Biden Administration and Congress on Gun Safety." [PL BATES: HOCHUL – 000827 through 000831.]

59. Records of any communication by Ms. Hochul, individually, and Gov. Hochul and the Governor's Office personnel, to or from "Global Strategy Group," whether directly from the entity or through a third-party entity or individual. [As example, PL BATES: HOCHUL – 000827 through 000831.]

60. Records of Ms. Hochul's application for endorsement by and communication with the National Rifle Association and/or the National Rifle Association Victory Fund in or about 2008 to in or about 2014.

61. Records of any communication by Gov. Hochul and the Governor's Office personnel to or from the NRA, NRA-ILA, NYS Rifle & Pistol Association, GOA-NY, SCOPE, Second Amendment Foundation, Firearms Policy Coalition, 1791 Society, or other, similar group or association concerning NYS S.4970-A and/or S.51001 prior to enactment.

62. Records of any communication by Gov. Hochul and the Governor's Office personnel to or from the NRA, NRA-ILA, NYS Rifle & Pistol Association, GOA-NY, SCOPE, Second Amendment Foundation, Firearms Policy Coalition, 1791 Society, or other, similar group or association concerning NYS S.4970-A and/or S.51001 ("Concealed Carry Improvements Act") subsequent to enactment, concerning the challenged laws.

63. Records of communication by Gov. Hochul and the Governor's Office staff and personnel and the "National Shooting Sports Foundation" ("NSSF"), including, but not limited to Larry Keane, from January 2021 through the present, which demand may include term(s) as Lt. Gov. of New York.

**New York Records in Federal FBI NICS Indices**

- **Transmission of New York (state) Records to the Federal Government**

64. Records of decision-making and determination by and/or including Gov. Hochul, which may have been made with input from and/or by and between the NYS Police, the NY Attorney General, and/or the NY DCJS, that the State of New York would <u>not</u> and will <u>not</u> report records of one or more categories of federally-disqualified persons to the FBI for the NICS

database, which response should include any records relied upon during that decision-making and determination process. This response may also include records from the period of service as Lt. Gov.

65. Records of decision-making and determination by and/or including Gov. Hochul, which may have been made with input from and/or by and between the NYS Police, the NY Attorney General, and/or the NY DCJS, that the State of New York will report one or more categories of federally-disqualified persons to the FBI for the NICS database, which response should include any records relied upon during that decision-making and determination process. This response may also include records from the period of service as Lt. Gov.

66. Records of decision-making and determination by and/or including Gov. Hochul, which may have been made with input from and/or by and between the NYS Police, the NY Attorney General, and/or the NY DCJS, of the definition of and criteria used for the determination that a person would be reported to the FBI for the NICS database as having been involuntarily committed to a mental institution or otherwise disqualified under 18 U.S.C. §922(g)(4), which response should include any records relied upon during that decision-making and determination. This response may also include records from the period of service as Lt. Gov.

67. Records of decision-making and determination by and/or including Gov. Hochul, which may have been made with input from and/or by and between the NYS Police, the NY Attorney General, and/or the NY DCJS, that the State of New York would become a "Point of Contact" or "Partial Point of Contact" state between the FFL and the ATF/FBI, which response should include any records relied upon during that decision-making and determination. This response may also include records from the period of service as Lt. Gov..

## Conversion to a New York Point of Contact System Under Exec §228

### - Decision-Making and Notification to FFLs

68. Records of communication of Gov. Hochul by and between the NYS Police, the NY Attorney General, and/or the NY DCJS concerning the take-over of the NICS background check system from the ATF/FBI to become a Point of Contact State or Partial Point of Contact State, including, but not limited to, the decision-making process and implementation of a system for background checks of handguns, rifles, shotguns, and antique firearms (as those terms are defined at federal law).

69. Records of communication of Gov. Hochul by and between the NYS Police, the NY Atorney General, and/or the NY DCJS concerning the initiation, operation of, and relationship to, the take-over of the NICS background check system from the ATF/FBI to become a Point of Contact State or Partial Point of Contact State.

70. Records of the communications of Gov. Hochul by and between the NYS Police on the notification to FFLs concerning the intended state take-over of the NICS background check system from the ATF/FBI to become a Point of Contact State or Partial Point of Contact State, including records demonstrating how and to whom such communication was made, whether in whole or in part, and whether successfully delivered to the intended recipients or not, including any electronic system error messages particularly those with date and time information.  [See, for example, Plaintiffs' BATES: NYS – POLICE – 000119 through 000120.]

71. Records of communication between the NYSP, the Governor, the Attorney General, the DCJS, the ATF, and the FBI for notification of FFLs to originate from the FBI to FFLs on behalf of the NYSP and/or the Governor, concerning the date of the intended state take-over of the ATF/FBI NICS background check system to become a Point of Contact State. [For example, see Plaintiffs' BATES: NYS POLICE – 000123 through 000124 and 000127 through 000129.]

