# *Paloma A. Capanna*
## *Attorney & Policy Analyst*

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 95 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (252) 515-6737 | |
| (315) 584-2929 mobile | |

*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,
2d & 4th Cir., U.S. Supreme Court*

October 4, 2024

Aimee Cowan, Esq.
NYS Office of the Attorney General     *via e-mail*
300 South State Street, Suite 300     *& via USPS Priority Mail on 10.04.2024*
Syracuse, New York 13202

     *Re:*    *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
            Case No. 1:22-cv-1134 (BKS/DJS)

To Ms. Cowan:

     Enclosed and served are two demands under Fed R Civ P 34 for records, as directed to the NY Gov. Hochul and the NYS Police. I apologize that my style is cumbersome. It does include various references to the Complaint, Answer, one or two of the Motion for TRO/PI papers, and BATES documents. The BATES documents have pulled through most of the Motion for TRO/PI previously filed exhibits. Paper copies of these Demands will go into tomorrow's mail (as noted, above).

     Into today's mail went box #4 of documents from the Plaintiffs, primarily concerning Gov. Hochul. You will need those materials to work with the BATES in her Demand. Most of the NYSP documents were transmitted in earlier boxes.

     This was a huge number of moving parts. What this means is that I will do the much shorter demands for the DCJS and the NY OAG by Monday, very tightly related to the enclosed Demands. At this point, I have a critical mass of Plaintiff documents ready to work on responses with them. I will also do a sweep of any additional documents I may have to supplement those I have been transmitting.

     Thank you for the opportunity to advance the case to this point. I will go through your demands with the Plaintiffs beginning bright and early next week. Preparing these materials through today's date has given me a deeper and different insight than did the motion litigation. It was nice to be back to the issues in a more tangible form. A lot has happened in the near 2-1/2 years since this journey began.

     I cannot help but remark, on a personal note, that for all the time I spent studying the Governor this week, she appears to have no idea or appreciation what our case is about or what

our industry represents in the discussion of public safety. Her "Statement" issued October 10, 2023, after SCOTUS declined our third effort, more than proves the point that she simply needs a bad guy. (See BATES 000752.) How unfortunate.

      Please let me know if you have any questions about the various materials of this date.

Respectfully submitted,

*Paloma A. Capanna*

Paloma A. Capanna

encls.