UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nadine Gazzola, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for Zero Tolerance Manufacturing, Inc., et al.<br><br>                                                            *Plaintiffs*,<br><br>      -against-<br><br>KATHLEEN HOCHUL, in her official capacity as Governor of the State of New York; STEVEN A. NIGRELLI, in his Official Capacity as the Acting Superintendent of the New York State Police; ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and LETITIA JAMES, in her official capacity as Attorney General of the State of New York.<br><br>                                                              *Defendants*. | 1:22-cv-1134<br>(BKS/DJS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

                                                                         LETITIA JAMES
                                                                         Attorney General of the State of New York
                                                                         *Attorney for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT………………………………………………………………………………...3

**POINT I:   DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS……………………………………..3**

    A. Defendants' pending motion presents substantial arguments for dismissal that weigh in favor of a stay……………………………………………………………….4

    B. The breadth of discovery and the Defendants' burden in responding to it weighs in favor of a stay……………………………………………………………………6

    C. There is no risk of unfair prejudice to the Plaintiffs…...............................................9

**CONCLUSION**……………………………………………………………………………10

**TABLE OF AUTHORITIES**

**CASES**

Alford v. City of New York, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498 (E.D.N.Y. Mar. 20, 2012)……………………………………………………………………………………..3

Amron v. 3M Minnesota Mining & Manufacturing Company, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010 (E.D.N.Y. Jan. 24, 2024)……………………………………………………….4

Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996)………………..4

Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 630 F. Supp. 2d 295 (S.D.N.Y. 2009)……………………………………………………………………………………………8

Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113 (E.D.N.Y. 2006)………8

Cohen v. Saraya USA, Inc., No. 23CV08079NJCJMW, 2024 WL 198405 (E.D.N.Y. Jan. 18, 2024)……………………………………………………………………………………………7

Cuhadar v. Savoya LLC, No. 24-CV-3615, 2024 WL 4142151 (E.D.N.Y. Sept. 11, 2024)………5

Do No Harm v. Pfizer Inc., 96 F.4th 106 (2d Cir. 2024)…………………………………………..5

Gazzola v. Hochul, 88 F.4th 186 (2d Cir. 2023)……………………………………...1, 2, 4, 5, 6, 9

Gazzola v. Hochul, 645 F. Supp. 3d 37 (N.D.N.Y. 2022)……………………………………....1, 5

Gross v. Madison Square Garden Ent. Corp., No. 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, (S.D.N.Y. Oct. 17, 2023)……………………………………………………………………..3

Heinert v. Bank of Am., N.A., No. 19-CV-6081L, 2019 WL 1778145 (W.D.N.Y. Apr. 23, 2019)……………………………………………………………………………………………7

In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286 (S.D.N.Y. 2002)……………………10

Josie-Delerme v. Am. Gen. Fin. Corp., No. CV 2008-3166 NG/MDG, 2009 WL 497609 (E.D.N.Y. Feb. 26, 2009)……………………………………………………………………………………..8

Lu v. Cheer Holding, Inc., No. 24 CIV. 459 (RA) (GS), 2024 WL 1718821 (S.D.N.Y. Apr. 19, 2024)……………………………………………………………………………………….4, 5

Nietzke v. Williams, 490 U.S. 319 (1989)………………………………………………………..8

O'Sullivan v. Deutsche Bank AG, No. 17CIV8709LTSGWG, 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018)……………………………………………………………………………………….7, 10

Renois v. WVMF Funding, LLC, No. 20-CV-9281 (LTS) (DF), 2021 WL 1721818 (S.D.N.Y. Apr. 30, 2021)……………………………………………………………………………………..5

Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675 (S.D.N.Y. 2018)…………………….4

Rivera v. Heyman, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997)……………………………………4

Salese v. JP Morgan Chase & Co., No. 23-CV-153 (GRB) (JMW), 2023 WL 5047890 (E.D.N.Y. Aug. 8, 2023)………………………………………………………………………………………3

Separ v. Cnty. of Nassau, 2021 WL 2474263 (E.D.N.Y. June 17, 2021)………………………….6

Sharma v. Open Door NY Home Care Servs., Inc., 345 F.R.D. 565 (E.D.N.Y. 2024)…………….3

Short v. City of Rochester, No. 22-CV-6263-EAW-MJP, 2024 WL 4002449 (W.D.N.Y. Aug. 30, 2024)……………………………………………………………………………………….5, 7, 8, 9

