*Paloma A. Capanna*
*Attorney & Policy Analyst*

---

106-B Professional Park Drive                                                                          P. O. Box 495
Beaufort, North Carolina 28516                                                          Keene Valley, New York 12943
(252) 515-6737
(315) 584-2929 mobile
*\*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,*
 *2d & 4th Cir., U.S. Supreme Court*

---

November 4, 2024

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
100 South Clinton Street                                              *via CM/ECF*
Syracuse, New York 13261


Re:     Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.
        Case No. 1:22-cv-1134 (BKS/DJS)


To the Hon. Brenda K. Sannes:

   This correspondence is a request to coordinate schedules in advance of responding to the State's two motions (doc. 104 and 105). It also requests an immediate stay of discovery, *pending resolution of the (undated) Notice of Motion for stay by the State (doc. 105)*. There were and are multiple, inter-locking discovery dates effected by the motions. I initiated an e-mail to Ms. Cowan on October 31, 2024, to which she sent a partial response, and the morning after which she filed the second motion. The State filing both motions as "notices" – as opposed to order to show cause – results in this letter requesting immediate judicial oversight.

   Pending are bi-lateral demands that were served timely to the CMP on October 4, 2024. The responses were due today, Monday, November 4, 2024. On October 31, 2024, we agreed to extend the responses through a ruling on the motion for stay. I would prefer this be part of reorganizing the calendar for the case.

   I today further communicated with Ms. Cowan. Here are the itemized requests for calendaring to which Ms. Cowan concurs:

1. An immediate stay of discovery, *pending the ruling on the Notice of Motion for stay (doc. 105)*, including Demands dated and served October 4, 2024, and all CMP deadlines, beginning October 25, 2024 (service of Motion to Dismiss).

2. Doc. 105: date for Plaintiffs' Answer to Defendants' Notice of Motion for stay pending ruling on Motion to Dismiss (doc. 104) as Wednesday, November 13, 2024. (I apologize that this date necessarily takes into consideration filing deadlines in two other cases.)

November 4, 2024
Page 2

3. Doc. 104: (a.) date for Plaintiffs' Answer with Cross-Motion to Defendant's Motion to Dismiss – as Friday, January 10, 2025; (b.) date for Defendants' Reply/Answer to Cross-Motion – as Friday, February 7, 2025; and, (c.) date for Plaintiffs' Reply to Cross-Motion – as Friday, March 7, 2025.

4. Request for judicial teleconference, if items #1 - #3 are not agreeable to the Court.

I have one immediate point to cover. I do not want the Court to have a false impression that this case is dormant or lagging on the part of the Plaintiffs. It was incorrect to submit "Rule 26 Disclosures have been exchanged by the parties and while the parties exchanged discovery demands on October 4, 2024, they have not engaged in any further discovery." Doc. 105-1, ¶5 (repeated in Memorandum, 105-6, p. 6).

I draw the Court's attention to the State's filed documents at doc. 105-4 and 105-5 as but two indicia of the work by Plaintiffs after the August 23, 2024 Rule 26 plus the "Discovery Stipulation." Worth quickly noting is that I did send four boxes with approximately 200 Bates-numbered documents, including large ATF data sets on jump drives, between August 23, 2024 and October 4, 2024. Those shipments, each time, included (as professional courtesy) a detailed index with cross-references to any prior filings of the documents. Yes, I am constantly trying to engage with opposing counsel concerning the discovery schedule and content.

A fifth group of documents was anticipated to concurrently ship with responses to the State's Fed. R. Civ. P. 33/34 of Plaintiffs. Ours is a specialized industry. Ms. Cowan's demands asked for standard things like NY Department of State corporate status. She did not ask for the licenses required by Plaintiffs to operate. I was in process of responding with documents beyond the demand to provide true notice of what we will demonstrate to make the claims.

In more than one teleconference, Magistrate Stewart made clear there is no automatic stay, pending a motion to dismiss. Ms. Cowan reflects this in "Point I" of her "Memorandum of Law" (doc. 105-6, p. 7), where she quotes "The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." (citation omitted)

Filing on notice without advance coordination has caused unnecessary confusion. I need to be sure Plaintiffs are protected against preclusion, as much as to compel (if necessary), and that Plaintiffs are able to respond to the motions in an orderly manner.

The assistance of the Court is respectfully requested.

Respectfully submitted,

*Paloma A. Capanna*

Paloma A. Capanna

c.: Aimee Cowan, Esq., NYS Office of the Attorney General (via CM/ECF)