UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NADINE GAZZOLA, *individually and as
Co-owner, President, and as BATFE Federal
Firearms Licensee Responsible Person for Zero
Tolerance Manufacturing, Inc.*, et al.,

                      Plaintiffs,

            v.                              1:22-CV-1134
                                                  (BKS/DJS)

KATHLEEN HOCHUL, *in her Official Capacity as
Governor of the State on New York*, et al.,

                      Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

LAW OFFICE OF PALOMA A. CAPANNA, P.C.    PALOMA A. CAPANNA, ESQ.
*Attorney for the Plaintiffs*
106-B Professional Park Drive
Beaufort, NC 28516

NEW YORK STATE ATTORNEY GENERAL        AIMEE COWAN, ESQ.
*Attorney for the Defendants*
Syracuse Regional Office
300 South State Street – Suite 300
Syracuse, NY 13202

**DANIEL J. STEWART
United States Magistrate Judge**

## DECISION AND ORDER

      This case, which generally alleges that New York's commercial regulations on the sale of firearms and ammunition violate Plaintiffs' Second Amendment right to acquire firearms and ammunition, was originally filed on November 1, 2022. Dkt. No. 1. Shortly thereafter, Plaintiffs sought a preliminary injunction from the District Court

which, after an evidentiary hearing, was denied. Dkt. No. 42. That decision was appealed to the Second Circuit Court of Appeals, which affirmed. *Gazzola v. Hochul*, 88 F.4th 186 (2d Cir. 2023). A petition for writ of certiorari was denied by the United States Supreme Court on June 17, 2024. *Gazzola v. Hochul*, 144 S. Ct. 2659 (2024).

On March 21, 2024, after the matter was returned to the District Court, the Defendants answered the Complaint. Dkt. No. 79. This Court scheduled a Rule 16 conference, which was held on July 2, 2024, after the denial of certiorari. *See* Dkt. No. 90. At that conference a discussion of potential dispositive motions and a stay of discovery was raised, but this Court did not grant such a stay at that time. Rather, discovery deadlines were set which called for the exchange of mandatory disclosures and initial discovery demands by August 9, 2024. *Id*. Further, joinder of parties and amendment of pleadings was required by October 30, 2024. The deadline for discovery in the case was set for May 30, 2025. The parties subsequent request to extend the deadline to amend the Complaint or to join new parties was denied. Dkt. No. 101.

On October 25, 2024, three- and one-half months after the Rule 16 conference, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) and for judgment on the pleadings pursuant to Rule 12(c). Dkt. No. 104. Defendants have now formally sought a stay of discovery pending the outcome of the potentially dispositive Motions. Dkt. No. 105. Plaintiff's counsel has opposed the Motion insofar as it seeks a complete stay, but in the alternative proposed a "Tiered" system of discovery consistent with the protective order issued in the case, and with only a stay on discovery of the most confidential of documents. Dkt No. 109.

Plaintiff's counsel notes that the request for a stay was only filed after she had served her discovery demands and had provided Defense counsel with hundreds of documents. *Id.* at ¶¶ 11, 19-20. Oral argument was held on Defendants' Motion to Stay on December 12, 2024, and this Order follows.

FED. R. CIV. P. 26(c) provides that it is entirely within the Court's discretion, where good cause has been shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" "This rule is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *Dabney v. Maddock*, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011). This Court may also control the timing and sequence of discovery pursuant to Rule 26(d). Courts in this district have emphasized that "[w]hen exercising the discretion conferred under Rule 26(c), in response to a motion to stay discovery during the pendency of a dismissal motion, a court must determine whether the party seeking the stay has established the existence of 'good cause' for the requested delay." *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006) (internal citations omitted). The mere filing of a dismissal motion, without more, however, does not necessarily create an entitlement to such a stay. *Id.*

After careful consideration of the relevant factors in favor of, and against, the stay of discovery, the Court concludes that such a stay is appropriate, and that good cause has been shown. In making this determination, the Court recognizes several

salient points. First, the proposed stay will, at least initially, lengthen a case that is already over two years old. Nevertheless, there is judicial economy in having the Motion to Dismiss decided so that this Court can, based upon what if anything is left, fashion an appropriate discovery schedule and monitor the demands to make sure that only evidence which is proportionally relevant to the needs of the case is pursued. In that regard, the Court has reviewed the voluminous discovery demands from Plaintiff that are presently outstanding and recognizes the significant burden that will be created going forward in responding to those demands, both in terms of the amount of information requested, as well as the strong likelihood of the need for discovery motions dealing with the breadth of the demands and potential privilege issues. Plaintiffs' suggestion of a "Tiered" discovery system does not appear, in the Court's view, to be a workable alternative.

With regard to the delay, the Court also notes that the delay that has been incurred to date can be attributed, primarily, to the Plaintiffs' failed request for a preliminary injunction, and the subsequent appeal of that denial to the United States Supreme Court. On the other hand, the District Court is now familiar with the issues that are presented on the present Rule 12 Motion, as they were addressed in part on the ruling denying the preliminary injunction. This may well favorably impact the timing of the decision on the Motion to Dismiss.

Further, the Court inquired at oral argument regarding the possibility of some limited discovery while the proposed stay is pending. Many of the items which the Plaintiffs are seeking are believed to be discoverable through FOIL, *see* Dkt No. 109 at

¶ 39, and defense counsel acknowledged that properly filed FOIL requests could continue while any stay is in place. The Court agrees with that view. Moreover, a significant aspect of discovery in this case will involve Plaintiffs' ability to establish that the law, as written and/or as applied, fundamentally and practically affects their clients' customers' ability to purchase and maintain firearms. *See Gazzola v. Hochul*, 88 F.4th at 196 n.6 ("We have no present occasion to set out specific guidance as to how a trial court must assess evidence that a commercial regulation is stifling the individual right of access to firearms (*assuming a plaintiff one day produces it*).") (emphasis added). Nothing in the present stay would prevent Plaintiffs' counsel from gathering this relevant information and either voluntarily providing it to defense counsel while the Rule 12 motion is pending, or assembling the records and information to deliver it shortly after any stay is lifted.

For the reasons set forth above, and further articulated by AAG Cowan in her papers and during oral argument, Defendants' Motion for a protective order staying discovery during the pendency of the Motion to Dismiss, is granted. *See Nat'l Rifle Ass'n of Am. v. Cuomo*, 2020 WL 7338588 (N.D.N.Y. Dec. 14, 2020).

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Motion for an Order staying discovery in this matter until the Defendants' pending Motion to Dismiss is resolved, or until a further order of this Court (Dkt. No. 105), is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**IT IS SO ORDERED**.

Dated: December 19, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge