# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

---

**Nadine Gazzola**, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**Seth Gazzola**, individually, and as co-owner, Vice President, and as BATFE FFL Responsible Person for **Zero Tolerance Manufacturing, Inc.**;

**John A. Hanusik**, individually, and as owner and as BATFE FFL Responsible Person for d/b/a **"AGA Sales"**;

**Jim Ingerick**, individually, and as owner and as BATFE FFL Responsible Person for **Ingerick's, LLC,** d/b/a **"Avon Gun & Hunting Supply"**;

**Christopher Martello**, individually, and as owner and as BATFE FFL Responsible Person for **Performance Paintball, Inc.**, d/b/a **"Ikkin Arms,"**;

**Michael Mastrogiovanni**, individually, and as owner and as BATFE FFL Responsible Person for **"Spur Shooters Supply"**;

**Craig Serafini**, individually, and as owner and as BATFE FFL Responsible Person for **Upstate Guns and Ammo, LLC**; and,

**Nick Affronti**, individually, and as BATFE FFL Responsible Person for **"East Side Traders LLC,"**

    Plaintiffs

    *v.*

**KATHLEEN HOCHUL**, in her Official Capacity as Governor of the State of New York;

**STEVEN G. JAMES**, in his Official Capacity as the Superintendent of the New York State Police;

**ROSSANA ROSADO**, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and,

Civ. No.: 1:22-cv-1134

Hon. Brenda K. Sannes

**LETITIA JAMES**, in her Official Capacity as the
Attorney General of the State of New York,

  **Defendants**

_____

  **PLEASE TAKE NOTICE** that Plaintiffs, by their attorney, Paloma A. Capanna, upon the accompanying Memorandum of Law, Statement of Materials Facts in Support of Partial Motion for Summary Judgment (in accordance with N.D.N.Y. L.R. 56.1), Declarations in Support, and the Complaint in this action, will cross-motion this District Court before the Hon. Brenda K. Sannes, Chief Judge, at the United States Courthouse, 100 South Clinton Street, Syracuse, New York on such date and time and with such oral arguments as may please the Court, as follows:

 I. For an order denying Defendants' Motion to Dismiss (ECF-104); and,

 II. For an order of partial summary judgment pursuant to Fed. R. Civ. P. 56 in the form of a partial permanent injunction enjoining Defendants NYSP and NY DCJS from promulgating or otherwise publishing regulations and regulatory materials under such statutorily-conferred authority as has now expired in NY S.4970-A (2021-2022 Regular Session), NY S.9458 (2021-2022 Regular Session), and NY S.51001 (2022 Extraordinary Session) and enjoining them from enforcement under and of such provisions as are itemized in Plaintiffs' "Statement of Material Facts" under L.R. 56.1 and below; and,

 III. For such other, further, and different relief as to this Court is just, including, as may be appropriate with leave to amend the Complaint to reflect recent

Stipulations and such further Stipulations or rulings as may be achieved to advance this case.

Plaintiffs respectfully request a partial permanent injunction restraining Defendants Superintendent of New York State Police and Commissioner of New York Division of Criminal Justice Services and their officers, agents, servants, employees, and all other persons in concert or participation with them who receive notice of the injunction from enforcing the following:

(**I.**) NY Gen Bus §875-b(2), sent. 2 and 3 (standards for security alarm systems);

(**II.**) NY Gen Bus §875-e(3) (records of mandatory employee training);

(**III.**) NY Gen Bus §875-f (form and period of retention of certain records);

(**IV.**) NY Gen Bus §875-g(1)(b) (annual dealer certification);

(**V.**) NY Gen Bus ¶875-g(2)(a) (periodic premises inspections);

(**VI.**) NY Gen Bus §875-h (additional rules and regulations);

(**VII.**) NY Pen §400.02(2) (certification the statewide license and record database and the statewide license and record database for ammunition sales are "operational");

(**VIII.**) NY Pen §400.03(2) and (6) (manual ammunition and non-specified transaction records);

(**IX.**) NY Pen §400.00(7) (semi-automatic rifle license); and,

(**X.**) NY Exe §235(1), NY Exe §837(23)(a), NY Pen §§400.00(19) (standardized concealed carry training "materials," "curriculum," "written test for the curriculum" and instructor approval by the DCJS).

Dated:  Keene Valley, New York
        January 16, 2025

*Paloma A. Capanna*
Paloma A. Capanna, Attorney
Attorney for the Plaintiffs
106-B Professional Park Drive
Beaufort, North Carolina 28516
(252) 515-6737
(315) 584-2929 mobile
pcapanna@yahoo.com
N.D.N.Y. Bar Roll No.: 703996

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Paloma A. Capanna*
Paloma A. Capanna