UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Nadine Gazzola, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for Zero Tolerance Manufacturing, Inc., et al.;

*Plaintiffs*,

-against-

KATHLEEN HOCHUL, in her official capacity as Governor of the State of New York; STEVEN A. NIGRELLI, in his Official Capacity as the Acting Superintendent of the New York State Police; ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and LETITIA JAMES, in her official capacity as Attorney General of the State of New York.

*Defendants*.

**DEFENDANTS' RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**
1:22-cv-1134
(BKS/DJS)

Pursuant to Rule 7.1(a)(3) of the Local Rules of this Court, KATHLEEN HOCHUL, in her official capacity as Governor of the State of New York; STEVEN G. JAMES, in his Official Capacity as the Superintendent of the New York State Police; ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and LETITIA JAMES, in her official capacity as Attorney General of the State of New York ("Defendants"), respond to Plaintiffs' Statement of Material Facts as follows[1]:

1. On June 6, 2022, Gov. Hochul signed into law NYS S.4970-A (2021-2022 Regular

---

[1] Plaintiffs' Statement of Material Facts includes multiple headings containing legal arguments and opinions that do not comport with the requirements of N.D.N.Y. L.R. 56.1, which requires that all alleged material facts be set forth in numbered paragraphs with citations to the record. Consequently, the assertions made in Plaintiffs' headings do not require a response and they should be ignored. Nevertheless, Defendants dispute the assertions made in Plaintiffs' headings that are not factual in nature and provide no citation to the record. Additionally, Plaintiffs' Statement of Material Facts contain approximately 56 footnotes, many of which contain Plaintiffs' impermissible commentary and legal arguments, that also do not comport with the requirements of N.D.N.Y. L.R. 56.1. Consequently, the assertions made in Plaintiffs' footnotes do not require a response and they should be ignored. Nevertheless, Defendants dispute the assertions made in Plaintiffs' footnotes that are not factual in nature and provide no citation to the record.

Session). ECF-1, ¶28 (signed into law); ECF-1, ¶29 (attached to Complaint) with ECF 1-3 (bill); ECF-79, ¶28 (admitted signed into law).

**RESPONSE**: **Undisputed.**

2. A copy of NYS S.4970-A was attached to the Complaint. ECF 1-3.

**RESPONSE**: **Undisputed.**

3. No amendments were made to NY Gen Bus, art. 39-BB, including, NY Gen Bus §875, since Gov. Hochul signed NYS S.4970-A into law on June 6, 2022.

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a).**

**Notwithstanding and without waiving such objection, undisputed.**

4. NYS S.4970-A contained, *inter alia*, what became the new NY Gen Bus, art. 39-BB, titled within the bill as "Preventing the Unlawful Sale of Firearms, Rifles, and Shotguns to Individuals with a Criminal Record." ECF 1-3, p.3:1-3.

**RESPONSE**: **Undisputed.**

5. The new article at NY Gen Bus, art. 39-BB, included NY Gen Bus §875. ECF 1-3, p. 3-5.

**RESPONSE**: **Undisputed.**

6. NYS S.4970-A concluded with §5, which set the deadline for the completion of regulatory responsibilities by the Superintendent of the NYS Police on or before the effective date of the new law, as follows:

> "§5. This act shall take effect on the one hundred eightieth day after it shall have become a law. Effective immediately, the addition, amendment and/or repeal of any rule or regulation necessary for the implementation of this act on its effective date <u>are authorized to be made and completed on or before such effective date</u>."

> ECF 1-3 (bill), p. 7:28-32 (emphasis added); ECF 33-1, p. 2.

**RESPONSE**: **DISPUTED. <u>See</u> Declaration of Attorney Michael Deyo ("Deyo Decl."), ¶**

**4. Plaintiffs mischaracterize the law. There was no mandatory deadline by which rules and regulations were to be issued, only authorization to begin rulemaking before the statutory effective date.**

7. NYS S.4970-A was signed into law on June 6, 2022, making 180-days from that date to be December 5, 2022. ECF-1, ¶1; ECF-79, ¶1 (admit effective date).

**RESPONSE**: **Undisputed.**

8. The legislatively-conferred authority to the Superintendent of the NYS Police expired for the completion of regulatory responsibilities, including NY Gen Bus §875. ECF 1-3, p. 7:28-32.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles v. Keyser, No. 16 CIV. 5778 (CM), 2019 WL 4383187, at \*2 (S.D.N.Y. Aug. 21, 2019) (citing Siddiqi v. N.Y.C. Health & Hosps, Corp., 572 F. Supp. 2d 353, 368 (S.D.N.Y. 2008) ("Of course, [a] conclusory statement is not evidence.").**

**Notwithstanding and without waiving these objections, disputed. See Deyo Decl., ¶ 4. Plaintiffs mischaracterize the law. There was no mandatory deadline by which rules and regulations were to be issued.**

9. The laws contained within NYS S.4970-A, *inter alia,* NY Gen Bus, art. 39-BB, were the enabling statutes that delegated or assigned responsibilities to various agencies, offices, and divisions of the NY Executive Branch, including the NYS Police Superintendent.

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Additionally, Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 4. Plaintiffs mischaracterize the law. The laws contained within S.4970-A "are" the enabling statutes, not "were."**

10. On December 5, 2022, the requirements of NY Gen Bus, art. 39-BB, including NY Gen Bus §875, went into effect for those possessing a state "Dealer in Firearms" license under NY Pen

§400.00. ECF 1-3, p. 3:14-15 ("Dealer" means a gunsmith or dealers in firearms licensed pursuant to section 400.00 of the penal law.").

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving these objections, undisputed.**

11. Plaintiffs are state licensees in their name or in the name of their businesses as "Dealers in Firearms" in accordance with NY Pen §400.00. *With regard to Plaintiff's New York businesses and New York "business premises," see* ECF-1, ¶6 (Gazzola), ¶7 (Hanusik), ¶8 (Ingerik), ¶9 (Martello), ¶10 (Mastrogiovanni), ¶12 (Serafini), ¶13 (Affronti). *With respect to Plaintiffs' state licenses as "Dealers in Firearms," see* ECF-1, ¶19, *also,* Gazzola, N., doc. 13-2, ¶15 (Columbia Co.); Serafini, doc. 13-4, ¶7 (Schenectady Co.); Mastrogiovanni, doc. 13-5, ¶6 (Onondaga Co.); Martello, doc. 13-6, ¶15 (Monroe Co.); Affronti, doc. 13-7, ¶7 (Wayne Co.); Hanusik, doc. 13-9, ¶7 (Greene Co.).

**RESPONSE**: **Undisputed.**

12. Plaintiffs are subject to NY Gen Bus §875 basis their New York state licenses as "Dealers in Firearms" under NY Pen §400.00. Gazzola, N., Decl., ¶25.

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. There is inadequate citation to the record to respond to the alleged facts**.

13. NYS S4970-A contained multiple legislative assignments to the NYSP Superintendent to perform specified regulatory actions. ECF 1-3 (bill); ECF-1, ¶31 with subpara. and notes; ¶156 with subpara.

**RESPONSE:** Defendants object to this assertion as a pure conclusion of law, which does not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi,</u> 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc. v. GEICO</u>, No. 15 Civ. 2926, 2024 WL 1242616, at *8 (E.D.N.Y. Mar. 16, 2020); <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> No. 16-CV-9778 (KMK), 2022 WL 337072, at *21 (S.D.N.Y. Feb. 4, 2022) (citing <u>Henek v. CSC Holdings</u> *LLC*, 449 F. Supp. 3d 35, 38 n.2 (E.D.N.Y. 2020) (collecting cases).

Notwithstanding and without waiving these objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.

14. NYS S.4970-A at §875-a(7) defines "Superintendent" to mean "…the superintendent of state police." ECF 1-3, p. 3:32 (bill).

**RESPONSE**: Undisputed.

15. The NYSP Superintendent did not establish through regulation the "standards" for mandated **security alarm systems** in accordance with NY Gen Bus §875-b(2), sent. 2 and 3, as follows:

> "Standards for such security alarm systems <u>shall be established by the superintendent in regulations</u>. Such security alarm systems may be developed by a federal or state agency, a not-for-profit organization, or another entity specializing in security alarm standards <u>approved by the superintendent for the purposes of this act</u>."
>
> ECF 1-3, p. 3:45-47 (bill, emphasis added); ECF 1, ¶31(c) with n.14, ¶156(a); ¶181(c), ¶¶250-252; ECF 33-1, p. 1.

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi,</u> 572 F. Supp. 2d at 368).

Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary

judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at
*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21
(citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38 n.2).

Notwithstanding and without waiving such objections, disputed. <u>See</u>
Deyo Decl., ¶ 7, Exhibit A; <u>see</u> 9 NYCRR § 482-2.3.

16. The NYSP Superintendent did not promulgate regulations setting forth minimum

requirements for maintaining **records of mandatory employee training** under NY Gen Bus

§875-e(3), as follows:

> "The superintendent <u>shall promulgate regulations</u> setting forth
> minimum requirements for the maintenance of records of such
> training."
>
> ECF 1-3, p. 4:37-39 (bill, emphasis added); ECF-1, ¶31(e) with
> n.16, ¶156(b)-(c); ¶181(e), ¶265 and ¶271; ECF 33-1, p. 1.

**<u>RESPONSE</u>: Defendants object, given that Plaintiffs have failed to cite to the record
in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a).
Defendants object to this assertion as a conclusory statement and pure
conclusion of law, which do not belong in a Rule 56.1 statement and
should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at
*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not
evidence that can be considered by the Court in support of a summary
judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at
*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21
(citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u>
Deyo Decl., ¶ 7, Exhibit A; <u>see</u> 9 NYCRR § 482-2.4.**

17. The NYSP Superintendent did not promulgate the form and period of retention for a **book of

records** to be established and maintained under NY Gen Bus §875-f, as follows:

> "Every dealer shall establish and maintain a book, or if the dealer
> should choose, an electronic-based record of purchase, sale,
> inventory, and other records at the dealer's place of business <u>in such
> form and for such period as the superintendent shall require</u>…"
>
> ECF 1-3, p. 4:40-45 (bill, emphasis added); ECF-1, ¶31(g) with n.17

and 18, ¶156(d); ¶181(f), ¶¶283-285; ECF 33-1, p. 1.

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at \*21 (citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 7, Exhibit A; <u>see</u> 9 NYCRR § 482-2.5.**

18. The NYSP Superintendent did not promulgate regulations of the form and content of an

**annual dealer certification** under NY Gen Bus §875-g(1)(b), sent. 2, as follows:

"The superintendent <u>shall by regulation determine</u> the form and content of such annual certification."

