UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nadine Gazzola, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for Zero Tolerance Manufacturing, Inc., et al.;<br><br>*Plaintiffs*,<br><br>-against-<br><br>KATHLEEN HOCHUL, in her official capacity as Governor of the State of New York; STEVEN A. NIGRELLI, in his Official Capacity as the Acting Superintendent of the New York State Police; ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and LETITIA JAMES, in her official capacity as Attorney General of the State of New York.<br><br>*Defendants*. | **ATTORNEY DECLARATION**<br>1:22-cv-1134<br>(BKS/DJS) |

Aimee Cowan, pursuant to § 1746 of Title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1. I am an Assistant Attorney General for the State of New York and appear in this action on behalf of KATHLEEN HOCHUL, in her official capacity as Governor of the State of New York; STEVEN G. JAMES, in his Official Capacity as the Superintendent of the New York State Police; ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police; and LETITIA JAMES, in her official capacity as Attorney General of the State of New York ("Defendants"), in this action.

2. I make this Declaration in opposition to Plaintiffs' cross-motion for partial summary judgment.

3. Due to the procedural posture of this pre-discovery motion for summary judgment, I write pursuant to Federal Rule of Civil Procedure 56(d) to explain why, depending on the Court's

1

analysis, it may be necessary to "defer considering the motion or deny it."

4. Briefly summarized, in addition to opposing Defendants' motion for judgment on the pleadings, Plaintiffs request (over three pages at the back of their sixty-page brief) that the Court grant them pre-discovery summary judgment "in the form of a permanent injunction against a list of statutory provisions, containing direction the NYSP and/or the DCJS publish regulations or otherwise perform regulatory functions." ECF No. 125 at 64-67. As more fully discussed in Defendants' accompanying Memorandum of Law, the Court need not reach the summary judgment motion because the Plaintiffs have not stated a claim for which relief can be granted—each of Plaintiffs' causes of action fail at the pleading stage.

5. But even if the Court were to reach the merits of Plaintiffs' cross-motion for partial summary judgment, it should be denied for the four reasons set forth in the accompanying memorandum of law: Plaintiffs did not plead the claim or seek the relief that is the subject of their summary judgment motion; the *Pennhurst* doctrine bars Plaintiffs' summary judgment motion; Plaintiffs have not shown an absence of disputed material fact or their entitlement to summary judgment; and Plaintiffs have failed to satisfy the requirements of a permanent injunction.

6. This Declaration is submitted to supplement Defendants' contention that the pre-discovery posture of Plaintiffs' summary judgment motion renders the relief they are seeking premature. It is well-established that "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023)); *see generally Weilburg v. Koss*, No. 22 Civ. 435, 2023 WL 197462, at *1-2 (N.D.N.Y. Jan. 17, 2023) (Sannes, J.) (collecting cases).

7. Here, Plaintiffs bring this motion prior to completing discovery. Their summary

judgment motion is predicated on a host of factual allegations regarding their own actions, beliefs, intentions, and financial situations, generally asserted based only on citations to their own affidavits. *See, e.g.,* ECF No. 122-11 ¶¶ 63, 91, 106-08, 135-38, 140-42, 175-85. Defendants are entitled to discovery to test the veracity of these claimed facts.

8. For example, Plaintiffs contend that in 2024, the New York State Police performed "periodic inspections" at dealers' business premises with differently-formatted "checklists." ECF No. 122-11 at ¶ 63. Plaintiffs further allege that they "stopped purchasing ammunition because they do not want to undergo an ammunition background check as being unconstitutional under the Second and Fourteenth Amendments at *Bruen*." *Id*. ¶ 91. Plaintiffs contend that they suffered economic losses in the sale of ammunition (*id*. ¶ 106), they experienced increased costs in their business operations as a result of being compelled to create manual records of ammunition transactions (*id*. ¶ 107), they did not sell semiautomatic rifles to individuals required to have a semiautomatic rifle license (*id*. ¶ 135), they are not purchasing semiautomatic rifles because they are unsure about whether the county amendment or endorsement to the concealed carry permit is acceptable (*id*. ¶ 138), their gross sales of semiautomatic riles was negatively impacted and expenses associated with sales of semiautomatic rifles increased (*id*. ¶¶ 140-141). Plaintiffs further make several allegations regarding their purported confusion regarding whether concealed carry permits issued on or after September 1, 2022, are valid (*id*. ¶ 175) and lament their perceived/alleged inability to teach firearms courses since September 1, 2022 (*id*. ¶¶ 177-185).

9. Defendants should be entitled to submit document demands relevant to these assertions to corroborate (or disprove) Plaintiffs' version of events and "beliefs," serve interrogatories to determine how Plaintiffs intend to apply their purported facts to the governing law, and conduct depositions to memorialize Plaintiffs' testimony under oath.

10. Plaintiffs have certainly not demonstrated that this matter qualifies as one of the "rare cases" where summary judgment may be granted against a party who has not been afforded the opportunity to conduct discovery. To the contrary, even if this case survives the current motion for judgment on the pleadings, the Defendants are entitled, at a minimum, to test the veracity of Plaintiffs' claimed facts.

Dated: March 20, 2025  _s/Aimee Cowan_____
      Syracuse, New York  Aimee Cowan, Esq.
                                                  Assistant Attorney General