72. Records demonstrating, interpreting, or otherwise indicating any authority for the NYSP to operate as a full POC state for the background check, specifically on the requested purchase of a "shotgun" or "rifle," as those terms are defined as a matter of federal law.

73. Records demonstrating, interpreting, or otherwise indicating any authority for the NYSP to operate as a POC for the background check on the requested purchase of an "antique firearm," as that term is defined as a matter of federal law.

74. Records of communication between federal and state personnel, including Gov. Hochul, using the word "firearm" in connection with the anticipation of and run-up to the September 13, 2023 take-over of the NICS background check system direct interface with FFLs in New York, including, but not limited to, any records that identify, alert, discuss, or claim to reconcile differences and distinctions between the federal and state definitions and other terminology.

- **Notification to the Federal Government**

75. Records of Governor Hochul, which may include by and between the NYS Police, the NY Attorney General, the NY DCJS, the U.S. ATF, and the FBI, for the notification <u>to the federal government</u> of the state government intention to take-over the NICS background check system from the ATF/FBI to become a "Partial Point of Contact State" or a "Point of Contact State."

**"Periodic Premises Inspections"**

76. Records of Gov. Hochul's decision and/or participation in the decision-making process on whether and when "periodic premises inspections" were or will be commenced under NY Gen Bus L §875, as the term is used in NY Gen Bus L §875-g(2).

77. Records of Gov. Hochul's decision and/or participation in the decision-making process on whether and when to commence periodic premises inspections of "Dealers in Firearms."

78. Records of any communication to initiate, pause, cease, or terminate the initiation, development, and/or completion of NYSP "periodic premises inspections" to fulfill responsibilities under NY Gen Bus L §875, along with any other format in which the on-site visits by the NYSP is designated to occur.

79. Records reviewed by Gov. Hochul, including, but not limited to, in 2023, regarding the commencement of periodic premises inspections or other, related form of site visits.

80. Records of Gov. Hochul's decision and/or participation in the decision-making process of selections of a "Dealer in Firearms" for periodic premises inspections.

81. Records of any metric, criteria, or systematic approach by Gov. Hochul and/or participation in the analysis of information collected from NYSP personnel going to a "Dealer in Firearms" for period premises inspections, and how that analysis corresponds to a decision whether and when to charge a "Dealer in Firearms" under NY Gen Bus L §875-i.

82. Records of any alternatives to NY Gen Bus L §875-i as identified, considered, selected, or otherwise directed by Gov. Hochul and/or participation in the decision-making process for following a "periodic premises inspection" through a lesser charge, a violation, or an alternative administrative course.

83. Records of whether Gov. Hochul decided and/or participated in the selection of a business for a periodic premises inspection as limited to one which holds a current "Dealer in Firearms" license, or, whether it also includes FFLs with New York business premises that do not have a current "Dealer in Firearms" license. If such periodic premises inspection have been, are, or will be conducted at FFLs with no state license, please include in responses to all records demands of this section such FFLs, in addition to "Dealers in Firearms."

84. Records of whether Gov. Hochul decided and/or participated in the initiation of investigation(s) and/or transmission of "subpoenas" demanding documents and/or sworn testimony, issuing from the NY Office of the Attorney General to FFLs and/or "Dealers in Firearms."

85. Records of reports from the NYS Police, the NY Attorney General, the NY DCJS or other federal or state government entity on performance statistics for the state background check system for firearms and ammunition.

86. Records from the NYS Police, the NY Attorney General, the NY DCJS, or other federal or state government entity on the database created through the state operation of the background check system for firearms and ammunition, including the number of transactions, the number of records amassed, the number of distinct person records, and the number of denied transactions.

87. Records of whether Gov. Hochul decided and/or participated in the criteria or metric for disqualification of a person undergoing a state-operated background check and what those criteria and metric are whether previously, currently, or under future consideration, including whether there is any distinction between disqualification on the requested purchase of a firearm versus disqualification on the requested purchase of ammunition.

## Relating to the NY Legislature and Governor

88. Records of communication to and from Gov. Hochul and the Governor's Office personnel and Assembly and/or Senate officials and personnel prior to the vote taken on the bills that contain the 2022 challenged provisions, including, but not limited to, the bills, bill drafts, bill memorandum, bill jackets, and other, associated legislative materials from draft to passage.

89. Records of communication to and from Gov. Hochul and the Govern's Office personnel and the NYS Police prior to the signing of the bills that contain the 2022 challenged provisions, including, but not limited to, the bills, bill drafts, bill memorandum, bill jackets, and other, associated legislative materials from draft to passage.

90. Records of the NYS Police annual reports required to be provided to the Governor, Senate Majority Leader, and the Assembly Speaker under NY Gen Bus L §875-b(2)(b).

Dated: October 4, 2024
        Keene Valley, New York

*Paloma A. Capanna*

Paloma A. Capanna, Attorney
Counsel of Record for the Plaintiffs
106-B Professional Park Drive
Beaufort, North Carolina 28516
(315) 584-2929 mobile
(252) 515-6737 business