Spinelli v. Nat'l Football League, No. 13 CIV. 7398 (RWS), 2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015)……………………………………………………………………………………………..8

Spira v. TransUnion, LLC, No. 7:23-CV-04319-NSR, 2023 WL 5664215 (S.D.N.Y. Sept. 1, 2023)…………………………………………………………………………………..4, 6, 7, 9, 10

TentandTable.com, LLC v. Aljibouri, No. 22-CV-78-LJV-MJR, 2022 WL 2009528 (W.D.N.Y. June 6, 2022)……………………………………………………………………………………...…5

United States v. County of Nassau, 188 F.R.D. 187 (E.D.N.Y. 1999)…………………………….8

Weitzner v. Sciton, Inc., No. 05-CV-2533 (SLT) (MDG), 2006 WL 3827422 (E.D.N.Y. Dec. 27, 2006)………………………………………………………………………………………….....3

**STATUTES**

Fed. R. Civ. P. 12(b)(1)……………………………………………………………………….1, 3, 4

Fed. R. Civ. P. 12(c)…………………………………………………………………………..1, 3, 4

Fed. R. Civ. P. 26(c)(1)……………………………………………………………………………3

## PRELIMINARY STATEMENT

In this case, several New York-based gun dealers challenge a host of state laws pertaining to the sale and purchase of firearms, including, *inter alia*, requirements for background checks, safe storage, employee training, and record-keeping, as well as compliance certification requirements. Plaintiffs assert their claims against four individually-named defendants: "KATHLEEN HOCHUL, in her official capacity as Governor of the State of New York, STEVEN A. NIGRELLI, in his official capacity as the Acting Superintendent of the New York State Police, ROSSANA ROSADO, in her official capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police, and LETITIA JAMES, in her official capacity as the Attorney General of the State of New York." See ECF No. 1, generally.

On October 25, 2024, Defendants filed a motion to dismiss Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and lack of standing and pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. See ECF No. 104. Defendants respectfully request that discovery be stayed pending resolution of this motion.

First, Defendants have made a strong showing that the Plaintiffs' claims are unmeritorious. Defendants' pending motion is grounded in large part on the Second Circuit's decision affirming this Court's decision to deny plaintiffs' motion for a preliminary injunction. See Gazzola v. Hochul, 88 F.4th 186, 196 (2d Cir. 2023). Consequently, through those decisions, both this Court and the Second Circuit have already confirmed that several of Plaintiffs' claims are insufficient as a matter of law. See generally Gazzola v. Hochul, 645 F. Supp. 3d 37 (N.D.N.Y. 2022); Gazzola v. Hochul, 88 F.4th 186 (2d Cir. 2023). The pending motion may terminate the instant matter, which makes proceeding with discovery a waste of both the parties' resources and judicial resources.

1

Second, the breadth of discovery in this case has the potential to be wide-ranging and Defendants face a heavy burden in responding to it. Even if the motion does not fully terminate this case, many of Plaintiffs' claims have already been rejected by the Second Circuit. Consequently, the claims in this case—and the breadth and burden of discovery—could be substantially reduced.

Third, there is no risk of unfair prejudice to Plaintiffs because the Second Circuit has already ruled that the record shows no significant potential of prejudice to the Defendants and discovery is still in its early stages. Further, mere passage of time is insufficient to constitute prejudice to a party opposing a stay.

## STATEMENT OF FACTS

On November 1, 2022, Plaintiffs filed their Complaint for the instant matter. (ECF No. 1). On November 8, 2022, Plaintiffs filed a motion seeking a preliminary injunction and/or temporary restraining order. (ECF No. 13). Defendants responded to Plaintiffs' motion (ECF No. 29), Plaintiffs filed a reply (ECF No. 33) and the Court held an evidentiary hearing on December 1, 2022. This Court ultimately denied Plaintiffs' motion. (ECF No. 42). Plaintiffs appealed the decision to the Second Circuit, and the Second Circuit affirmed this Court's decision on December 8, 2023. See Gazzola v. Hochul, 88 F.4th 186.

After Plaintiffs unsuccessfully filed several appeals to the United States Supreme Court, during which the parties requested that the deadline for responsive pleadings be stayed, Defendants answered Plaintiffs' Complaint on March 21, 2024 (ECF No. 79). Rule 26 Disclosures have been exchanged by the parties. While the parties exchanged discovery demands on October 4, 2024, they have not engaged in any further discovery. See ECF No. 101. On October 25, 2024, Defendants filed a motion to dismiss Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ.