ECF 1-3, p. 5:19-20 (bill, emphasis added); ECF-1, ¶31(k) (*sic*) with n.20 and 21, ¶156(f); ¶181(i), ¶286; ECF 33-1, p. 1.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at \*21 (citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 7, Exhibit A; <u>see</u> 9 NYCRR § 482-2.6. NYSP has also developed the GENL-123 form that dealers can use to certify compliance.**

19. The NYSP Superintendent did not promulgate regulations relating to **periodic premises**

**inspections** under NY Gen Bus §875-g(2)(a), as follows:

> "The superintendent <u>shall promulgate regulations</u> requiring periodic inspections of not less than one inspection of every dealer every three years, during regular and usual business hours, by the division of state police of the premises of every dealer to determine compliance by such dealer with the requirements of this article."

> ECF 1-3, p. 5:22-26 (bill, emphasis added); ECF-1, ¶31(l) with n.22, ¶156(g) ; ECF 33-1, p. 1.

**<u>RESPONSE</u>: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi,</u> 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 7, Exhibit A; <u>see</u> 9 NYCRR § 482-2.6.**

20. The NYSP Superintendent did not promulgate any **additional** "rules and regulations" as he may have deemed "necessary" to prevent the diversion of firearms from the lawful stream of commerce under NY Gen Bus §875-h, as follows:

> "The superintendent <u>may promulgate such additional rules and regulations</u> as the superintendent shall deem necessary to prevent firearms, rifles, and shotguns from being diverted from the legal stream of commerce."

> ECF 1-3, p. 5:38-41 (bill, emphasis added); ECF-1, ¶31(m), ¶156(h); ECF 33-1, p. 2.

**<u>RESPONSE</u>: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi,</u> 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary**

judgment motion. **See** <u>Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at *21 (citing <u>Henek</u>, *LLC*, 449 F. Supp. 3d at 38 n.2).

Notwithstanding and without waiving such objections, disputed. **See** Deyo Decl., ¶ 7, Exhibit A, <u>see</u> 9 NYCRR Subpart 482-2.

21. More than two years have passed since the deadline for performance of the NYSP

Superintendent of regulatory responsibilities under legislatively-conferred authority through

NYS S.4970-A (ECF 1-3, §5).

**RESPONSE**: **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 4. Plaintiffs mischaracterize the law. There was no mandatory deadline by which rules and regulations were to be issued.**

22. The Superintendent of the NYSP should now be enjoined from performing regulatory functions

or otherwise enforcing against Plaintiffs, witnesses, and others similarly effected and within the

jurisdiction of the court the provisions at NY Gen Bus §875-b(2), sent. 2 and 3 (standards for

security alarm systems); NY Gen Bus §875-e(3) (records of mandatory employee training); NY

Gen Bus §875-f (form and period of retention of certain records); NY Gen Bus §875-g(1)(b),

sent. 2 (annual dealer certification); NY Gen Bus §875-g(2)(a) (periodic premises inspections);

and NY Gen Bus §875-h (any additional rules and regulations).

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' legal arguments are impermissible and should not be considered. <u>See</u> <u>Checksfield v. IRS</u>, No. 21 Civ. 1180, 2024 WL 21549, at *2 (N.D.N.Y. Jan. 2, 2024).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons set forth in Defendants' accompanying Memorandum of Law.**

23. The Division of NYS Police issue regulations into the Official Compilation of Codes, Rules and Regulations ("NYCRR"), Title 9, sub. K. ECF-1 at ¶¶168 and 169.

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, undisputed.**

24. The NYSP did not issue regulations concerning NY Gen Bus §875 to the NYCRR, Title 9, sub. K to accord to NYS S.4970-A. ECF-1, ¶169; Gazzola, N., Decl., ¶27.

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 7, Exhibit A; see 9 NYCRR Subpart 482-2.**

25. The Division of NY State Police are exempted from the State Administrative Procedure Act. NY SAP §102(1) (the definition of "Agency" "shall not include…the division of state police…); ECF-1 at ¶168; ECF-43, TR 30:15-25, 31:1-10 (Dec. 8, 2022).

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and**

**should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

26. On or about December 6, 2022, the NYSP published content to their website page "Resources for Gun Dealers" (https://gunsafety.ny.gov/resources-gun-dealers), including also to the NYSP searchable document database at https://troopers.ny.gov/system/files/documents/2022/12/dealer-faq.pdf in the form of a downloadable Adobe PDF version of the website content, as a document titled "Frequently asked Questions for Dealers Regarding Recent Changes to New York Firearm Laws" ("Issued December 6, 2022"). Affronti, ECF 13-7, ¶32.

<u>**RESPONSE**</u>: **Undisputed**.

27. The NYSP website page "Resources for Gun Dealers" and the FAQ memo includes as the first question and answer, as follows:

> **Q.   Where are the new dealer requirements that become effective December 3, 2022 (*sic*) located in the law?**
>
> A.  New York General Business Law, Article 39-BB, Sections 875-a through 875-i are the new laws that dealers must comply with.  In addition, the New York State Police ("NYSP") <u>will be publishing regulations,</u> to be codified in Title 9 of the New York Codes, Rules and Regulations ("NYCRR"), Subtitle K, Part 482, Sections 482-2.1 through 482-2.6 (*sic*)." (boldface in original).

<u>**RESPONSE**</u>: **Undisputed**.

28. Website content, on its own, does not have the effect of regulations.

<u>**RESPONSE**</u>:  **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Further, Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' impermissible**

> commentary, along with impermissible legal arguments, should not be considered. See Checksfield, 2024 WL 21549 at *2.

29. The NYS Police published content to one or more of its websites since NYS S.4970-A was signed into law on June 6, 2022, but website content, alone, does not constitute "regulations."

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Further, Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

**Notwithstanding and without waiving such objections, undisputed.**

30. On or about December 6, 2022, the NYSP published content to their website pages "Resources for Gun Dealers" (https://gunsafety.ny.gov/resources-gun-dealers), including also to the NYSP searchable document database at https://troopers.ny.gov/system/files/documents/2022/12/dealer-faq.pdf a downloadable Adobe PDF version of the website content into a document titled "Frequently Asked Questions for Dealers Regarding Recent Changes to New York Firearm Laws" ("Issued December 6, 2022"). Gazzola, N., ECF 13-2, ¶40(a).

**RESPONSE**: **Undisputed**.

31. The NYSP website page "Resources for Gun Dealers" and the FAQ memo includes questions and answers, as follows, which relate to the specific statutory provisions requested to be permanently enjoined, herein:

> **"Q. When will dealers be required to certify compliance with all the requirements of Article 39-BB?** A. Annual compliance certifications must be submitted to the New York State Police by January 31 of each year. The initial compliance certification *will not be due until* January 31, 2024." (boldface in original, emphasis added.)

> **"Q. Where can I find a compliance certification form?** A. The

New York State Police *will publish* a compliance certification form on its website and will provide instructions for how to electronically submit these forms." (boldface in original, emphasis added)

"**Q. Where are the requirements for security alarm systems that dealers must implement?** A. The requirements and standards for security alarm systems *are documented in* New York General Business Law Section 875-b(2) and Title 9 of the NYCRR, Section 482-2.3 (*sic*)." (boldface in original, citation error in the original, emphasis added)

"**Q. When will the New York State Police begin conducting the required compliance inspections?** A. *There is no official start date identified at this time. Dealers will be given reasonable notice before any compliance inspection.*" (boldface in original, emphasis added.)

**RESPONSE:** **Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, it is undisputed that the referenced website contains a FAQ memorandum that provides the quoted information. Dispute that the plaintiffs are entitled to the relief alleged for the reasons set forth in Defendants' accompanying Memorandum of Law.**

32. The NYSP website page https://gunsafety.ny.gov/resources-gun-dealers continues to publish this same statement as of access date January 15, 2025.

**RESPONSE:** **Defendants object to this assertion regarding "this same statement" given that Plaintiffs fail to identify what "statement" to which they refer. Consequently, Defendants cannot respond to this assertion.**

33. The NYSP website page https://gunsafety.ny.gov/resources-gun-dealers continues to publish the preceding question and answer as of access date January 15, 2025.

**RESPONSE: Undisputed.**

34. The NYSP website page https://gunsafety.ny.gov/resources-gun-dealers is a live website page, including new content as of on or about January 7, 2025 (see, "Required Dealer

Warning," effective January 7, 2025).

**RESPONSE**: **Undisputed**.

35. Commencement of the NYSP premises inspections under NY Gen Bus §875-g(2)(a) was

contingent upon the Superintendent promulgating regulations. ECF-1, p. 18, n.22.

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Additionally, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, *LLC*, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 9. Plaintiffs mischaracterize the law. There is no such contingency specified in the statute.**

36. Individual NYSP officers are going to the business premises of Dealers with unofficial

"checklists" of varying formats with thirty-one (31) questions relating to NY Gen Bus §875.

**Sehlmeyer**, Affd., ¶4, ¶¶23-25 with prior appellate affidavit reaffirmed and attached,

including "checklist" from July 25, 2023 and attached thereto; **Serafini-1**, Affd., ¶¶6,-7

with prior appellate affidavit reaffirmed and attached including "checklist" from August 9,

2023 and attached thereto; **Serafini-2**, Affd., ¶¶14-35 with second "checklist" from January

19, 2024 and again on January 31, 2024) and attached thereto; "Checklist" – **redacted**

dealer identifying information; **Liuni**, Affd., ¶¶64-65 from January 30, 2024 and attached

thereto; **Ingerick**, ¶108 and attached.

**RESPONSE**: **Disputed. See Deyo Decl., ¶ 10, Exhibit B. There is an official form, the GENL-122, that is to be used for dealer inspections. Further, Defendants cannot fully respond to this assertion as the facts are not fully available to them. See Fed. R. Civ. P. 56(d).**

37. A "checklist" is not self-authenticating. Fed. R. Evd. 902(1)(A).

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' impermissible commentary, along with impermissible legal arguments, should not be considered. See Checksfield, 2024 WL 21549 at \*2.**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 10, Exhibit B. There is an official form, the GENL-122, that is to be used for dealer inspections.**

38. A "checklist" does not bear the NYSP logo. Fed. R. Evd. 902(1)(A).

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 10, Exhibit B. There is an official form, the GENL-122, that is to be used for dealer inspections.**

39. A "checklist" is not a numbered and published form for statewide use. Fed. R. Evd.

902(1)(A).