P. 12(b)(1) for lack of subject matter jurisdiction and lack of standing and pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. ECF No. 104. For the reasons stated below, Defendants respectfully request that discovery be stayed pending resolution of this motion.

## ARGUMENT

**POINT I:    DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully request that discovery in this matter be stayed, pending the results of the motion. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Sharma v. Open Door NY Home Care Servs., Inc., 345 F.R.D. 565, 567–68 (E.D.N.Y. 2024) (citing Salese v. JP Morgan Chase & Co., No. 23-CV-153 (GRB) (JMW), 2023 WL 5047890, at *1 (E.D.N.Y. Aug. 8, 2023)). "The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." Id., citing Weitzner v. Sciton, Inc., No. 05-CV-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). However, Fed. R. Civ. P. 26(c)(1) allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Id., citing Gross v. Madison Square Garden Ent. Corp., No. 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citations omitted). To that end, upon a showing of good cause, "a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." Id. (citations and quotation marks omitted).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." Id., citing Alford v. City of New York, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate,

3

courts typically consider: (1) whether the Defendants have made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id. (citing Amron v. 3M Minnesota Mining & Manufacturing Company, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) (citation and quotation marks omitted)); see also Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

### A. Defendants' pending motion presents substantial arguments for dismissal that weigh in favor of a stay.

The first factor that the Court must consider is whether the Defendants have made a strong showing that the plaintiff's claim is "unmeritorious." This factor is satisfied by a showing that the defendant's motion presents "substantial arguments for dismissal." Lu v. Cheer Holding, Inc., No. 24 CIV. 459 (RA) (GS), 2024 WL 1718821, at *3 (S.D.N.Y. Apr. 19, 2024). "In other words, if a strong dispositive motion 'may significantly narrow, if not eliminate, the issues remaining in the case,' then proceeding with discovery while the motion pends 'would waste the parties' resources and would constitute an undue burden on defendants.'" Spira v. TransUnion, LLC, No. 7:23-CV-04319-NSR, 2023 WL 5664215, at *1 (S.D.N.Y. Sept. 1, 2023) (citing Rivera v. Heyman, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). Consequently, courts in this circuit have held that good cause may be shown where "a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss." Id. (citing Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996)).

Here, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c) makes a strong showing that the plaintiffs' claims are unmeritorious. See generally, ECF No. 104. In fact, the motion is grounded in large part on the Second Circuit's decision affirming this Court's decision to deny plaintiffs' motion for a preliminary injunction. See Gazzola v. Hochul, 88 F.4th

4

at 196. Consequently, through those decisions, both this Court and the Second Circuit have already confirmed that several of Plaintiffs' claims are insufficient as a matter of law. See generally Gazzola v. Hochul, 645 F. Supp. 3d 37; Gazzola v. Hochul, 88 F.4th 186.

Additionally, Defendants' motion raises threshold challenges to the Court's subject matter jurisdiction with respect to Governor Hochul and Commissioner Rosado. ECF No. 104-7 at 10-14. Defendants' subject matter jurisdiction claims are further bolstered by a recent Second Circuit decision directly applicable to this case, that establishes a defendant must be dismissed from an action when a plaintiff moves for a preliminary injunction but fails to establish subject matter jurisdiction. See Do No Harm v. Pfizer Inc., 96 F.4th 106, 121 (2d Cir. 2024). Dispositive motions that raise threshold challenges to the Court's subject matter jurisdiction weigh heavily in favor of granting a stay of discovery pending resolution of the motion. See Cuhadar v. Savoya LLC, No. 24-CV-3615, 2024 WL 4142151, at *5 (E.D.N.Y. Sept. 11, 2024) (citing Renois v. WVMF Funding, LLC, No. 20-CV-9281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting a stay of discovery pending the resolution of Defendants' jurisdictional motion is warranted)).