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 10, Exhibit B. There is an official form, the GENL-122, that is to be used for dealer inspections.**

40. No "checklist" is referenced in the NYSP website page "Resources for Gun Dealers"

([https://gunsafety.ny.gov/resources-gun-dealers](https://gunsafety.ny.gov/resources-gun-dealers)).

**RESPONSE**:  **Undisputed.**

41. The "checklist" is not locatable through the NYSP searchable database of documents at

https://troopers.ny.gov/new-york-state-police-publications.

**RESPONSE**:  **Undisputed.**

42. Individual NYS Police officers use a "checklist" during on-site interactions with dealers in

firearms, including officers from the NYSP "Joint Terrorism Task Force" ("JTTF") and/or

the "Bureau of Criminal Investigation" ("BCI").

**RESPONSE: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 11.  The plaintiffs mischaracterize the officers who are conducting dealer inspections.**

43. The "checklist" is in multiple formats, bearing the same or substantially similar thirty-one

(31) questions.

**RESPONSE: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 10, Exhibit B.  There is an official form, the GENL-122, that is to be used for dealer inspections.**

44. One "checklist" (redacted as to identifying dealer information) includes a "NY Annual

Firearm Dealer Compliance Certification." Gazzola, N., Decl., ¶¶28-29.

**RESPONSE:  Defendants object, given that Plaintiffs have failed to properly cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). The paragraphs cited within Plaintiff Gazzola's declaration do not cite to the referenced "checklist" itself. Consequently, Defendants cannot respond to this assertion.**

45. The "checklist" includes "yes/no" style questions, including, but not limited to, as relevant to

the provisions seeking to be summarily enjoined, as follows:

- "4.  Is the dealer's business premises secured by a security alarm system that is installed and maintained by a properly licensed security alarm operator?"

- "14.  Are records documenting the successful completion of the required employee training maintained <u>for at least five years</u> following the completion of such training by each employee?"

- "18.  Does the dealer maintain a record book or electronic-based record of purchase, sale, inventory, and other records of the dealer's place of business?"

- "19.  Does the dealer submit a copy of records to the State Police every April and October?"

- "20.  Do the records include…?"

- "21.  Are monthly backups of paper records…"

- "22.  If the dealer chooses to maintain an electronic-based record system…"

- "23.  Does the dealer record the…"

- "25.  Is sold firearm, rifle, and shotgun disposition information…"

- "26.  Are the records documenting…"

- "30.  Does the dealer annually certify to the New York State Police, by January 31 of each year, that the dealer has complied with all requirements of Article 39-BB of the General Business Law?"

- "31.  Does the dealer provide the division of state police full access to the dealer's premises for periodic inspection?"

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a).

Notwithstanding and without waiving such objections, Plaintiffs are not entitled to the relief alleged for the reasons stated in their accompanying Memorandum of Law.

46. Twelve (12) of the Thirty-One (31) "yes/no" questions on the "checklist" relate to provisions under NY Gen Bus §875 sought to be enjoined hereby.

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at *2.

Notwithstanding and without waiving such objections, Plaintiffs are not entitled to the relief alleged for the reasons stated in their accompanying Memorandum of Law.

47. An unofficial "checklist" does not equate to published regulations under the N.Y.C.R.R. in accordance with NY Gen Bus §875-g(2)(a).

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, undisputed. However, <u>see</u> Deyo Decl., ¶ 10, Exhibit B. There is an official form, the GENL-122, that is to be used for dealer inspections.

48. Because the NYSP Superintendent did not published the regulations required under NY Gen Bus §875-g(2)(a), the NYSP may not conduct "periodic inspections of not less than one inspection of every dealer every three years, during regular and usual business hours, by the division of state police of the premises of every dealer to determine compliance by such dealer with the requirements of this article." NY Gen Bus §875-g(2)(a); ECF 1-3, p. 5:22-26; ECF-1, ¶31(l) with n.22, ¶156(g).

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at *2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. **See Deyo Decl., ¶ 7, Exhibit A; see 9 NYCRR Subpart 482-2.**

49. It was to be the NYSP regulations, themselves, that would authorize officers to perform the "periodic inspections," as evidenced by the language of the statute, that "The superintendent shall promulgate regulations <u>requiring periodic inspections</u>." NY Gen Bus §875-g(2)(a); ECF 1-3, p. 5:22-26.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at *2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. **See Deyo Decl., ¶ 7, Exhibit A; see 9 NYCRR Subpart 482-2. Plaintiffs mischaracterize the law.**

50. In the absence of the NYSP Superintendent regulations, no periodic inspections are authorized to be performed by individual officers under NY Gen Bus §875-g(2)(a).

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at *2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. **See Deyo Decl., ¶ 7, Exhibit A; see 9 NYCRR Subpart 482-2. Plaintiffs mischaracterize the law.**

51. NY S.4970-A requires the NYSP Superintendent prepare an annual report "providing information on the number of dealers inspected annually, the number of dealers in compliance with the requirements of this article, the number of dealers failing to comply with

the requirements of this article, and other information that the superintendent deems necessary and appropriate." ECF 1-3, p. 5:29-34 (bill); codified at NY Gen Bus §875-g(2)(b); ECF 33-1, p. 1.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

52. NY S.4970-A requires the NYSP Superintendent to perform, as follows: "The first report shall be delivered to the governor, the majority leader of the senate and the speaker of the assembly…" ECF 1-3, p. 5:34-37; NY Gen Bus §875-g(2)(b).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

53. NY S.4970-A requires the NYSP Superintendent to make the annual report "available to the public on the division of state police website, on or before January first, two thousand twenty-four *and annually thereafter*." ECF 1-3, p. 5:34-37; NY Gen Bus §875-g(2)(b).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed. However, Defendants note that emphasis was added by plaintiffs.**

54. The NYS Police published to its searchable "New York State Police Publications" page at https://troopers.ny.gov/new-york-state-police-publications on its website a document titled "Annual Gun Dealer Inspection Report 2023." Gazzola, N., Decl., ¶¶16-17. Fed. R. Evd. 902(5), publication by a public authority.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement which**

does not belong in a Rule 56.1 statement and should, respectfully, be
ignored. **Ramsay-Nobles,** 2019 WL 4383187, at *2 (citing **Siddiqi**, 572 F.
Supp. 2d at 368).

**Notwithstanding and without waiving such objections, undisputed.**

55. The NYS Police did not publish any subsequent annual report to the public on the division of

state police website in accordance with ECF 1-3, p. 5:34-37; NY Gen Bus §875-g(2)(b).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement which does
not belong in a Rule 56.1 statement and should, respectfully, be ignored.
Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d
at 368).**

**Notwithstanding and without waiving such objections, undisputed.
However, the 2024 annual report will be published soon. See Deyo Decl.,
¶ 12.**

56. The 1-page NYSP "Annual Gun Dealer Inspection Report 2023" states that in 2023 the

NYSP inspected "55" Dealers, of which "40" were found "in full compliance with Article

39-BB" and "15" were found "<u>not</u> in full compliance with Article 39-BB" (emphasis in

original). Gazzola, N., Decl., ¶¶16-17. Fed. R. Evd. 902(5), publication by a public authority.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement which does
not belong in a Rule 56.1 statement and should, respectfully, be ignored.
Ramsay-Nobles v. Keyser, No. 16 CIV. 5778 (CM), 2019 WL 4383187, at
*2 (S.D.N.Y. Aug. 21, 2019) (citing Siddiqi v. N.Y.C. Health & Hosps,
Corp., 572 F. Supp. 2d 353, 368 (S.D.N.Y. 2008) ("Of course, [a]
conclusory statement is not evidence.").**

**Notwithstanding and without waiving such objections, disputed in part.
See Deyo Decl., ¶ 13, Exhibit C. Plaintiffs mischaracterize the report.**

57. The 1-page NYSP "Annual Gun Dealer Inspection Report 2023" states:

> "The attached gun dealer inspection criteria lists all the requirements
> of Article 39-BB that must be evaluated during dealer inspections.
> Dealers that have met every requirement are reported as being in full
> compliance with Article 39-BB. <u>Failure to meet *any* individual
> requirement results in a designation of not being in full compliance
> with Article 39-BB</u>." (emphasis added) *Id.*

**RESPONSE:** Defendants object to this assertion as a conclusory statement which does not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed in part. See Deyo Decl., ¶ 13, Exhibit C. Plaintiffs mischaracterize the report.

58. The NYSP PDF electronic file available on the NYSP website that starts with the 1-page "Annual Gun Dealer Inspection Report 2023" also includes two pages of plain white paper titled "Gun Dealer Inspection Criteria." *Id.*

**RESPONSE:** Defendants object to this assertion as a conclusory statement which does not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 13, Exhibit C. Plaintiffs mischaracterize the report.

59. The 2-page "Gun Dealer Inspection Criteria" is not regulations.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).Defendants further object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Additionally, Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at *2.

60. The NYSP is evaluating dealers in firearms during on-site visits, using the "Gun Dealer Inspection Criteria."

**RESPONSE:** Defendants object to this assertion as a conclusory statement which does not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Defendants further object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 10, Exhibit B. There is an official form, the GENL-122, that is to be used for dealer inspections.

61. The NYSP "Annual Gun Dealer Inspection Report 2023" includes "Gun Dealer Inspection
Criteria" relevant to the provisions seeking to be summarily and permanently enjoined, as
follows:

- "The dealer's business premises are secured by a security alarm system that is
  installed and maintained by a properly licensed security alarm operator."

- "Records documenting the successful completion of the required employee
  training are maintained for at least five years following the completion of such
  training by each employee.*

  - The "*" (asterisk) in the text is found on the second page as "Note:
    Certain requirements, which either impose future retention
    requirements which cannot yet be verified or which require certain
    actions that could not be fulfilled during the initial implementation
    year, will be inspected and evaluated for compliance in the future as
    applicable."

- "The dealer maintains a record book or electronic-based record of purchase,
  sale inventory, or other records at the dealer's place of business."

- "The dealer submits a copy of such records to the Division of State Police
  every April and October.*"

- "The dealer annually certifies to the Division of State Police by January 31 of
  each year, that the dealer has complied with all requirements of Article 39-BB
  of the General Business Law." *Id.*

**RESPONSE:** **Defendants object to the extent this assertion refers to provisions
Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of
law, which do not belong in a Rule 56.1 statement and should,
respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing
<u>Siddiqi,</u> 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed that the document states the criteria listed above. Dispute that Plaintiffs are entitled to the relief alleged for the reasons set forth in the accompany memorandum of law.**

62. The NYSP are evaluating dealers as being "<u>not</u> in full compliance with Article 39-BB" without predicate regulations being issued by the Superintendent.