Finally, because the motion seeks dismissal of Plaintiffs' complaint in its entirety, if it succeeds, it would be case-dispositive. See Lu, 2024 WL 1718821 at *3. Resolution of this motion is highly likely to "shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.'" Short v. City of Rochester, No. 22-CV-6263-EAW-MJP, 2024 WL 4002449, at *4 (W.D.N.Y. Aug. 30, 2024) (citing TentandTable.com, LLC v. Aljibouri, No. 22-CV-78-LJV-MJR, 2022 WL 2009528, at *1 (W.D.N.Y. June 6, 2022)). Because a decision on this motion "may significantly narrow, if not eliminate, the issues remaining in the case" proceeding with discovery while the motion is pending would substantially waste both

the parties' resources and the Court's resources. See Spira, 2023 WL 5664215 at *1. Further, since it is likely that one or more of the named defendants are not proper parties to this action, discovery pertaining to those defendants would be exceedingly wasteful. See ECF No. 104-7 at 10-14. As mentioned above, because many of Plaintiffs' claims have been deemed insufficient has a matter of law, see Gazzola v. Hochul, 88 F.4th 186, at a minimum, resolution of the pending motion will streamline discovery issues.

In sum, Defendants' pending motion presents substantial arguments for dismissal that weigh heavily in favor of a stay.

### B. The breadth of discovery and the Defendants' burden in responding to it weighs in favor of a stay.

Where, as here, the "breadth of discovery has the potential to be wide-ranging," courts have granted a stay pending resolution of a dispositive motion. Spira, 2023 WL 5664215 at *2 (citing Separ v. Cnty. of Nassau, 2021 WL 2474263, at *4 (E.D.N.Y. June 17, 2021)). In this case, Plaintiffs' Complaint is approximately 126 pages long and challenges thirty-one New York statutory firearms provisions. ECF No. 1, ¶¶ 28, 32. The Complaint alleges several causes of action against four defendants, one of whom is the Governor of the State of New York, one of whom is the Attorney General of the State of New York, and the other two defendants are cabinet-level officials who lead two of the most significant law enforcement agencies in the State. Consequently, the breadth of discovery in this matter is vast and the burden of responding to discovery in this matter is immense.

In fact, Plaintiffs recently served two separate document demands pursuant to Rule 34. They served approximately 90 document demands directed towards the Governor (see Declaration of Aimee Cowan, Exhibit A) and 95 document demands directed to the New York State Police (see Cowan Decl., Exhibit B). Each document demand is broad, requiring entire state agencies (the

6

New York State Police, the Division of Criminal Justice Services and the New York Attorney General) and the office of the highest elected official in the State to search for responsive materials. Many of the demands request records reflecting specific "communications," which are defined broadly in Plaintiffs' document requests. This type of demand alone places a substantial burden on defendants, given that electronic mail discovery could involve hundreds of custodians and dozens of search terms. Short, 2024 WL 4002449 at *5, (citing Heinert v. Bank of Am., N.A., No. 19-CV-6081L, 2019 WL 1778145, at *2 (W.D.N.Y. Apr. 23, 2019) (finding that the burden factor favored a stay based on "the broad and burdensome nature of the requested discovery" which seeks information from numerous persons, and requests broad categories of documents and electronic discovery).

Additionally, according to Plaintiffs' cover letter dated October 4, 2024, there are *more* document demands forthcoming for the Division of Criminal Justice Services and the Office of the Attorney General. See Exhibit C. And, Plaintiffs' counsel indicated via email dated October 3, 2024, that she anticipates further rounds of document demands and that she intends to serve deposition notices in January 2025 (a mere three months away), with an accompanying demand to produce additional documents at the depositions. See Exhibit D.

This significant burden could easily be ameliorated by waiting until a decision is reached on the pending motion. A stay would avoid the waste of "precious resources" that would be expended by Defendants in reviewing, analyzing, and preparing documents to respond to Plaintiff's requests. Cohen v. Saraya USA, Inc., No. 23CV08079NJCJMW, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024); Spira, 2023 WL 5664215 at *2. And in fact, as discussed under Point I (A), supra, "the areas of discovery may well be substantially reduced, if not eliminated, as to certain named defendants here." See O'Sullivan v. Deutsche Bank AG, No. 17CIV8709LTSGWG,

7

2018 WL 1989585, at *8 (S.D.N.Y. Apr. 26, 2018). This factor weighs heavily in favor of a stay, because Defendants' motion may "obviate the need for potentially onerous discovery." Short, 2024 WL 4002449 at *5 (citing Josie-Delerme v. Am. Gen. Fin. Corp., No. CV 2008-3166 NG/MDG, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009)).