**<u>RESPONSE</u>:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi,</u> 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 7, Exhibit A; Plaintiffs mischaracterize the law. <u>See also</u> 9 NYCRR Subpart 482-2.**

63. The NYSP in 2024 performed "periodic inspections" at dealers' business premises, including Plaintiff Craig **Serafini** (Upstate Guns and Ammo, second on-site by NYSP JTTF), Plaintiff Jim **Ingerick** (Avon Gun and Hunting), and witness Joe **Liuni** (SafeShoot). **Serafini-2**, Decl., ¶¶14-35 with second and differently-formatted "checklist" provided to him on January 19, 2024 and again on January 31, 2024) and attached thereto; **Ingerick**, Decl., ¶108 and attached "checklist;" and, **Liuni**, Decl., ¶¶64-65 from January 30, 2024 and attached thereto.

**<u>RESPONSE</u>:** **<u>See</u> Deyo Decl., ¶ 10. There is an official form, the GENL-122, that is to be used for dealer inspections. Defendants cannot fully respond to this assertion as the facts are not fully available to them. <u>See</u> Fed. R. Civ. P. 56(d).**

64. Non-compliance with any one provisions of the operational compliance mandates under NY Gen Bus §875-b through §875-h results in the dealer under NY Pen §400.00 being "<u>not</u> in compliance." Gazzola, N., Decl., ¶12, ¶32.

**<u>RESPONSE</u>:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and**

should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at *2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. **See Deyo Decl., ¶ 6.** Plaintiffs mischaracterize the law. The legislative language speaks for itself.

65. The penalty for being found "<u>not</u> in compliance with Article 39-BB of NY General Business

Law]" is subdivision "i," as follows:

> "Violations. Any person, firm, or corporation who knowingly violates <u>any</u> provision of this article shall be guilty of a class A misdemeanor punishable as provided for in the penal law." (emphasis added)

**<u>RESPONSE</u>:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

66. The class A misdemeanor is found at NY Pen §70.15(1), which shall be a definite sentence of

imprisonment, when imposed, not to exceed three hundred sixty-four days.

**<u>RESPONSE</u>:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

67. NY Gen Bus §875-i assigns exposure of class A criminal misdemeanor charges, including

potential incarceration only to Dealers in Firearms licensed under NY Pen §400.00.

**<u>RESPONSE</u>:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u>**

**Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

68. The NYSP are charged with the duty of enforcement of NY Gen Bus §875-b through §875-h under NY Gen Bus §875-i. *Antonyuk v. James,* 624 F.Supp.3d 230, 231 (*distinguishing*, the CCIA "does not appear to expressly charge him with that enforcement," citing NY Pen 265.01-d and e, and NY Pen §400.00(19); NY Exe. §223(1) ("It shall be the duty of the superintendent of the state police and members of the state police to prevent and detect crime and apprehend criminals.")

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

69. Superintendent James' officers going on-site to state-licensed dealers since July 25, 2023 with "checklists" of dichotomous questions relating to NY Gen Bus §875-b through §875-g shows "'a particular duty to enforce the statute in question' and a 'demonstrated willingness to exercise that duty.'" *HealthNow New York, Inc. v. New York,* 739 F.Supp.2d 286, 294 (W.D.N.Y. 2010) (citation omitted).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 14. The plaintiffs mischaracterize the purported enforcement activities.**

70. Under NY Pen §400.00(11-12), "A license to engage in the business of dealer may be revoked or suspended for any violation of the provisions of article thirty-nine-BB of the

general business law." ECF 1-3, p. 6:5-7.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed that NY Pen §400.00(11-12) so states.**

71. Non-compliance under or revocation of the state license results also in a loss of the federal license. 18 U.S.C. §923(d)(1)(E); 18 U.S.C. §923(e) read with §923(d)(1)(F); 27 CFR §478.41; ECF 24-4, ATF Form 7, question 20(b) for original application; ECF-19, ATF Form 8, questions 2 and 3 for renewals.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. The legislative language speaks for itself.**

72. The renewal of Plaintiffs' federal firearms licenses on a triennial basis is implicated in the event of a criminal charge. For example, ATF Form 8 questions #2 and #3, as set forth while on appeal of the TRO to the Second Circuit, as follows:

> "2. Within thirty days after this application has been approved, will the firearms or ammunition activity comply with the requirements of State and local law applicable to the conduct of the firearms or ammunition business or collection of curios or relics?"

> "3. Will the requirements of State and local law that are applicable to the firearms or ammunition activity or collection of curios or relics, be met prior to the start of the business or collection activity?"

Decl. Gazzola, N., ¶4, ¶6, and ¶7, attaching and incorporating Case 22-3068, doc. 39, p 26 (see as submitted by Nadine Gazzola, Ex. A, p. 23, *et seq.*); doc. 68 (as submitted), p. 79 (App. A, p. 78-84); and doc. 85, p. 19.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, the legislative language speaks for itself.**

73. A criminal charge would negatively impact Plaintiffs' individual concealed carry permits.

NY Pen §400.00(11); *with regard to Plaintiffs possessing individual concealed carry permits, see* Nadine Gazzola ECF 13-2, ¶17; Seth Gazzola 13-3, ¶8; Serafini, ECF 13-4, ¶9; Mastrogiovanni, ECF 13-5, ¶7; Martello, ECF 13-6, ¶9; Affronti, ECF 13-7, ¶10; Hanusik, 13-9, ¶9; record serving as basis for *Gazzola v. Hochul,* 88 F.4th at 202, 203-204.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, the legislative language speaks for itself.**

74. A criminal charge could also result in removal of all personal firearms, if not surrendered.

NY Pen §400.00(11-12).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, the legislative language speaks for itself.**

75. On December 1, 2022, during the initial oral arguments on the Plaintiffs' motion for TRO/PI, Counsel for the Defendants responded to questions from this Court, including, as follows:

> "I don't, I don't have, Judge, anything further with respect to the status of the rule, any rules or guidance, but, your Honor, I don't believe that that is an element that would somehow rise to the level of impairing the commercial activity of these plaintiffs such to the extent that they are about to suffer imminent harm." ECF 43, 22:12-17.

"The desire to have supplementation or guidance is understandable, Judge, but I don't think that that in and of itself would rise to the level of this court enjoining enforcement of these statutes." ECF-43, 22:25 – 23:1-4.

"I mean, and it's something that can be remediated relatively easily, it does not present an emergent situation that requires drastic action that the plaintiffs are seeking." ECF 43, 23:6-9.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed that the cited transcript portions so state.**

76. As of the oral arguments of December 1, 2022, Plaintiffs were arguing that "months" had transpired without action by the Defendants under NYS S.4970-A. ECF-43 at 31:3-10 and 33:4-9.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at \*2.**

77. Counsel for the Defendants represented it "can be remediated relatively easily." ECF-43 at 23:6-9.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed that the cited transcript portions so state.**

78. On July 1, 2022, Gov. Hochul signed into law NYS S.51001, the "Concealed Carry Improvements Act" ("CCIA") (Extraordinary Session). ECF-1, ¶28 (signed into law); ECF-1, ¶29 (attached to Complaint) with ECF **1-4** (bill), p. 21:14-16; ECF-79, ¶28 (admitted signed

into law).

**RESPONSE**: **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

79. The CCIA went into effect on September 1, 2022, with exceptions. ECF 1-4 (bill),

p. 21:14-16 (exceptions p. 21:16-46).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

80. On May 30, 2022, Gov. Hochul signed into law NYS S.9458. ECF-1, ¶28 (signed into law);

ECF-1, ¶29 (attached to Complaint) with ECF **1-2** (bill); ECF-79, ¶28 (admitted signed into

law).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 15. The legislation was signed June 6, 2022, not May 30, 2022.**

81. NYS S.9458 generally went into effect ninety days after it was executed as per §8. ECF-1,

¶28, ¶29; ECF 1-2 (bill), p. 7:31-33.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

82. Defendant NYSP was legislatively-assigned various regulatory responsibilities under NYS

S.51001. ECF 1-4 (bill), generally.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

83. Defendant DCJS was legislatively-assigned various regulatory responsibilities under NYS

S.51001. ECF 1-2 (bill), generally.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

84. NY S.51001 ("CCIA") specified the NYSP Superintendent was required to "**certify**" if and

when a statewide license and record database and a statewide license and record database for

ammunition sales "are operational." ECF 1-4 (bill), p. 11:53-56 with 12:1-7; codified at NY

Pen §400.02(2); ECF-1, ¶31(q) at n.26; ECF 33-1, p. 5.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

85. The NYSP Superintendent did not certify a statewide license and record database and a

statewide license and record database for ammunition sales "are operational" in accordance

with NY Pen §400.02(2). ECF 1-4 (bill), p. 11:53-56 with 12:1.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 16, Exhibit D. NYSP notified dealers and ammunition sellers in August 2023 that the background check would be operational beginning September 13, 2023.

86. NY Governor Kathy Hochul and NYSP Acting Superintendent Nigrelli caused to be circulated "To: New York State Firearm Dealers and Ammunition Sellers" (undated) representing pursuant to NY Exe §228 that "New York has been designated a Point of Contact state for the purpose of processing National Instant Background Check ("NICS") transactions. Gazzola, N., Decl., ¶7-9.

**RESPONSE:** Defendants object to this assertion to the extent it states: "NY Governor Kathy Hochul…caused to be circulated…" on the grounds that it is not clear from the document that Governor Hochul "caused" the document to be "circulated." Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

87. The NYSP Superintendent certification was a condition precedent to the requirements of participation in an ammunition background check system effecting, *inter alia,* licensed dealers in firearms under NY Pen §400.02(2). ECF 1-4 (bill), p. 11:53-56 with 12:1.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.

88. The restrictions under NY Pen §400.02(2) prohibiting the dealer in firearms under NY Pen §400.00 from transferring any ammunition to any other person who is not a dealer in firearms

only springs into being if the NYSP Superintendent "certifies that the statewide license and record database established pursuant to this section and the statewide license and record database established for ammunition sales are operational for the purposes of this section." ECF 1-4 (bill), p. 11:53-56 with 12:1.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

89. The NYSP Superintendent should be enjoined from requiring or enforcing against dealers in firearms under NY Pen §400.00 the prohibition under NY Pen §400.02(2) to refrain from transferring ammunition to any other person who is not a dealer in firearms or a seller of ammunition.