Additionally, "[b]y conserving judicial resources, a stay will serve not only the interest[s] of the [Court], but also the interests of the [p]arties, the non-parties, and the public in 'an orderly and efficient use of judicial resources.'" Short, 2024 WL 4002449 at *6, citing Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) (alterations added and quotation omitted). A stay while Chief Judge Sannes adjudicates the pending motion to dismiss has "the advantage of simplifying and shortening discovery in the event that" some, or all of plaintiffs' claims, are resolved. Id. (citing Spinelli v. Nat'l Football League, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (citing Nietzke v. Williams, 490 U.S. 319, 326–27 (1989)).

As government entities that provide public services, "[c]ompliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not ultimately be necessary in this action." Id. at *7, citing Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (alterations added). For the defendants, "it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention . . . would be an unnecessary expense" if the defendants' motion to dismiss is ultimately granted. Id., citing United States v. County of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999).

Finally, absent a stay, the parties will undoubtedly engage in discovery disputes that will need resolution if the matter proceeds—which could require a significant amount of the Court's resources. The efforts of the Court and the parties to resolve these disputes "will be for naught" if

the defendants prevail on their motion, either in whole or in part. See Short, 2024 WL 4002449 at *6.

### C. There is no risk of unfair prejudice to the Plaintiffs.

If the Court were to stay discovery pending resolution of Defendants' motion, there is no risk of unfair prejudice to the Plaintiffs. First, the Second Circuit has already ruled that the record shows no significant potential of prejudice to the Defendants, see Gazzola II, 88 F.4th at 197 ("But, besides Appellants' say-so, there is no evidence that those regulations will impose such burdensome requirements on firearms dealers that they restrict protections conferred by the Second Amendment."); id. at 197 (Plaintiffs' claim of harm "finds no support in record evidence. . . .While a few of Appellants' sworn declarations contain some estimates of the financial impact of New York's commercial regulations, their declarations are speculative, focus only on their businesses, and offer no documentary evidence in support."). Additionally, as discussed in Defendants' pending motion, publicly available information subject to judicial notice demonstrates that firearms sellers (including Plaintiffs themselves) continue to market guns without substantial interference. See ECF No. 104-7 at 25-33.

Second, this case is still technically in its early stages—discovery responses have not yet been exchanged and depositions have not yet taken place. While there has been motion practice in this case, that motion was advanced by Plaintiffs, in which they sought preliminary injunctive relief and then pursued several appeals at the Second Circuit and, subsequently, the Supreme Court of the United States. See Spira, 2023 WL 5664215, at *2 (because minimal discovery has occurred Plaintiff's burden thus far is minimal).

Finally, "[t]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any

9

stay." O'Sullivan, 2018 WL 1989585 at *9 (citing In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002)); Spira, 2023 WL 5664215 at *2.  Consequently, Plaintiffs cannot argue that Defendants' request for a stay should be denied solely due to the potential for the passage of time.

Because there is no risk of unfair prejudice to Plaintiffs, this factor weighs in favor of granting Defendants' motion to stay.

## CONCLUSION

Defendants respectfully request that the Court stay discovery in this matter pending resolution of the Defendants' motion to dismiss.

| | |
|---|---|
| Dated: Syracuse, New York<br>November 1, 2024 | LETITIA JAMES<br>Attorney General of the State of New York<br>*Attorney for Defendants*<br>300 S. State Street, Ste. 300<br>Syracuse, New York 13202<br><br>By: **s/Aimee Cowan**<br>Aimee Cowan<br>Assistant Attorney General, of Counsel<br>Bar Roll No. 516178<br>Telephone: (315) 448-4800<br>Fax: (315) 448-4853<br>Email: aimee.cowan@ag.ny.gov |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2024, she filed Defendants' Motion to Stay by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

    Paloma A. Capanna, Esq.
    Attorney for Plaintiffs
    106-B Professional Park Drive
    Beaufort, North Carolina 28516

Dated: Syracuse, New York
       November 1, 2024

                                          LETITIA JAMES
                                          Attorney General of the State of New York
                                          Attorney for Defendants
                                          300 S. State Street, Suite 300
                                          Syracuse, New York 13202
                                          By: **_s/Aimee Cowan_____**
                                          Aimee Cowan, Esq.
                                          Assistant Attorney General
                                          Bar Roll No. 516178
                                          Telephone:     (315) 448-4800
                                          Fax: (315) 448-4853
                                          Email: aimee.cowan@ag.ny.gov