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at *2.**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons set forth in Defendants' accompanying Memorandum of Law.**

90. Any and all records created on and after September 13, 2023 through the New York State Police using or as a result of the ammunition background check system should be directed to be destroyed.

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion as a conclusory statement**

**and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored.** <u>Ramsay-Nobles,</u> **2019 WL 4383187, at \*2 (citing** <u>Siddiqi</u>**, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered.** <u>Checksfield</u>**, 2024 WL 21549, at \*2.**

**Notwithstanding and without waiving such objections, disputed.** <u>See</u> **Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons set forth in Defendants' accompanying Memorandum of Law.**

91. Plaintiffs Craig Serafini, as individuals, stopped purchasing ammunition because they do not want to undergo an ammunition background check as being unconstitutional under the Second and Fourteenth Amendments at *Bruen*. Gazzola, N., Decl., ¶129, ¶134; Serafini, ECF 13-4, ¶55.

**<u>RESPONSE:</u> Defendants object to the extent this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored.** <u>Ramsay-Nobles,</u> **2019 WL 4383187, at \*2 (citing** <u>Siddiqi</u>**, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered.** <u>Checksfield</u>**, 2024 WL 21549, at \*2. Further, Defendants cannot fully respond to this assertion as the facts are not fully available to them.** <u>See</u> **Fed. R. Civ. P. 56(d).**

92. Under NY S.51001 ("CCIA"), the NYSP Superintendent was required to approve as to form **the manual record of an ammunition transaction** required to be kept by, *inter alia,* a licensed dealer in firearms, as follows:

**NY Pen §400.03(2)**, "Any seller of ammunition or dealer in firearms shall keep either an electronic record, or dataset, or an organized collection of structured information, or data, typically stored electronically in a computer system <u>approved as to form by the superintendent of state police</u>."

ECF 1-4 (bill), p. 12:25-29 (emphasis added); ECF-1, ¶31(r) with n.27, ¶156(l); ¶181(l), ¶287-289; ECF 33-1, p. 5.

**<u>RESPONSE:</u> Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored.** <u>Ramsay-Nobles,</u> **2019 WL 4383187, at \*2 (citing** <u>Siddiqi</u>**, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion.** <u>See</u> <u>Capricorn Mgmt. Sys.,</u>

**Inc.,** 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch.</u>
<u>Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38
n.2).

Notwithstanding and without waiving such objections, disputed. <u>See</u>
Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative
language speaks for itself.

93. A requirement for a manual ammunition transaction record was a new performance mandate

for Dealers in Firearms to capture information on behalf of the State. ECF-1, ¶31(r) with

n.27, ¶156(l), ¶181(l), ¶287; ECF 1-4 (bill), p. 12:25-29; Gazzola, N., Decl., ¶134; Serafini,

ECF 13-4, ¶36.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure
conclusion of law, which do not belong in a Rule 56.1 statement and
should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at
*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the
operative complaint is not evidence that can be considered by the Court
in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys.,</u>
<u>Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch.</u>
<u>Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38
n.2).

Notwithstanding and without waiving such objections, disputed. <u>See</u>
Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative
language speaks for itself.

94. Licensed "Dealers in Firearms" under NY Pen §400.00 are required to keep records of

ammunition transactions since the effective date of NY Pen §400.03(2). ECF-1, ¶181(l),

¶¶287-288; ECF 1-4 (bill), p. 12:25-29; Gazzola, N., Decl. 134; Serafini, ECF 13-4, ¶36.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure
conclusion of law, which do not belong in a Rule 56.1 statement and
should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at
*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, undisputed.

95. The ammunition transaction record provision at NY Pen §400.03(2) does not contain a

termination date or event. ECF-1, ¶288; ECF 1-4 (bill), p. 12:25-29.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure

**conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at \*21 (citing <u>Henek,</u> *LLC*, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

96. The Superintendent did not approve any form for records of an ammunition transaction as

was required under NYS S.51001. ECF 1-4 (bill), p. 12:25-29; Serafini, ECF 13-4, ¶36.

**<u>RESPONSE</u>:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 17. Plaintiffs mischaracterize the law. The legislative language speaks for itself. The NYS NICS system, which is utilized by ammunition sellers to process ammunition background checks, does contain the required data elements. Additionally, NYSP did issue the following general guidance as part of the Gun Dealer FAQs:**

**Q. What records are dealers required to maintain with regards to ammunition sales?**

**A. Effective 9/1/2022, dealers are required to maintain an electronic record with the following information for all ammunition transactions, including ammunition coming into the business:**

- **Date of transaction;**
- **Customer name, age, address, and occupation; and**
- **Ammunition manufacturer, caliber, quantity (number of rounds) and any other distinguishing number or identification mark on the ammunition (lot number).**

97. The NYSP Superintendent should be enjoined from performance of regulatory

responsibilities or enforcement against dealers in firearms under NY Pen §400.00 relating to

the (non) certification of an ammunition background check system.

**RESPONSE**: **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' legal arguments are impermissible and should not be considered. See Checksfield, 2024 WL 21549, at \*2.**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons stated in the accompanying Memorandum of Law.**

98. Any dealer in firearms should be permitted to destroy any manual records of ammunition transactions created since September 1, 2022 in an effort to comply with NY Pen §400.03(2).

**RESPONSE**: **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' legal arguments and legal commentary are impermissible and should not be considered. See Checksfield, 2024 WL 21549, at \*2.**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons stated in the accompanying Memorandum of Law.**

99. Under NY S.51001 ("CCIA"), the NYSP Superintendent was required to approve as to form the record required to be kept by, *inter alia,* a licensed dealer in firearms for an **ammunition transaction**, as follows:

**NY Pen §400.03(6)**, "If…or through the division of state police once the division has been designated point of contact, use of that system by a dealer or seller shall be sufficient to satisfy subdivisions four and five of this section and such checks shall be conducted through such system, <u>provided that a record of such transaction shall be forwarded to the state police in a form determined by the superintendent</u>."

ECF 1-4 (bill), p. 12:41-49 (emphasis added); ECF-1, ¶156(l); ¶181(l), ¶287-289; ECF 33-1, p. 5.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

100.   A requirement for a (non-specified) transaction record was a new performance mandate for a "dealer" to capture information on behalf of the State. ECF-1, ¶181(l), ¶287; ECF 1-4 (bill), p. 12:41-49.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

101.   A "dealer" is required to keep a (non-specified) transaction records since the Division of

State Police "has been designated point of contact." ECF-1, ¶181(l), ¶¶287-288; ECF 1-4

(bill), p. 12:41-49.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC, 449 F. Supp. 3d at 38**

n.2).

> **Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

102.  The (non-specified) transaction record provision at NY Pen §400.03(6) does not contain a

termination date or event. ECF-1, ¶288; ECF 1-4 (bill), p. 12:41-49.

**<u>RESPONSE</u>: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at \*21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2).**

> **Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

103.  The Superintendent did not approve any form for records for a (non-specified) transaction

record as was required under NY Pen §400.03(6). ECF 1-4 (bill), p. 12:41-49.

**<u>RESPONSE</u>: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

> **Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

104.  The NYSP Superintendent should be enjoined from performing any regulatory duty and

from enforcing for ammunition transaction record be kept under NY Pen §400.03(6)

including by dealers in firearms under NY Pen §400.00.

**<u>RESPONSE</u>: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary,**

along with impermissible legal arguments" should be ignored and not considered. **Checksfield**, 2024 WL 21549, at *2.

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons set forth in Defendants' accompanying Memorandum of Law.

105. Any "dealer or seller" should be permitted to destroy any records of a (non-specified)

transaction(s) created in reliance upon NY Pen §400.03(6).

**RESPONSE**: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield v. IRS, No. 21 Civ. 1180, 2024 WL 21549, at *2 (N.D.N.Y. Jan. 2, 2024).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons set forth in Defendants' accompanying Memorandum of Law.

106. Plaintiffs have suffered lost revenues in the sale of ammunition as a direct result of the

requirement to engage customers on behalf of the State through an ammunition background

check and/or a manual ammunition transaction record. Gazzola, N., Decl., ¶39.

**RESPONSE**: Disputed. The cited paragraph does not demonstrate that Plaintiffs have suffered lost revenues in the sale of ammunition as a direct result of the requirement to engage customers on behalf of the State through an ammunition background check and/or a manual ammunition transaction record. Further, Defendants cannot fully respond to this assertion as the facts are not fully available to them. See Fed. R. Civ. P. 56(d).

107. Plaintiffs have suffered increased costs in their business operations as a direct result of

being compelled to create manual records of ammunition transactions since September 1,

2022. NY Pen §400.03(2); ECF-1, ¶181(l), ¶289.

**RESPONSE**: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Further, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the

**Court in support of a summary judgment motion. . See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Defendants cannot fully respond to this assertion as the facts are not fully available to them. See Fed. R. Civ. P. 56(d).**

108.    Plaintiffs and Plaintiffs' customers oppose the NY ammunition background check.

Gazzola, N., Decl., ¶46.

**RESPONSE: Defendants object to the extent this assertion refers to inadmissible hearsay. Defendants cannot fully respond to this assertion as the facts are not fully available to them. See Fed. R. Civ. P. 56(d).**

109.    As of September 1, 2022, an individual must have "a semi-automatic rifle license in order to purchase or take possession of such a firearm when such transfer of ownership occurs."

ECF 1-2 (bill), p. 1:9-13; codified at NY Pen **§400.00(2)**; ECF-1, ¶156(k), ¶160(e).

**RESPONSE: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368). Further, Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 18. Plaintiffs mischaracterize the law. The legislation became effective September 4, 2022, not September 1, 2022.**

110.    As of September 1, 2022, "Every person licensed to purchase or take possession of a semiautomatic rifle shall have the license for the same on his or her person while purchasing or taking possession of such weapon." ECF 1-2 (bill), p. 4:53-55; codified at NY Pen **§400.00(8)**.

**RESPONSE: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and**

**should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 18. Plaintiffs mischaracterize the law. The legislation became effective September 4, 2022, not September 1, 2022.**

111.    NY Pen **§400.00(7)** says, in part:

> "A license to…purchase or take possession of a semiautomatic rifle, not otherwise limited as to place or time of possession, <u>shall be effective throughout the state</u>, except that the same shall not be valid within the city of New York unless a special permit granting validity is issued by the police commissioner of that city." (emphasis added)

> ECF 1-2, p. 3:26-31; ECF 33-1, p. 2.

**<u>RESPONSE</u>:  Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 19. Plaintiffs mischaracterize the law. The subdivision referenced is incorrect.**

112.    The semi-automatic rifle license contemplated in NY Pen §400.00, *passim,* "shall, except in the city of New York, be approved as to form by the superintendent of state police."

ECF 1-2 (bill), p. 5:31-37; codified at NY Pen §400.00(7); ECF-1, ¶156(k), ¶160 with subpara.

**<u>RESPONSE</u>:  Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at \*21 (citing <u>Henek, LLC,</u> 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, undisputed.**

113.    The NYSP Superintendent did not issue a semi-automatic rifle license approved as to form. ECF 1-2 (bill), p. 5:31-37, as codified at NY Pen §400.00(7). ECF-1, ¶160, ¶303, and

¶305.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored.** Ramsay-Nobles, **2019 WL 4383187, at \*2 (citing** Siddiqi, **572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion.** See Capricorn Mgmt. Sys., Inc., **2024 WL 1242616, at \*8;** see also P.C.R. v. Fla. Union Free Sch. Dist., **2022 WL 337072, at \*21 (citing** Henek, LLC, **449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed.** See Deyo Decl., ¶ 20, Exhibit E. **Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

114.    A semi-automatic rifle license "approved as to form" by the NYSP Superintendent would become a standardized license format.

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored.** Ramsay-Nobles, **2019 WL 4383187, at \*2 (citing** Siddiqi, **572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed.** See Deyo Decl., ¶ 6. **Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

115.    One example of a standardized physical license is that issued by the NYS Department of Motor Vehicles in the form of a driver's license, including on-line instructions on how to check the license validity. NY Department of Motor Vehicles, "Check License or Driving Privilege Status" at https://dmv.ny.gov/driver-license/sample-photo-documents.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored.** Ramsay-Nobles, **2019 WL 4383187, at \*2 (citing** Siddiqi, **572 F. Supp. 2d at 368). Defendants object to this "material fact" as immaterial to the claims in the Complaint.**

**Defendants cannot fully respond to this assertion as the facts are not fully available to them. <u>See</u> Fed. R. Civ. P. 56(d).**

116.    One example of a New York State level standardized license is the one issued on-line through the NYS Department of Environmental Conservation in the form of a hunting license on their website at https://nydec.zendesk.com/hc/en-us/articles/15958766004372-How-to-download-and-print-your-license.

**<u>RESPONSE</u>: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Defendants object to this "material fact" as immaterial to the claims in the Complaint.**

**Defendants cannot fully respond to this assertion as the facts are not fully available to them. <u>See</u> Fed. R. Civ. P. 56(d).**

117.    The NYSP PPB-5 (rev. 08/22) functions as a "Semi-Automatic Rifle License Amendment" and contains a transaction type that is "add" or "remove" from a "Semi-Automatic Rifle License." ECF 15-4, p. 1. Mastrogiovanni, ECF 13-5, ¶28(b).

**<u>RESPONSE</u>: Undisputed.**

118.    The NYSP on-line background check system does not contain a field requesting dealer input of a customer semi-automatic rifle license number. Division of New York State Police, "NYS NICS New Application Process for Dealers User Guide" (https://nysnics.ny.gov/app/home/trainingguide, download Sep. 2023.

**<u>RESPONSE</u>: Undisputed.**

119.    The NYSP on-line background check system does contain a mandatory field requesting dealer input of a customer driver's license number. *Id.,* p. 8.

**<u>RESPONSE</u>: Disputed.  <u>See</u> Deyo Decl., ¶ 21.  The plaintiffs mischaracterize how the NYS NICS system operates.  The system does include a required field for whether the purchaser has a driver's license.  If the purchaser does have**

**a license, the license number must be entered. If the purchaser does not have a license, an alternate government identification must be input.**

120. NY S.9458 amended the definition of "Dealer in firearms" to include acquiring and

disposing of a "semiautomatic rifle." ECF 1-2, p. 6:46; codified at NY Pen §265.00(9), as

relates to the type of license provided in NY Pen §400.00(2), "dealer in firearms."

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

121. NY S.9458 created a new statute for "Criminal sale of a semiautomatic rifle," codified at

NY Pen **§265.66**, which does not use the term "dealer in firearms."

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. Plaintiffs mischaracterize the law. The legislative language speaks for itself.**

122. NY S.9458 created a new statute for "Criminal sale of a semiautomatic rifle," codified at

NY Pen §265.66, which specifies "<u>A person</u> is guilty of criminal sale of a semiautomatic rifle

when…<u>he or she</u> sells, exchanges, gives or disposes of a semiautomatic rifle <u>to another</u>

<u>person and such other person</u> does not possess a license to purchase or take possession of a

semiautomatic rifle as provided in subdivision two of section 400.00 of this chapter."

ECF 1-2, p. 7:13-19; codified at NY Pen §265.66.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

123.   Plaintiffs, as licensed "dealers in firearms" under NY Pen §400.00(2) engage in the

business of acquiring and disposing of firearms, including semi-automatic rifles.

**RESPONSE:**   **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56. Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

124.   Plaintiffs engage in the business of acquiring and disposing of firearms as business

owners and by virtue of holding federal and state licenses.

**RESPONSE:**   **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56. Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

125.   NY S.9458 made it a class E felony for a person to knowingly sell a semiautomatic rifle

to another person the seller knows or has reason to know "does not possess a license to

purchase or take possession of a semiautomatic rifle as provided in subdivision two of

section 400.00 of this chapter." ECF 1-2, p. 7:13-19; codified at NY Pen §265.66; ECF-1,

¶301.

**RESPONSE:**   **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

126.   NY S.9458 made it a class A misdemeanor for the first offense and a class E felony for a

subsequent offense for a person to purchase a semiautomatic rifle without a license "as

provided in subdivision two of section 400.00 of this chapter." ECF 1-2, p. 7:4-10; codified

at NY Pen §265.65; ECF-1, ¶301.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

   Notwithstanding and without waiving such objections, undisputed.

127.   A New York resident cannot obtain a semi-automatic rifle license as approved as to form

by the NYSP Superintendent in compliance with NY Pen §400.00(7). ECF-1, ¶298, ¶300.

**RESPONSE:** Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

   Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 22.  New York residents *are* obtaining semi-automatic rifle licenses.  Additionally, licensing determinations are not within the authority of the Superintendent, except for applications submitted by retired members of the NYSP.

128.   A New York resident is required to present a semi-automatic rifle license in order to

purchase or take into possession a semi-automatic rifle at the point-of-purchase, such as

Plaintiffs' businesses, in order to be in compliance with NY Pen §400.00(8). ECF-1, ¶298,

¶300.

**RESPONSE:** Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

   Notwithstanding and without waiving such objections, undisputed.

129.   If a New York resident purchases or takes possession of a semi-automatic rifle without a

valid semi-automatic rifle license, the person may be committing a crime of purchasing a

semi-automatic rifle without a license under NY Pen §265.65. ECF 1-4 (bill), p. 7:3-8.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

130.    According to NY Pen §265.65, "Criminal purchase of a semiautomatic rifle is a class A misdemeanor for the first offense and a class E felony for subsequent offenses." ECF 1-4 (bill), p. 7:9-10.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

131.    If a Plaintiff "sells, exchanges, gives or disposes of a semiautomatic rifle to another person and such other person does not possess a license to purchase or take possession of a semiautomatic rifle as provided in [NY Pen §400.00(2)]," the person making the sale may be committing a crime of criminal sale of a semiautomatic rifle under NY Pen §265.66. ECF 1-4 (bill), p. 7:13-19. ECF-1, ¶301.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

132.    According to NY Pen §265.66, "Criminal sale of a semiautomatic rifle is a class E felony." ECF 1-4 (bill), p. 7:20.

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

133. In the absence of a statewide semi-automatic rifle license approved as to form by the NYSP Superintendent, no semi-automatic rifle could be legally sold to a New York resident as of September 1, 2022. ECF-1, ¶299.

**RESPONSE: Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 22.**

134. In the absence of a statewide semi-automatic rifle license approved as to form by the NYSP Superintendent, no semi-automatic rifle can be legally purchased by a New York resident as of September 1, 2022. ECF-1, ¶298, ¶300.

**RESPONSE: Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 22.**

135. From September 1, 2022 through October 30, 2022, Plaintiffs did not sell semi-automatic rifles to individuals required to have an SAR license. Gazzola, N., ECF 13-2, ¶57(b).

**RESPONSE: Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

136. Plaintiffs are unaware of any county licensing officer offering a separate SAR license to individuals who either do not have or do not want a concealed carry permit. ECF-1, ¶160(i); Mastrogiovanni, ECF 13-5, ¶28(a); Affronti, ECF 13-7, ¶34.

**RESPONSE: Defendants cannot respond to this allegation, as the facts are unavailable**

**to them. Fed. R. Civ. P. 56(d).**

137.    Plaintiffs are unsure whether the county amendment or endorsement to the concealed

carry permit is an acceptable "semi-automatic rifle license" as required by NY Pen §265.65

and NY Pen §265.66. Mastrogiovanni, ECF 13-5, ¶30; Affronti, ECF 13-7, ¶35.

**RESPONSE:  Defendants cannot respond to this allegation, as the facts are unavailable
             to them. Fed. R. Civ. P. 56(d).**

138.    Plaintiffs are not purchasing semi-automatic rifles because they are unsure whether the

county amendment or endorsement to the concealed carry permit is acceptable to the "semi-

automatic rifle license" requirement of NY Pen §265.65 and NY Pen §265.66. Affronti, ECF

13-7, ¶36.

**RESPONSE:  Defendants cannot respond to this allegation, as the facts are unavailable
             to them. Fed. R. Civ. P. 56(d).**

139.    Only the Plaintiffs and their customers are exposed to the possibility of criminal charges

in the event of an unlawful sale of an SAR; not the Superintendent of the NYSP who did not

issue a license approved as to form and not the county licensing officers exercising home rule

consistent with the historic concealed carry permitting process. ECF-1, ¶160(j).

**RESPONSE:  Plaintiffs' citation to the operative complaint is not evidence that can be
             considered by the Court in support of a summary judgment motion. See
             Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v.
             Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC,
             449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a
             conclusory statement and pure conclusion of law, which do not belong in
             a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-
             Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

         **Notwithstanding and without waiving such objections, disputed. See
         Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law.  The legislative
         language speaks for itself.**

140.    Plaintiffs' gross sales of semi-automatic rifles are being negatively impacted as a direct

result of the lack of a semi-automatic rifle license being approved as to form by the NYS

Superintendent in accordance with NY Pen §400.00(8). ECF-1, ¶160(g), ¶160(k), ¶302;

Gazzola, N., ECF 13-2, ¶57 (handguns and SAR sales down 90% for September 2022);

¶Affronti, ECF 13-7, ¶34 and ¶37; Gazzola, N., Decl., ¶¶40-41.

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at \*21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at \*2.**

**Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

141.     Plaintiffs' expenses associated with a sale of a semi-automatic rifle has increased as a result of the semi-automatic rifle performance requirements. ECF-1, ¶181(k).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at \*21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2).**

**Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

142.     Plaintiffs had SARS "trapped in inventory" when the CCIA became effective on September 1, 2022. Gazzola, N., ECF 13-2, ¶58 (released one semi-automatic rifle from inventory on a law enforcement officer exemption) and ¶59.

**RESPONSE:** **Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

143.     Plaintiffs request to permanently enjoin these provisions relating to the semi-automatic rifle license because they are business owners with state and federal licenses to engage in the lawful acquisition and disposition of firearms.

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at *2.

Notwithstanding and without waiving such objections, disputed. The plaintiffs are not entitled to the relief alleged for the reasons discussed in Defendants' accompanying Memorandum of Law.

144. The NYSP Superintendent should be enjoined from performing regulatory actions under NY Pen §400.00(7) and from enforcing against the Plaintiffs, and other "Dealers in Firearms" under NY Pen §400.00, the requirement to limit semi-automatic license validation in advance of allowing an individual to purchase or take possession of a semi-automatic license.

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368.

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. The plaintiffs are not entitled to the relief alleged for the reasons discussed in Defendants' accompanying Memorandum of Law.

145. NYS S.51001 was titled the "Concealed Carry Improvements Act." ECF 1-4, p. 1.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.

146. The CCIA assigned responsibilities to the NYSP and to the DCJS for a new concealed

carry training course, mandated for all new concealed carry permit applicants and for

renewals by certain other concealed carry permit holders. ECF 1-4 (bill), p. 8:20-26 and

20:6-38; ECF-1, ¶159(l).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.**

147.    The CCIA assigned responsibilities to the NYSP and to the DCJS for a new concealed

carry training course, mandated for all new concealed carry permit applicants and for

renewals by certain other concealed carry permit holders. ECF 1-4 (bill), p. 8:20-26 and

20:6-38; ECF-1, ¶159(l).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.**

148.    Superintendent James approves the curriculum for the firearms safety training required of

applicants for a pistol permit. NY Pen §400.00(19); *NYSRPA v. James,* 1:22-cv-907, ECF-71,

p. 8 (NY OAG Reply Memorandum of Law on behalf of Defendant).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and**

should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.

149.    The CCIA assigned responsibilities to the NYSP and the DCJS relative to the new

concealed carry training course, as follows:

- NY Exe "§235(1), "The superintendent shall, in conjunction with the commissioner of the division of criminal justice services, promulgate policies and procedures with regard to **standardization of firearms safety training** required under subdivision nineteen of section 400.00 of the penal law, which shall include the approval of course materials and the promulgation of proficiency standards for live fire training."

    ECF 1-4, p. 8:20-26 (bill, emphasis added); ECF-1, ¶159(c); ECF 33-1, p. 4.

- NY Exe §837(23)(a), "In conjunction with the superintendent of the state police, promulgate policies and procedures with regard to **standardization of firearms safety training** required under subdivision nineteen of section 400.00 of the penal law, which shall include the approval of course materials and promulgation of proficiency standards for live fire training."

    ECF 1-4, p. 8:8-13 (bill, emphasis added); ECF-1, ¶159(a); ECF 33-1, p. 4.

- NY Pen §400.00(19), "…with **curriculum** *approved by the division of criminal justice services and the superintendent of state police*…"

    ECF 1-4, p. 20:10-11 (bill, emphasis added); ECF-1, ¶159(c)-(d) with subpara; ECF 33-1, p. 4.

- NY Pen §400.00(19), "…(a) a minimum of sixteen hours of in-person live **curriculum** *approved by the division of criminal justice services and the superintendent of state police*…"

    ECF 1-4, p. 20:12-14 (bill, emphasis added); ECF-1, ¶159(c)-(d) with subpara; ECF 33-1, p. 4.

**RESPONSE**: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should,

respectfully, be ignored. <u>Ramsay-Nobles v. Keyser</u>, No. 16 CIV. 5778 (CM), 2019 WL 4383187, at *2 (S.D.N.Y. Aug. 21, 2019) (citing <u>Siddiqi v. N.Y.C. Health & Hosps, Corp</u>., 572 F. Supp. 2d 353, 368 (S.D.N.Y. 2008) ("Of course, [a] conclusory statement is not evidence.").

**Notwithstanding and without waiving such objections, undisputed.**

150.    The NYSP did not issue an approved standardized course of a concealed carry training class. ECF-1, ¶159(g).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at *21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 23, Exhibit F. The plaintiffs mischaracterize the legislative requirement.**

151.    The DCJS did not issue an approved standardized course of a concealed carry training class. ECF-1, ¶159(g).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at *21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 23, Exhibit F. The plaintiffs mischaracterize the legislative requirement.**

152.    "Standardization" means "to bring into conformity with a standard especially in order to assure consistency and regularity." Marriam-Webster on-line dictionary at https://www.merriam-webster.com/dictionary/standardize.

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 23. The plaintiffs mischaracterize the legislative requirement.

153.    On August 23, 2022, NYSP with DCJS published "Minimum Standards for New York State Concealed Carry Firearm Safety Training." ECF 15-2; ECF-1, ¶159(b); Affronti, ECF 13-7, ¶32.

**RESPONSE: Undisputed.**

154.    The NYSP/DCJS "Minimum Standards" is a 4-page memo, containing "standards to guide," which "standards" is not a written curriculum for a 16-hour written course with corresponding test upon the curriculum. ECF 15-2, p. 1, first para.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 24. The plaintiffs mischaracterize the referenced document.

155.    The NYSP/DCJS "Minimum Standards" memo copied words from the statute and offered no more than the statute for entire topics, including:

- "conflict management" (subparagraph "viii") adding nothing (ECF 15-2, p. 2 at "9");

- "use of deadly force" (subparagraph "ix"), rephrasing as "use of deadly physical force, including the circumstances in which deadly physical force may be considered justified, and when there is the duty to retreat pursuant to Penal Law §35.15(2) (ECF

15-2, p. 2 at "10");

- "suicide prevention" (subparagraph "x") adding only "including recognizing signs of suicide risk and resources to obtain assistance, including a suicide hotline (e.g., 988 Suicide and Crisis Lifeline)" (ECF 15-2, p. 2 at "11").

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 24. The plaintiffs mischaracterize the referenced document.**

156. On August 27, 2022, the NYSP and the DCJS published a "Frequently Asked Questions Regarding Recent Changes to New York State Firearm Law." ECF 15-3.

**RESPONSE: Undisputed.**

157. The NSYP/DCJS FAQ memo included an answer that "The firearm safety training course will be provided by authorized instructors in accordance with standards published by the New York State Police and the New York State Division of Criminal Justice Services (DCJS)." ECF 15-3, p. 3.

**RESPONSE: Undisputed.**

158. One example of a standardized written course, "approved by the [NY] state education department and the commissioner," and including "proof of completion of the minimum hours of supervised driving" is offered by the state for those seeking to obtain a New York Driver's License. NY V&T §502(2)(c).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at *2. Defendants object to this "material fact"**

as immaterial to the claims in the Complaint.

159. As an example of a New York State offered standardized written course, the NY Department of Motor Vehicles publishes free downloads of a "Pre-licensing Course Instructor's Manual" and a "Pre-licensing Course Student's Manual," the webpage for which states "All courses use the same curriculum content." See https://dmv.ny.gov/driver-license/the-driver-pre-licensing-course.

**RESPONSE: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at \*2 . Defendants object to this "material fact" as immaterial to the claims in the Complaint.**

160. The New York Department of Motor Vehicles standardized "pre-licensing course" is a 5-hour course with a corresponding 168-page instructor's manual. *Id.*

**RESPONSE: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at \*2. Defendants object to this "material fact" as immaterial to the claims in the Complaint.**

161. The CCIA required students to pass a "written test for the curriculum" with a score of at least 80%, as follows:

> NY Pen §400.00(19), "…The applicant shall be required to demonstrate proficiency by scoring a minimum of eighty percent correct answers **on a written test for the curriculum**…"
>
> ECF 1-4, p. 20:25-28 (bill, emphasis added); ECF-1, ¶159(c), (e), and (f).

**RESPONSE: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which**

do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at \*2 (citing **Siddiqi,** 572 F. Supp. 2d at 368). Notwithstanding and without waiving such objections, undisputed.

162. The NYSP did not issue a "written test for the curriculum."

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at \*2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, undisputed.

163. The DCJS did not issue a "written test for the curriculum."

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at \*2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, undisputed.

164. The NYSP/DCJS "Minimum Standards" memo delegates to an instructor to "develop or use and administer a written proficiency test that evaluates the student's understanding of each of the minimum standards…" ECF 15-2, p. 3 (see "III. Minimum Standards for Written Proficiency Test").

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. **Ramsay-Nobles,** 2019 WL 4383187, at \*2 (citing **Siddiqi,** 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. **See** Deyo Decl., ¶ 24. The plaintiffs mischaracterize the referenced document.

165. The DCJS was obligated to create a process to become a "duly-authorized instructor." NY Pen §400.00(19); ECF-1, ¶31(o) with n.24 and n.25, ¶156 (j), ¶159 with subpara 159(a)

through 159(f).

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek, LLC,</u> 449 F. Supp. 3d at 38 n.2)

Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.

166.    The CCIA required instructors to become "duly authorized" "by the division of criminal justice services," as follows:

> NY Pen §400.00(19), "…conducted by **a duly authorized instructor approved by the division of criminal justice services**…"
>
> ECF 1-4, p. 20:14-15 (bill, emphasis added); ECF 33-1, p. 4.

**RESPONSE:** Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.

167.    The DCJS did not publish any process for an individual to become a "duly authorized instructor approved by the division of criminal justice services."

**RESPONSE:** Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See</u> <u>Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek, LLC,</u> 449 F. Supp. 3d at 38 n.2).

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 23, Exhibit F. The plaintiffs mischaracterize the legislative requirement.**

168.    The NYSP/DCJS "Minimum Standards" memo "deem[s] approved to instruct the concealed carry firearms safety training course" those listed under NY Pen §265.00(19). ECF 15-2, p. 1.

**<u>RESPONSE:</u>    Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at \*21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 24. The plaintiffs mischaracterize the referenced document.**

169.    The NYSP and DCJS were responsible to issue a standardized written curriculum for a 16-hour concealed carry training course covering specific topics, a written test based upon the curriculum, and a DCJS instructor approval process. NY Pen §§400.00(1)(a), (19), *read with* NY Exe §235, NY Exe §837(23)(a), and NY Pen §265.20(3-a). ECF-1, ¶31(o) with n.24 and n.25, ¶156 (j), ¶159 with subpara 159(a) through 159(f).

**<u>RESPONSE:</u>    Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles</u>, 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.</u>, 2024 WL 1242616, at \*8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.</u>, 2022 WL 337072, at \*21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law. The legislative language speaks for itself.**

170.    Concealed carry permits issued to new applicants after September 1, 2022 may not be valid. NY Pen §400.00(19).

**RESPONSE**: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at *2.

171. Renewal of a concealed carry permit issued to residents of specified counties after

September 1, 2022 may not be valid. NY Pen §400.00(19).

**RESPONSE**: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. Checksfield, 2024 WL 21549, at *2.

172. Individuals are required to successfully complete the new mandatory training prior to

submission of an application for a new concealed carry permit.

**RESPONSE**: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 25. The text of NY Penal Law § 400.00(19) clearly requires that the required concealed carry firearm safety training be completed "prior to the issuance or renewal of a license," not prior to submitting an application for licensure. Additionally, firearm licensing determinations are not within the authority of the Superintendent, except for applications submitted by retired members of the NYSP.

173. Individuals are required to successfully complete the new mandatory training prior to

renewing their concealed carry permit, if they are residents of the effected counties.

**RESPONSE**: Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should,

respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at *2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368).

Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 6. The plaintiffs mischaracterize the law.  The legislative language speaks for itself.

174.    Individuals can neither apply for nor obtain a new concealed carry permit or renew an

existing concealed carry permit because the NYSP and the DCJS did not issue the mandatory

written curriculum and the examination on the written curriculum. ECF-1, ¶291, ¶292.

<u>RESPONSE</u>:  Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. <u>See Capricorn Mgmt. Sys., Inc.,</u> 2024 WL 1242616, at *8; <u>see also</u> <u>P.C.R. v. Fla. Union Free Sch. Dist.,</u> 2022 WL 337072, at *21 (citing <u>Henek, LLC</u>, 449 F. Supp. 3d at 38 n.2).

Notwithstanding and without waiving such objections, disputed. <u>See</u> Deyo Decl., ¶ 25. The text of NY Penal Law § 400.00(19) clearly requires that the required concealed carry firearm safety training be completed "prior to the issuance or renewal of a license," not prior to submitting an application for licensure.  Additionally, firearm licensing determinations are not within the authority of the Superintendent, except for applications submitted by retired members of the NYSP.

175.    Plaintiffs do not know whether concealed carry permits issued on or after September 1,

2022 are valid. Mastrogiovanni, ECF 13-5, ¶29.

<u>RESPONSE</u>:  Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at *2. Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).

176.    Prior to September 1, 2022, Plaintiffs Nadine and Seth Gazzola taught monthly firearms

training classes for concealed carry applicants in a class size of approximately 25-40 adults.

Gazzola, N., ECF 13-2, ¶31 and ¶44; Decl., ¶92.

<u>RESPONSE</u>:  Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).

177.    Prior to September 1, 2022, Plaintiff Nadine Gazzola also taught a monthly firearms

safety course for women only. Gazzola, N., ECF 13-2, ¶30 and ¶45.

**RESPONSE:  Defendants cannot respond to this allegation, as the facts are unavailable
to them. Fed. R. Civ. P. 56(d).**

178.    Plaintiffs Nadine and Seth Gazzola have not taught any firearms training courses since

September 1, 2022 because the NYSP and the DCJS did not perform their responsibilities

under the CCIA to issue a written curriculum for the mandatory course and did not issue the

examination to be administered on the written curriculum. ECF-1, ¶159(h); Gazzola, S., ECF

13-3, ¶27, ¶28; Gazzola N., Decl., ¶93.

**RESPONSE:  Defendants object to this assertion as a conclusory statement and pure
conclusion of law, which do not belong in a Rule 56.1 statement and
should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2
(citing Siddiqi, 572 F. Supp. 2d at 368). Further, Plaintiffs' citation to the
operative complaint is not evidence that can be considered by the Court
in support of a summary judgment motion. See Capricorn Mgmt. Sys.,
Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist.,
2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Defendants cannot respond to this allegation, as the facts are unavailable
to them. Fed. R. Civ. P. 56(d).**

179.    Plaintiffs Nadine and Seth Gazzola have been waiting since September 1, 2022 for the

Defendants to publish the written 16-hour curriculum, to publish the corresponding test, and

offer a pathway to becoming a DCJS authorized instructor. ECF-1, ¶159(i); Gazzola, N.,

Decl., ¶94.

**RESPONSE:  Defendants object to this assertion as a conclusory statement and pure
conclusion of law, which do not belong in a Rule 56.1 statement and
should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2
(citing Siddiqi, 572 F. Supp. 2d at 368). Further, Plaintiffs' citation to the
operative complaint is not evidence that can be considered by the Court
in support of a summary judgment motion. See Capricorn Mgmt. Sys.,
Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist.,
2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Defendants cannot respond to this allegation, as the facts are unavailable
to them. Fed. R. Civ. P. 56(d).**

180.    Plaintiffs Nadine and Seth Gazzola want to teach handgun and firearms training courses

and are unable to do so as a direct result of the NYSP and DCJS failures to fulfill their

obligations under these new laws. ECF-1, ¶159(i); Gazzola, N., ECF 13-2, ¶44 and ¶55,

Decl., ¶95; Gazzola, S., ECF 13-3, ¶26.

**RESPONSE: Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. <u>Ramsay-Nobles,</u> 2019 WL 4383187, at \*2 (citing <u>Siddiqi</u>, 572 F. Supp. 2d at 368). Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at \*2. Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

181.    Plaintiffs Nadine and Seth Gazzola "want to offer courses to help customers achieve their

Second Amendment rights to self-defense." Gazzola, N., ECF 13-2, ¶54.

**RESPONSE: Plaintiffs' "impermissible commentary, along with impermissible legal arguments" should be ignored and not considered. <u>Checksfield</u>, 2024 WL 21549, at \*2. Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

182.    Plaintiffs, as business owners, have also previously referred customers to third-party

firearms instructors, but have not done so since September 1, 2022. ECF-1, ¶159(k).

**RESPONSE: Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

183.    Plaintiffs Nadine and Seth Gazzola are suffering the loss of business revenue from being

unable to continue to teach firearms training courses. Gazzola, N., ECF 13-2, ¶56; Gazzola,

N., Decl., ¶40.

**RESPONSE: Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

184.    The loss of business revenue suffered by Nadine and Seth Gazzola includes the loss of

student training fees and the associated ancillary and on-going purchases from students.

Gazzola, N., ECF 13-2, ¶56; Gazzola, N., Decl., ¶40.

**RESPONSE: Defendants cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

185.    Plaintiffs' costs have increased as associated with the new mandatory training, including

classroom and live-fire training, curriculum, testing, and instructor qualification. ECF-1,

¶181(j).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at *8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at *21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Finally, the citation to the record provided by plaintiffs does not represent the "material fact" asserted. Consequently, Defendants cannot respond. Defendants also cannot respond to this allegation, as the facts are unavailable to them. Fed. R. Civ. P. 56(d).**

186.    The NYSP did not issue a certificate to be signed by a duly-licensed instructor to a student upon successful completion of the 16-hour concealed carry training curriculum, written test, and 2-hour live fire training. ECF 1-4, p. 20:31-35, codified at NY Pen §400.00(19).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

187.    The DCJS did not issue a certificate to be signed by a duly-licensed instructor to a student upon successful completion of the 16-hour concealed carry training curriculum, written test, and 2-hour live fire training. ECF 1-4, p. 20:31-35, codified at NY Pen §400.00(19).

**RESPONSE:** **Defendants object to this assertion as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at *2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, undisputed.**

188.    As of the effective date of September 1, 2022, there is no standardized, written firearm safety training course because the NYSP and the DCJS did not fulfill their statutory responsibilities. ECF-1, ¶159(g).

**RESPONSE:** **Plaintiffs' citation to the operative complaint is not evidence that can be considered by the Court in support of a summary judgment motion. See Capricorn Mgmt. Sys., Inc., 2024 WL 1242616, at \*8; see also P.C.R. v. Fla. Union Free Sch. Dist., 2022 WL 337072, at \*21 (citing Henek, LLC, 449 F. Supp. 3d at 38 n.2).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 23, Exhibit F. The plaintiffs mischaracterize the legislative requirement.  Additionally, licensing determinations are not within the authority of the Superintendent, except for applications submitted by retired members of the NYSP.**

189.    The NYSP Superintendent and the DCJS Commissioner should be enjoined from

performing regulatory actions and from enforcing the provisions of NY Exe §235(1) with

§837(23)(a) and §400.00(19) (standardized written curriculum approved by the DCJS and the

Superintendent of State Police); §400.00(19) (written test); NY Pen §400.00(19) (DCJS

pathway to become a duly-authorized instructor).

**RESPONSE:** **Defendants object, given that Plaintiffs have failed to cite to the record in support of this assertion in compliance with N.D.N.Y. L.R. 56.1(a). Defendants object to the extent this assertion refers to provisions Plaintiffs seek to enjoin as a conclusory statement and pure conclusion of law, which do not belong in a Rule 56.1 statement and should, respectfully, be ignored. Ramsay-Nobles, 2019 WL 4383187, at \*2 (citing Siddiqi, 572 F. Supp. 2d at 368).**

**Notwithstanding and without waiving such objections, disputed. See Deyo Decl., ¶ 8. Plaintiffs are not entitled to the relief alleged for the reasons stated in Defendants' accompanying Memorandum of Law.**

Dated:      March 20, 2025

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
300 S. State Street, Ste. 300
Syracuse, New York 13202

By: _s/Aimee Cowan_____
Aimee Cowan, Esq.
Assistant Attorney General
Bar Roll No. 516178
Telephone:     (315) 448-4800
Fax:  (315) 448-4853
Email: aimee.cowan@ag.ny.gov